THIS DOCUMENT IS <u>NOT</u> IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _CJWL 54_
(Rule Number/Section)

FILED ✓   LODGED ___
RECEIVED ___   COPY ___

NOV 07 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _HH_   DEPUTY

1

*UNITED STATES,*

2

*DISTRICT COURT FOR PHOENIX DISTRICT,*

3

4   *WENDELL DWAYNE O'NEAL,*
    *5575 SIMMONS STREET, STE. 1 211,*

5   *LAS VEGAS, NEVADA 89031,*

6                                          *JURY TRIAL DEMANDED,*
    *PLAINTIFF[1],*

7

8          *Vs.*                          CV-16-3888-PHX-GMS

9   *UNITED STATES OF AMERICA INC,*
    *U.S. DEPARTMENT OF EDUCATION,*
10  *U.S. SECRETARY ARNE DUNCAN,*

11  *SERENA AMOS,*
    *FOUR HUNDRED MARYLAND AVENUE,*
12  *(SOUTHWEST) WASHINGTON, D.C. 20202;*
13  *FEDLOAN SERVICING CENTER,*
    *P.O. BOX 69184, HARRISBURG PA. 69184;*
14  *ATTORNEY LYNNE C. ADAMS,*
15  *ATTORNEY CHRISTINA C. RUBALCAVA,*
    *ATTORNEY WARREN STAPLETON,*
16  *OSBORN MALEDON PA,*
17  *2929 N. CENTRAL AVENUE, SUITE 2100,*
18  *PHOENIX ARIZONA 85012;*
    *MARC BOOKER, FIRST NAMED FRANCIS,*
19  *MANAGER SEAN DUNN, LYNNETTE HAUCK,*
20   *APOLLO ED. GROUP INC,*
    *UNIVERSITY OF PHOENIX INC,*
21  *3157 E. ELMWOOD STREET, CF-A101,*
22  *PHOENIX, AZ 85040,*

23

24  *DEFENDANTS,*
    *JOINTLY & INDIVIDUALLY,*

25

26  ─────────────────────

27

28  [1] *In Re, Wendell Dwayne O'Neal, 2:15-BK-18636-EPB; O'Neal v Stafford Loans , 2:15-AP-00062-EPB, (D.Ariz).*

1

*CONSPIRACY TO BREACH ENROLLMENT AGREEMENT BY FALSIFYING PELL ELIGIBILITY TO CERTIFY OVERPAYMENTS FOR COLLECTION THROUGH FEDLOAN, U.S. BANKRUPTCY COURT AND DEROGATORY LATE PAYMENT REPORTS AFFECTING THREE CREDIT BUREAUS CONTRARY TO TITLE 42 USC § 1985(3); TITLE 42 USC § 1981, TITLE 15 USC § 1681 AND ARIZONA TORT LAWS,*

**NOW COMES,** *Plaintiff* and complains *Defendants* agreed to *Breach Enrollment Agreement* by certifying *Stafford Loan Overpayments* to finance a *Bachelor's Degree Program* at *Axia Online College* for *Fedloan Collection* resulting in financial detriment. In furtherance, *Defendants* supra agreed to *Collect Estate* proceeds for an invalid *Stafford Loan Overpayment* contrary to *Chapter 7 Discharge Stipulation.* In furtherance, *Defendants Fedloan reported* invalid late payments regarding *Apollo and University supra* invalid *Stafford Loan Debt* against *Civil Rights to Contract* as more fully set forth below for *Order* granting *Relief* hereinafter sought.

## *I. JURISDICTION,*

1. *Title 42 USC § 1985(3); Title 42 USC § 1983; Title 42 USC § 1981; Title 15 USC § 1681.*

## II. VENUE,

2. *Plaintiff* is an Arizona resident at all times relevant.

3. Transaction originated in *Phoenix Arizona* resulting in *Fedloan* reporting inaccurate Stafford loan indebtedness, including, derogatory late repayment information through *TransUnion, Equifax and Experian*[2]. Id.

4. *United States Defendant* established Offices in Washington D.C. where *U.S. Secretary Arne Duncan* is employed *and uses Fedloan supra* to collect Outstanding Stafford loan debts at all times relevant.

5. *Apollo and University Corporate Offices* are in Phoenix Arizona where *Individual Defendants Academic Administrator Booker* and *Counselor Francis* are employed. Defendants agreed to increase *Stafford* loan eligibility from *$10,500.00* to *$12,500.00* through documents contrary to *U.S. Department of Education Regulations* concerning *Overpayments.*

---

[2] *34 CFR 33.1 et seq. (Program Fraud). Plaintiff submitted Program Fraud to U.S. Department of Education Defendants for Answer by Apollo Defendants relative to herein FRCA Complaint.*

3

6. *Apollo supra Employees Dunn* and *Hauck* agreed to assist towards obtaining said *Overpayments* by processing and submitting information to *U.S. Fedloan* contrary to *Master Promissory Note (MPN)* terms.

7. *Osborn Maledon P.A. Law Firm* established Office in Phoenix Arizona and employed *Attorney Lynne C. Adams, Christina C. Rubalcava* and *Warren Stapleton* at all times relevant.

## RES JUDICATA AFFIRMATIVE DEFENSE RESPONSE,

8. *Plaintiff* preserved *Federal Conspiracy Claim* litigation against *Apollo* and *University of Phoenix Inc.* by *Notice* provided *Maricopa Superior Court* on or about 09/11/2014[3].

9. *United States Defendants* were not *Parties* to *Superior Court Consumer Fraud Litigation.* Superior Court had no authority to *Discharge* Stafford loans sought before U.S. Bankruptcy Court[4].

_____

[3] *USCA Am. 14, 5, 1; O'Neal v Deilman et al, 2:14-cv-01080-SRB, (D.Ariz), (Order granting Voluntary Dismissal of Consumer Fraud); O'Neal v Deilman et al, CV-2014-091086, (Notice of Pending Federal Conspiracy Claims before District Court of Phoenix).*
[4] O'Neal v Stafford Loans et al, (doc. 63), (Doc. 62), 2:15-AP-00062-EPB, (U.S. Bankruptcy Court Phoenix); O'Neal V Deilman et al, (1 *CA-CV-15-0306), Superior Court Docket CV-2014-091086, (Maricopa County).*

10. *Apollo* and *University* supra opposed Federal Judge Ballinger deciding *Stafford Loan Program Fraud and Misrepresentation* of *Process Service Acceptance Claims* and *Stipulated* to *Discharge* rather than explaining what happened to *Superior Court Summons* sought by *Subpoena* before Federal Judge G. Murray Snow on 11/13/2014[5]. Id.

11. *Apollo* and University supra presented invalid *Res Judicata Defense* against *Stafford Loan Discharge* where record evidenced *Summons Concealment* admissibility under *Federal Court Rules*[6].

12. *FCRA Claim* against *Defendants* accrued when *Fedloan began reporting derogatory* _____ *late repayments involving Stafford loan originated by Apollo and University as Overpayment leading to Repayment failure according to Stipulation for Discharge by U.S. Bankruptcy Court*[7].

_____

[5] *O'Neal v University of Phoenix Inc. et al, CV-16-16766, (9th Cir), D.C. No. 2:14-cv-02207-GMS, (Doc. 55), (D0c. 54), (Doc. 51-50), (Doc. 46), (Doc. 32); 16 ARS. Rules 45(f).*
[6] Id*See attached Superior Court Summons and Maricopa Deputy Sheriff Return in support. Fed. R. Civ. Proc. Rules 56(c); 16 ARS. Rules 60(c)(3)(4)(5); 16 ARS Rules 45(f); O'Neal v Deilman et al, (1 CA-CV-15-0306).*
[7] *Fn. 4.*

**COUNT ONE,**
**CONSPIRACY TO BREACH ENROLLMENT AGREEMENT BY**
**FALSIFYING PELL ELIGIBILITY TO CERTIFY OVERPAYMENTS FOR**
**COLLECTION THROUGH FEDLOAN, U.S. BANKRUPTCY COURT AND**
**DEROGATORY LATE PAYMENT REPORTS AFFECTING THREE**
**CREDIT BUREAUS CONTRARY TO TITLE 42 USC § 1985(3); TITLE 42**
**USC § 1981, TITLE 15 USC § 1681 AND ARIZONA TORT LAWS,**

**PLAINTIFF CLASS,**

13. *Plaintiff* is *African-American* who receives *Social Security Disability Benefits* known to *Defendants* at all times relevant.

A. *Plaintiff* Incorporated *Thirteenth Dimension LLC, Crisis Management Enterprises* in Alabama under *Entity ID No. 415556* on 01/31/2008. *Plaintiff* utilizes *Professional Services* from said business towards litigation against *Apollo* and *University of Phoenix Inc.* since *Withdrawal* from *Axia Online College.*

14. *Plaintiff* hereby incorporates all factual allegations set forth against *Apollo and University of Phoenix Inc.* in District Court Phoenix *Fourth Amended Complaint* and *Supplemental Credit Dispute and Program Fraud Complaints* submitted to *United States of America Inc.* for

*Administrative Discharge of Stafford Loans* regarding herein *FCRA and FDCA Claims*[8].

15. *United States* through *Secretary Duncan* entered into agreement with *Apollo* and *University of Phoenix Inc.* to certify *Stafford* loans as finance for funding *Post-Secondary Education Programs* at all time relevant. *Federal Regulations* prohibited *Apollo* and *University of Phoenix Inc. Misrepresenting Pell* eligibility for *Stafford* loan funding during 2013 summer semester enrollment period at all times relevant.

16. *Apollo* supra assigned *Jessica Vinning* as *Academic Advisor* for *Plaintiff* but permitted *Defendant Francis* to draft and submit an *Application to Import Calhoun Academic Credits* to increase Stafford loan eligibility from $10,500.00 to $12,500.00 contrary to *Federal Regulations* constituting *Document Fraud*.

---

[8] *See attached Supplemental Credit Dispute and Program Fraud Complaint Data submitted to U.S. Dept. of Education through Office of Inspector General and USPS Tracking No. 9505510049676296041636 in support.*

A. *Francis* supra communicated with *Apollo Employees Deilman or Hauck* who communicated with *Dunn* and all agreed to process paperwork for *Marc Booker* to approve towards obtaining payment for an unaffordable *Bachelor's Degree at Axia Online College* between May and June 2013[9].

17. *Apollo and University supra Unknown Financial Aid Employees* certified *Stafford* loans without *Pell* eligibility for attendance at *Axia Online College* amiss eligibility requirements[10]. *Plaintiff* had insufficient *Pell* grant and *Stafford* loan eligibilities to earn or afford a *Bachelor's Degree* at *Axia Online College* at all times relevant to *Enrollment*.

18. *Apollo supra* issued a *False Financial Aid Award* letter indicating *Pell* grant eligibility to attend *Axia supra* contrary to fact on or about 07/11/2013[11]. *Plaintiff* relied upon *Apollo* supra *False Financial Aid Award Letter* to detriment of forced *Withdrawal*, *Poor Academic Progress* and *Chapter 7* for *Inability to Benefit from Bachelor Degree Programming*.

---

[9] *See attached Apollo and University of Phoenix Inc. Office of Admissions Letter dated 06/12/2013 in support.*
[10] *See attached Apollo and University of Phoenix Financial Aid Award Letter dated 07/11/2013 in support.*
[11] *See attached Apollo Defendants Financial Aid Award Letter dated on or about 07/11/2013 in support.*

19. *Federal Regulations* required *Apollo Defendants* ascertain *Pell* eligibility before certifying *Stafford loans* as payment for *Axia* supra attendance at all times relevant.

20. *U.S. Dept. of Education National Student Loan Database (NSLD)* provided means for *Apollo Defendants* to ascertain *Pell* eligibility prior to issuing said *False Financial Aid Award* letter supra.

21. *Apollo Employees* certified a $5,500 *Pell* grant and $12,500.00 in *Stafford* loans over maximum annual loan limits for *2013 Summer Semester* after *Calhoun* certified a $5,500.00 *Pell* grant and *$6,800.00* in *Stafford* loans based upon *NSLD* information and belief[12].

A. *Apollo Defendants* supra imported *Calhoun* supra *RLS 101 Real Estate Principles (LD) (3.0 credits)* under both *Interdisciplinary* and *Electives* for an additional 3 academic credits to qualify $12,500.00 *Stafford* loan *Overpayment* without *Pell* eligibility supra according to SPAR information[13].

_____

[12] See attached False Financial Aid Award Letter and  Apollo Defendants Student Program Audit Report (SPAR) dated 09/24/2013 at 4:19 am in support.
[13] Fn. 2. See attached Apollo Defendants SPAR Exhibit in support.

9

22. There was over a $20,000.00 shortfall of *Stafford* loan eligibility to afford a *Bachelor's Degree* after enrollment into *Axia Online College* prior to enrollment according to *Apollo supra Financial Aid Advisor Lynnette Hauck* email at 04:14 pm on 08/23/2013[14].

23. *Apollo supra* forced multiple *Leaves of Absence* and *Withdrawal* from *Axia supra* incident to certifying *Overpayments* that denied opportunity to earn or afford a *Bachelor Degree at Axia supra* as related in *Paragraph 22.*

24. *Apollo supra* returned approximately $7,500.00 in *Unsubsidized Stafford* loans to *U.S. Department of Education* after forcing *Withdrawal supra. Apollo supra* proximately caused a *Third Party States Recovery System Inc.* and *Fedloan* to report or commence collection procedures for an invalid   $6,207.00 *Stafford* loan debt (*Overpayment*) against *Plaintiff* beginning 0n 07/23/2013.

_____

[14] *See attached Apollo Financial Aid Advisor Defendant Lynnette Hauck Email at 04:14 pm on 08/23/2013 in support.*

10

25. *Apollo supra* invoiced *United States* $2,052.00 through *Fedloan.* Additionally, *Apollo* supra invoiced *Plaintiff* $4,155.00 for Online *Criminal Justice Class* taken at *Axia Online College.*

26. *Plaintiff* commenced several *State* and *Federal Court* civil proceedings, including *Chapter 7,* incident to forced *Withdrawal* from *Axia* supra[15].

27. *U.S. Defendant Serena Amos* reviewed an abundance of information evidencing *Apollo* and *University of Phoenix* certified *$12,500.00* in *Stafford* loans after Calhoun Community College certified $6,800.00 including Full $5,500.00 Pell grant but determined Respondent did nothing wrong before closing *Program Fraud Administrative Complaint* despite *NSLD and False Financial Aid Award Letter* Records evidencing *Misrepresentation and Overpayment Claims*[16].

_____

[15] *O'Neal v Stafford Loans et al, 2:15-AP-00062-EPB, (U.S. Bankruptcy Court Phoenix); O'Neal v University of Phoenix inc. et al, 2:14-cv-02207-GMS, (D. Ariz); O'Neal v Deilman et al, 2:14-0180-SRB, (D.Ariz); O'Neal v Deilman et al, (1 CA-15-0306), Superior Court No. CV-2014-091086).*
[16] *See attached United States Dept. of Education Employee Amos Email at 01:07 pm on 08/05/2014 in support. O'Neal v Apollo and University of Phoenix Inc, (Agency No. 14-13873).*

11

A. *Plaintiff* relies upon attached *Reconsideration Exhibits*, including *Amos* admission of unfamiliarity with *Federal Regulations* defining *Overpayment* and *Program Fraud* to support *Failure to Properly Train and Supervise Count* against *U.S. Secretary Duncan* below.

28. *U.S.* employs *Amos* as *investigator* for *Financial Aid* or *Program Fraud Complaints* within *Apollo* and *University of Phoenix Inc.* District or Region. *Amos* communicated with *Apollo* supra *Employees* by email copy after denying *False Certification* claims against *Plaintiff*.

29. *Apollo* removed *Plaintiff Consumer Fraud Complaint* from *Maricopa Superior Court* to District Court of Phoenix Inc. by *Misrepresenting Diversity of Jurisdiction*[17].

30. *Superior Court* had issued *Subpoena* directing *Apollo Statutory Agent* to produce *Summons Service Records* before *Remand*. Id[18]. *Apollo* supra appeared before Federal Judge Snow without producing *Summons Service Records* on 11/13/2014. Id[19]. (Doc. 32).

---

[17] *O'Neal v University of Phoenix Inc, 2:14-cv-02207-GMS, (Doc. 46), (Doc. 1).*
[18] *Title 28 USC § 1441 et seq; 16 ARS. § 45(a). See attached Summons and Maricopa Deputy Sheriff Return in support.*
[19] *16 ARS. § 45(f).*

A. *Apollo* later appeared before Superior Court without *Summons Service Records* sought by *Subpoena* after *Remand*. Id.

31. *Apollo* supra *Misrepresented Acceptance* of *Process Service* and valid orders extending time for *Responses* to dismiss *Consumer Fraud* with *Prejudice* before Superior Court despite *Remand* Order indicating no *Diversity of Jurisdiction* existed upon *Removal*[20]. Id. (Doc. 50-51).

32. *Apollo supra* unlawfully obtained *Order* dismissing *Consumer Fraud* by disobeying *Subpoena* for production of *Summons Service Records* and *Misrepresenting* valid District Court of Phoenix *Orders Extending Time for Responses* at all times relevant[21].

33. *Apollo supra* published a *False Debt Validation Letter* containing *Overpayment* certification history against *Plaintiff* since 2009 as basis to invoice $4,155.00[22]. *Plaintiff* commenced an *Adversary* proceeding before U.S. Bankruptcy Court[23].

---

[20] *O'Neal v University of Phoenix Inc. et al, CV-16-16766, (9th Cir), (Motion for Order Directing District Court to Modify Remand to indicate Apollo Defendants concealed Summons Service Records on 11/13/2014. Id.*
[21] *Title 28 USC § 1441 et seq; Fed. R. Civ. Proc. Rules 81(C); 16 ARS § Rules 60(c)(5)(4)(3); 16 ARS § 45(f); O'Neal v Deilman et al, (1 CA-15-0306).*
[22] *See attached Apollo and University debt Validation Letter in support.*
[23] *O'Neal v Stafford Loans et al, 2:15-AP-00062-EPB.*

34.   *Fedloan* reported *Apollo* and *University* supra inaccurate $2,052.00 *Stafford* loan debt against *Plaintiff* to Credit Bureaus approximately 36 times since 07/23/2013[24].

A. *Plaintiff* charges *36 Counts* of inaccurate *Credit Reporting* and *Debt supra Collection* practices against *Defendants*[25].

35.   *Fedloan* supra submitted *U.S. Government Claim for Stafford Loan Repayment* to U.S. Bankruptcy Court of Phoenix during *Plaintiff* *Chapter 7* proceedings[26]. *Fedloan* supra placed *Apollo* supra $2,052.00 *Stafford* loans into *Forbearance* during Chapter 7 proceedings[27].

36.   *Osborn Maledon PA Attorney Christina Rubalcava* issued *Debt Validation Letter* evidencing *Apollo* and *University* past practices of advancing *Pell* grant and *Stafford* loan funds with expectancy of collecting through *U.S. Government Fedloan*[28].

———————————

[24] *See attached Fedloan Forbearance Exhibit, PP. 1-7 dated 11/15/2014 in support.*
[25] *Title 42 USC § 1985(3); Title 42 USC § 1981 et seq; Title 15 USC § 1681 et seq.*
[26] *In re Wendell Dwayne O'Neal, (Claims 2) 2:14-BK-18636-EPB, (U.S. Bankruptcy Court Phoenix).*
[27] Fn. 19.
[28] *See attached Osborn Maledon PA Debt Validation Letter drafted by Attorney Adams on behalf of Apollo Defendants in support.*

14

37. *Osborn Maledon PA Defendants* knew or should have known *Apollo* and *University* supra certified *Overpayments* supra to finance an *unaffordable Bachelor Degree at Axia supra* based upon information *Plaintiff* provided[29]. Instead, *Attorney Rubalcava and Adams* agreed with *Clients Apollo and University Employees* to pursue *Overpayment Collection* through *Fedloan* and from *Plaintiff* contrary to *Federal Regulations* according to *Fedloan* immediate *Forbearance* after reviewing U.S. Bankruptcy Court records.

38. *Osborn Maledon PA Attorney Adams Motioned Bankruptcy Court to dismiss Stafford loan discharge Complaint with Prejudice* and find vexatious litigation based upon Superior Court Order dismissing *Consumer Fraud supra. (Res Judicata)[30]*.

39. *Osborn Maledon PA supra Stipulated to Discharge Stafford* loans associated with *Plaintiff* attendance at *Axia supra* before *Federal Judge Eddward P. Ballinger* on 08/11/2015[31]. Id.

---

[29] *Fn. 2.*
[30] *O'Neal v Stafford Loans et al, Id.*
[31] Id. (Doc. 63), (Doc. 62), (Doc. 18 at Top of PP. 6).

40. Judge Ballinger Ordered *Stafford* loans owed *Apollo Defendants* discharged by *Stipulation of Parties*. Id. *Osborn Maledon PA Attorney Stapleton* told Judge Ballinger *United States* supra missed deadline to pursue collection of *Stafford* loans contrary to fact[32]. *Fedloan* supra submitted a timely *Claim* on 06/06/2015 according to record[33] *(Claim 2)*. Afterwards, *Apollo and University* supra failed to pay *Fedloan* $2,052.00 for *Overpayment Stipulated for Discharge under Chapter 7*. *Fedloan* issued an invoice indicating *Plaintiff* liability for *Apollo* and *University* supra *Stafford Loan* $2,052.00 *Overpayment* supra[34].

41. Apollo supra *Defendants* proximately caused U.S. Trustee Jill Ford payment to *Fedloan* supra from *Estate* proceeds for said *invalid Stafford loan Overpayment* originated by *Apollo Defendants* supra despite *Chapter 7 Stipulation for Discharge*[35]. Id.

---

[32] *O'Neal v Stafford Loans et al, Id. (Doc. 62)*
[33] *In Re Wendell Dwayne O'Neal, 2:14-BK-18636-EPB, (Claim 2).*
[34] *See attached Fedloan letter dated 01/08/2015 in support.*
[35] *See In Re Wendell Dwayne O'Neal, 2:14-BK-18636-EPB, (Doc. 140 at PP. 4. EXHIBIT 7 U. S. Department of N/A Education2 7100-000 34,404.79 34,404.79 365.07 in support.*

16

42. *Fedloan* continued inaccurately reporting said $2,052.00 supra to *TransUnion*, *Equifax* and *Experian* as valid *Stafford* loan indebtedness contrary to *Apollo Defendants Stipulation* for *Discharge* under *Chapter 7*[36].

43. *Fedloan* inaccurately reported delinquent payments regarding said $2,052.00 *Stafford* loan originated by *Apollo* to *Plaintiff* financial detriment resulting in multiple denied credit applications.

44. *Fedloan* inappropriately and inaccurately reported *Apollo* and *University of Phoenix Inc Stafford Loan Overpayments* for collection purposes contrary to *Master Promissory Note* authority regarding *Overpayments* where *Plaintiff* had insufficient financial aid eligibility to earn or afford a *Bachelor's Degree at Axia Online College*[37].

45. *Apollo and University of Phoenix Inc.* caused *Stafford Loan Default* incident to certifying said *Overpayments supra* without *Student Ability to Benefit* from *Bachelor Degree Programming* at *Axia supra* as reasoning for *Discharge* based upon said *U.S. Bankruptcy Court Order*

---

[36] *O'Neal v Stafford Loans et al, Id. (Doc. 63), (Doc. 62).*
[37] *See Petitioner attached NSLD Record in support. Title 34 USC § 668.139(c)(d).*

*Dismissing Claims* without *Prejudice* for *Lack of Jurisdiction* to decide affirmative *Misrepresentation* [38].

46. *Defendants False Certification* of *Stafford* loans *(Program Fraud)* and inaccurate *Credit Reporting* and *Debt Collection* practices caused multiple *Creditors* to lose payment of *Estate* proceeds and denied *Personal Loans* or *Services* through *Credit Bureaus*.

**COUNT TWO,**
**FRAUDULENT AND NEGLIGENT MISREPRESENTATION**
**UNITED STATES SUPRA, SECRETARY DUNCAN, FEDLOAN,**
**APOLLO AND UNIVERSITY OF PHOENIX INC CONTRARY**
**TO ARIZONA TORT LAWS AND FEDERAL STATUTES,**

47. *Plaintiff* hereby incorporates *Count I* and furthers *Defendants Fraudulently Misrepresented Pell* grant eligibility and valid *Stafford* loan indebtedness to *TransUnion, Equifax and Experian* for *Debt Collection* purposes contrary to *FCRA* and *FDCA* since 07/23/2013.

---

[38] *Id.*

18

48. *Plaintiff* had no *Pell* eligibility when *Apollo* and *University Of Phoenix Inc.* certified *Stafford* loans as payment for a *Bachelor's Degree* at *Axia supra*. Additionally, there was insufficient *Stafford* loan eligibility to earn or afford a *Bachelor Degree at Axia* upon enrollment.

49. *Plaintiff* relied upon *Apollo* and *University of Phoenix Inc. False Financial Aid Award Letter* indicating *Pell* eligibility coupled with *Hauck, Dunn, Francis* and *Deilman* representations he would receive such funding to attend *Axia supra* to detriment of forced *Withdrawal, Poor Academic Progress* and *Chapter 7* at all times relevant. *Fedloan supra* relied upon *Apollo and University False Financial Award Letter supra* information to *Plaintiff* detriment of multiple derogatory late *Stafford* loan repayment reports to extent of *Delinquency*[39].

50. *Fedloan* immediately replaced *Stafford Loans* in *Forbearance* after receiving *Notice Apollo* and *University of Phoenix Inc. Stipulated* to *Discharge Stafford* loans associated with attendance at *Axia supra*[40].

---

[39] *See attached Fedloan Invoice with STOP in big letters dated 07/22/2016.*
[40] *See attached Fedloan Invoice dated 10/25/2016.*

19

51. *TransUnion supra* immediately reported all *Stafford* loans as *Discharged* after receiving *Credit Dispute* against *Fedloan supra* Additionally, *TransUnion* recorded a *Fraud Alert* against *Fedloan*, *Apollo* and *University of Phoenix Inc*.

### COUNT THREE,
### GROSS NEGLIGENCE, RECKLESS AND WANTON DISREGARD FOR PLAINTIFF RIGHTS UNDER CREDIT LAWS AGAINST UNITED STATES FEDLOAN, APOLLO AND UNIVERSITY OF PHOENIX INC UNDER ARIZONA AND FEDERAL TORT LAWS,

52. *Plaintiff* incorporates *Counts I-II* and furthers *Defendants* maliciously agreed and proximately caused *Credit Bureaus* to report inaccurate and derogatory credit against him for over 3 years beginning on 07/23/2013 and extending to 11/01/2016. In furtherance, *Defendants* obtained *Estate* proceeds through *Fraud* before U.S. Bankruptcy Court incident to certifying *Overpayments* to finance an unaffordable *Bachelor's Degree* at *Axia supra*. *Plaintiff* suffered monetary losses and personal injury in form of mental and emotional distress, humiliation, aggravation and embarrassment throughout forced *Withdrawal* and *Chapter 7* proceedings.

20

***A. FAILURE TO PROPERLY TRAIN AND SUPERVISE EMPLOYEES AGAINST UNITED STATES AND U.S. ARNE DUNCAN REGARDING PROGRAM FRAUD COMPLAINT PRESENTED TO EMPLOYEE SERENA AMOS, APOLLO AND UNIVERSITY AND OSBORN MALEDON PA AS TO ADAMS, STAPLETON AND RUBALCAVA,***

53. *Plaintiff* incorporates foregoing and below *Paragraphs* to charge *United States Defendants Failed to Properly Train and Supervise Serena Amos* to extent she could not determine *Apollo and University* certified *Overpayments* beyond *Stafford* loan and *Pell* grant annual and aggregate limits based upon reliable *NSLD* information *inter alia*. *Amos* supra stated she was not familiar with *Federal Regulations* or *Law* enough to discern *Apollo and University supra* certified *Overpayments* supra according to email information closing *Complaint*[41]. *Apollo and University* apparently *Failed to Properly Train and Supervise Academic Advisors* who falsified admissibility of credits to qualify for *$12,500.00 Stafford loan* funding without *Pell* eligibility causing *Financial Aid Staff* to process documents submitted to *Fedloan* amiss *Master Promissory Note* provisions resulting in an immediate shortfall of funding against *Ability to Benefit (Earn or afford a Bachelor's Degree at Axia)*.

---

[41] *See attached Plaintiff Reconsideration Pleading Exhibits supporting Failure to Properly Train Amos in support.*

54. *Osborn Maledon PA* apparently failed to *Properly Train and Supervise Attorney Adams, Rubalcava and Stapleton* regarding *Federal Regulations* and to extent of failure to ensure Apollo and University paid *Fedloan $2,052.00* after *Stipulation to Discharge Stafford loan before U.S. Bankruptcy Court giving rise to FCRA Complaint*. Additionally, Osborn supra apparently failed to properly train *Adams and Rubalcava regarding Valid Acceptance of Process Service, Diversity of Jurisdiction*, and not to conceal *Summons Service* records sought by Subpoena to obtain *Judgments by Fraud*.

55. *Corporate Defendants* breached *Duty of Reasonable Care* owed *Plaintiff* against *Employee Acts or Omissions* causing Injury and giving rise to herein *FCRA Complaint*.

1
2
3

### COUNT FOUR,
### UNJUST ENRICHMENT AGAINST DEFENDANTS
### UNDER ARIZONA STATE TORT LAWS,

4        56.   *Plaintiff* incorporates *Count Three supra* and complains

5
6  *Defendants* unjustly received *Estate* supra proceeds incident to certifying

7  said *Overpayment* as valid indebtedness supra[42].

8
9        57. *Defendants* agreed to certify *Overpayments* supra and caused

10  *Plaintiff* forced *Withdrawal* from *Axia supra; Poor Academic Progree;*

11
12  *Stafford Loan Default, Chapter 7* and Adverse Credit Reporting coupled

13  with *Denied Credit Applications* for invidious retaliatory racial, political, and

14
15  financial motives contrary to civil rights to contract for *Post-Secondary*

16  *Education* like similarly situated *Persons*[43].

17
18        58. *Apollo and University of Phoenix Inc.* communicated through

19  *Counsel* willing to settle claims by waiving costs for attendance at *Axia*

20
21  supra through promise *Plaintiff* would never attend anyone one of its

22  *Colleges* during *Federal Court* litigation[44].

23

24  _____

25

26  [42] *There were Unclaimed Estate proceeds remaining after U.S. Trustee disbursed to Defendants. In Re O'Neal, Id.*
[43] *O'Neal v Angela Atkins et al, 2:10-cv-02351, (D.Ariz). See Apollo and University Debt Validation Letter delivered by Osborn Maledon PA in support.*

27  [44] *O'Neal v Deilman et al, Id. 2:14-cv-01080-SRB, (D.Ariz). See Apollo Email through Counsel to Plaintiff in support.*

28                                    23

**COUNT FIVE,**
**INTENTIONAL INFLICTION OF MENTAL**
**ANGUISH AND EMOTIONAL DISTRESS AGAINST DEFENDANTS,**

59. *Plaintiff* incorporates *Count Four supra* and furthers *Apollo* and *University Certification of Overpayments supra* was bizarre and outrageous when on *Probation* for *Mis-Management of Title IV Funding* and beyond *New Offense* of publishing *False Financial Aid Award Letter* to induce *Enrollment* for an Unaffordable Bachelor's Degree at Axia *supra* causing Injury of forced *Withdrawal, Poor Academic Progress, Chapter 7, Loss of Estate Proceeds by Fraud and Adverse Credit Reporting by Co-Defendants United States, U.S. Secretary Arne Duncan and Fedloan*.

60. *Plaintiff* is entitled to *Punitive Damages Award* requested on all *Intentional Tort Counts* in view of Injuries suffered proximately caused by *Defendants Jointly* and *Individually* coupled with *Apollo and University supra* initial *Settlement Offer to Ban Student from all Colleges* after *Bankruptcy Court Stipulation* for *Discharge* supra[45].

_____

[45] *See attached Defendants Osborn Maledon PA Email containing Client Apollo and University supra Settlement Offer Banning Plaintiff from all Cooleges dated Fri, Jul 18, 2014 at 4:47 pm and Plaintiff Response Email at 05:04 pm on 07/18/2014 in support.*

61. *Apollo and University supra Misrepresented Res Judicata before U.S. Bankruptcy Court to Dismiss Stafford loan discharge claims after Concealing Summons records before Federal Judge Snow and Superior Court Judge David Talamante to continue Misrepresenting Acceptance of Process supra and Valid Orders Extending Time for Responses to Dismiss Consumer Fraud with Prejudice.* O'Neal v Stafford Loans, Id

62. *Apollo supra and Defendants Stipulated to Discharge Stafford* loans originated as *Overpayments supra* through *Osborn Defendants* after plaguing *Plaintiff* with liability and invoicing *U.S. Government* for *Collection* by *Fedloan supra* despite invalidity of debt according to *Federal Regulations.* Id.

## *REQUESTED RELIEF SOUGHT,*

**WHEREFORE,** *Plaintiff* respectfully demands an Order directing *Defendants Jointly* pay Compensatory and individually remit *Punitive Damages* as follows together with any other *Relief supra* deemed necessary under herein related circumstances[46].

---

[46] Fn. 4, 2. *34 USC § 668.139; Title 15 U.S. Code § 1681s–2 et seq;*

### PUNITIVE DAMAGE AWARD
### FOR CONSPIRACY RELATED INTENTIONAL TORTS,

Plaintiff demands Corporate Defendants pay Punitive Damages for Employees Conspiracy to Deny Rights to Contract and Violate FRCA in amount of $1,000,000.00 respectively and for every qualified Intentional State and Federal Tort Count within herein Complaint. Plaintiff demands Corporate Employees pay $100,000.00 for every qualified Intentional State and Federal Tort Count within herein Complaint where permissible.

### ACTUAL, CONSEQUENTIAL, DAMAGES,

Plaintiff demands Actual and Consequential Monetary Damages Awarded for Tort Claims proven against Defendants together with Attorney Fees and Costs where applicable and subject to change by Amendment permitted under Court Rules.

RESPECTFULLY SUBMITTED,

s/

WENDELL DWAYNE O'NEAL,
PLAINTIFF IN PROPRIA PERSONA,
5575 SIMMONS STREET SUITE 1-211,
LAS VEGAS NEVADA 89031,
TX 256-361-5393,
wendelloneal@gmail.com.

11/2/2016 3:39:43 PM

26



# State of Alabama
# Department of Revenue

(www.revenue.alabama.gov)

Letter Id: L0188815392

50 North Ripley Street
Montgomery, Alabama 36132

## NOTICE OF PRELIMINARY ASSESSMENT

Mailing Address:

Billing ID:  2917546882R



THIRTEENTH DIMENSION LLC
5575 SIMMONS ST STE 1
NORTH LAS VEGAS, NV  89031-9008

0100010

STATE OF ALABAMA
vs.

THIRTEENTH DIMENSION LLC
126 MILL CREEK XING
MADISON, AL 35758-7200

Type of Tax: Business Privilege Tax
Taxpayer Identification #: 415556
Taxable Year/Form Year: 2013
Determination period: 01/01/2012 - 12/31/2012

Account #: BPT-R000776797
Form(s): BPT

Under the provisions of §40-2A-7(b)(1)a, Code of Alabama 1975, the Department of Revenue
has determined the following amount to be due for the liability described above:

| | |
|---|---|
| Tax | $100.00 |
| Interest | $10.98 |
| Late File Penalty | $50.00 |
| Late Payment Penalty | $25.00 |
| Amount Now Due | $185.98 |

If you are not in agreement with this assessment, you may file a written petition for review with the
Department setting out your specific objections to the Preliminary Assessment. The petition must
be filed within thirty days of the mailing or personal service date, whichever occurred earlier. See
the enclosed explanation of your appeal rights.

STATE OF ALABAMA, DEPARTMENT OF REVENUE

Date Entered: September 16, 2016

*Kathleen Abram*

Director, Individual and Corporate Tax Division

# Preliminary Assessment Appeal Rights
## Code of Alabama 1975, 40-2A-4(a)(2)

If you do not agree with this preliminary assessment, the Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act guarantees you certain rights to appeal this assessment. If you intend to appeal this preliminary assessment, you must do so within thirty (30) calendar days from the date of mailing or personal service, whichever occurs earlier.

In order to appeal a preliminary assessment, you must file a written "Petition for Review" with the Department of Revenue. To file a petition for review you must do one of the following:

1. Complete a Petition for Review form (if this form is not enclosed you may download it by logging onto the Departments Web site at www.revenue.alabama.gov/incometax/generaltaxforms.htm select Form IT: FA4, Petition for Review of Preliminary Assessment or you may request one by calling the telephone number shown on the assessment or by visiting one of the Department's taxpayer service centers); or
2. Prepare a statement which contains your name, address, telephone number, type of tax, tax period(s) being appealed, and a brief statement explaining your objection(s) to the assessment.

If you have any supporting documentation which you believe substantiates your objection(s), please attach that information to either the Petition for Review form or to your prepared statement and forward to the address shown on the assessment.

The information you provide will then be processed and reviewed. Based on this review, the Department may adjust the preliminary assessment or schedule a conference between you and the appropriate staff to further discuss your objection(s).

If you request a conference or if the Department deems a conference necessary, you will be notified of a date and time to appear and present your objection(s). Likewise, if the Department adjusts your assessment you will receive written notification of such adjustments.

If you do not file a Petition for Review within the thirty (30) day period, the Department will enter a final assessment. Also, the Department may enter a final assessment if, after a conference or review, it is determined that the assessment should be upheld in whole or in part. If it becomes necessary to enter a final assessment, you will be notified in writing and advised of your appeal rights which apply at that time.

If the Department does not withdraw the preliminary assessment or issue a final assessment within five years from the date of entry, then you may appeal the preliminary assessment to the Alabama Tax Tribunal or the appropriate circuit court as provided by 40-2A-7(b)(5).

**If you do not wish to appeal this preliminary assessment, your payment should be attached and forwarded by mail to the address shown on the assessment.**

ELECTRONIC PAYMENT OPTIONS:
You can make payments online with just your Billing Letter ID and Account Number through My Alabama Taxes (MAT) at <https://myalabamataxes.alabama.gov>.

For more information on how to make free online payments, go to the Departments website at <http://revenue.alabama.gov/eservices/>.

You may make a payment using a Discover/Novus, MasterCard, Visa or American Express card for this liability by calling 1-800-2PAY-TAX or on the Internet at <www.officialpayments.com>(click payment center) You will need to use Alabama Jurisdiction Code 1101. There is a convenience fee for this service.

Important: If you have any questions, please direct them to the telephone number shown on the enclosed voucher.

# PETITION FOR REVIEW OF PRELIMINARY ASSESSMENT

**THIRTEENTH DIMENSION LLC**
126 MILL CREEK XING
MADISON, AL 35758-7200

Type of Tax: Business Privilege Tax
Determination Period: 01/01/2012 -
12/31/2012
Total Amount Assessed $185.98
Account Number BPT-R000776797

Telephone # _____
Taxpayer ID Number 415556



1. Explain below the reason(s) why you disagree with the Preliminary Assessment entered by the Department of Revenue. (Attach additional sheets as necessary.)

_____

_____

_____

2. If you have additional evidence or information which will support your objections to the Preliminary Assessment, please indicate that here, and attach photocopies if possible.
_____ Additional Evidence or Information Attached.

3. Do you wish to schedule a conference during which you may present your position to the Department? (If you mark yes, you will be notified in writing of a date and time for a conference.)
_____ Yes_____ No

I disagree with the Preliminary Assessment issued against me for the reason(s) detailed above and hereby file this Petition for Review, as provided by Section 40-2A-7(b)(4), <u>Code of Alabama 1975</u>.

_____        _____
Signature of Taxpayer or Representative                        Date

_____
Title

_____        _____
Signature of Joint Taxpayer or Representative                Date

*NOTE: If this is an appeal by a corporation, an authorized officer must sign
an appeal by a partnership requires the signature of a partner.*

This form must be completed and mailed or faxed to the address below within thirty days of the mailing or personal service date, whichever occurred earlier.
State of Alabama
Individual and Corporate Tax Division
Business Privilege Tax Section
PO Box 327433
Montgomery, AL 36132-7433
Fax: 334-242-8915

## Reasons and Explanations for Tax, Interest, and Penalties
### (As required by §40-2A-4(a)(3))

**Estimated Return** - According to our records, you have not filed a tax return; therefore we have calculated the tax based upon the most accurate and complete information available per §40-2A-7, Code of Alabama 1975.

**Interest** - You failed to pay your tax liability by the due date. Accrued interest was computed at the legal rate, as required by §40-1-44(a).

**Late Filing Penalty** - You failed to file your tax return by the due date. A penalty was computed at the rate of 10% of any additional tax, or $50, whichever is greater. This penalty is required by §40-2A-11(a).

**Late Payment Penalty** - You failed to pay your tax liability by the due date. For taxes due monthly or quarterly, a penalty was computed at the rate of 10% of the tax due. For other taxes, a penalty was computed on the amount due at the rate of 1% per month, not to exceed 25%. This penalty is required by §40-2A-11(b).

**Taxable Year/Form Year** - Alabama business privilege tax law defines the term "taxable year" as the twelve-month period used by the taxpayer to file income tax returns. The taxpayer/business entity is allowed to do business in Alabama during the business privilege taxable year, upon having paid the Alabama business privilege tax for the year. The business privilege tax is due two and one half months after the beginning of the taxable year. The tax accrues each year as long as the business entity is in legal existence, regardless of the level of its business activity.

**Determination Period** - Alabama business privilege tax law generally defines determination period for a taxpayer as the taxable year that ended immediately prior to the taxpayers current taxable year. Generally, the last day of the determination period is the last day of the taxable year that just ended and coincides with the balance sheet date for the taxable year that just ended. The date shown as the filing period on the payment voucher is the last day of the taxpayers determination period.



The balance shown on this letter will be valid until 15-Oct-2016. If the amount is paid in full prior to this date, no additional interest will be added. If not paid in full prior to this date then additional interest will be added.



---

Please cut off and return with payment

---

**RV-1**

THIRTEENTH DIMENSION LLC

| | | Tax Type: | BPT |
|---|---|---|---|
| ID: | R000776797 | Control: | 2917546882R |

| | | | |
|---|---|---|---|
| Voucher Type: | Billing Payment | | |
| Filing Period: | 12/31/2012 | Amount Due: | $185.98 |

**Mail Payment to:**
Alabama Department of Revenue
Individual and Corporate Tax Division
Business Privilege Tax Section
PO Box 327320
Montgomery, AL 36132-7320
Phone: 334-353-7923
Fax: 334-242-8915





**AMERICA FIRST**
CREDIT UNION

4260704
Date: October 17, 2016
Printed Date: October 24, 2016

WENDELL D ONEAL
5575 SIMMONS ST STE 1-211
NORTH LAS VEGAS, NV 89031

Dear WENDELL D ONEAL,

Thank you for your recent application. Your request for a(n)    Personal Loan    was carefully considered and
we regret that we are unable to approve your application at this time, for the following reasons:

    You have a collection action, judgment, garnishment, attachment, foreclosure, repossession, or bankruptcy
    Your obligations are excessive for your income

The consumer reporting agency contacted that provided information that influenced our decision in whole or in part
was Experian Information Services, 701 Experian Parkway, P.O. Box 2002, Allen Texas 75013-2002, 1-888-397-
3742, http://www.experian.com/reportaccess. The reporting agency played no part in our decision and is unable to
supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to
know the information contained in your credit file at the consumer reporting agency. You also have a right to a free
copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In
addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the
right to dispute the matter with the reporting agency. Any questions regarding such information should be directed to
Experian Information Services. If you have any questions regarding this letter, you should contact us at America First
Credit Union, P.O. Box 9199, Ogden UT 84409, (800) 999-3961.

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision.
Your credit score is a number that reflects the information in your credit report. Your credit score can change,
depending on how the information in your credit report changes.

Your credit score: 510          Date: 10/14/16          Scores range from a low of 300 to a high of 850.
Key factors that adversely affected your credit score:
    SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
    TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
    NUMBER OF ACCOUNTS WITH DELINQUENCY
    LEVEL OF DELINQUENCY ON ACCOUNTS

If you would like to discuss this decision further, you may request an appointment with the Loan Review Committee at
(800 ) 999-3961  . Although we are unable to meet your credit needs on this occasion, hopefully we can be of service
to you in the future. If you have any questions concerning this letter, please call me.

Sincerely,

Ms. Murphy
(702) 968-1263

**THE FEDERAL EQUAL CREDIT OPPORTUNITY ACT PROHIBITS CREDITOR FROM DISCRIMINATING
AGAINST CREDIT APPLICANTS ON THE BASIS OF RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX,
MARITAL STATUS, AGE (PROVIDED THAT THE APPLICANT HAS THE CAPACITY TO ENTER INTO A
BINDING CONTRACT). BECAUSE ALL OR PART OF THE APPLICANT'S INCOME IS DERIVED FROM ANY
PUBLIC ASSISTANCE PROGRAM, OR BECAUSE THE APPLICANT HAS IN GOOD FAITH EXERCISED ANY
RIGHT UNDER THE CONSUMER CREDIT PROTECTION ACT. THE FEDERAL AGENCY WHICH ADMINISTERS
COMPLIANCE WITH THIS LAW CONCERNING THIS CREDIT UNION IS THE NATIONAL CREDIT UNION
ADMINSTRATION, OFFICE OF CONSUMER PROTECTION (OCP), DIVISION OF CONSUMER COMPLIANCE
AND OUTREACH (DCCO), 1775 DUKE STREET, ALEXANDRIA, VA 22314.**

05-15                              *Members come first.*™

Click here to unlock PDFKit.NET


**CreditFirst**
NATIONAL ASSOCIATION

BK-14 / Credit Authorization
PO Box 81083
Cleveland, Ohio  44181-0083
www.CFNA.com

July 5, 2016


000925
WENDELL D. ONEAL
5575 SIMMONS ST
NORTH LAS VEG, NV 89031

                              Re:  APPLICATION # 550169339


Dear Applicant:

Thank you for applying to Credit First National Association (CFNA) for a FIRESTONE COMPLETE AUTO CARE
credit card.  We are unable to open an account for you at this time.

CFNA processed your application using a custom credit scoring system that assigns a numeric value to the various
items of information considered in evaluating an application.  These numeric values are based upon the results of
analyses of repayment histories of large numbers of consumers. The principal reasons for credit denial were:

        Occurrence of non-medical collection account(s) reported in last thirty-six months
        Total available credit on revolving bankcards is limited
        Too few satisfactory revolving accounts
        Account balances are too high in proportion to credit limits

In evaluating your application, the consumer reporting agency listed below provided us with information that in whole
or in part influenced our decision.  The consumer reporting agency played no part in our decision and is unable to
supply specific reasons why we have denied credit to you.  You have a right under the Fair Credit Reporting Act to
know the information contained in your credit file at the consumer reporting agency.  You also have a right to a free
copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In
addition, if you find that any information contained in the report is inaccurate or incomplete, you have the right to
dispute the matter with the reporting agency. The reporting agency and its contact information are:

        Equifax
        5505 Peachtree Dunwoody Rd. NE Suite 600
        P.O. Box 740241
        Atlanta, GA 30374-0241
        Telephone:  (toll-free) 1-800-685-1111
        www.equifax.com



The information we obtained from this consumer reporting agency was used by CFNA in creating a custom credit score
that we used in making our credit decision. This custom credit score is a number that reflects the information in your
consumer report. Your credit score can change, depending on how the information in your consumer report changes.
Your credit score:  612  Date: 07/03/2016
Scores range from a low of 350 to a high of 850.
Key factors that adversely affected your credit score:

        Occurrence of non-medical collection account(s) reported in last thirty-six months
        Total available credit on revolving bankcards is limited
        Too few satisfactory revolving accounts
        Account balances are too high in proportion to credit limits
        Too many credit inquiries in last six months

Credit First National Association

NOTICE: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color,
religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the
applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer
Credit Protection Act.  The federal agency that administers compliance with this law concerning Credit First National Association is The

001-010

**Synchrony Bank, Creditor**
P.O. BOX 965025
ORLANDO, FL 32896-5025

25774
UPGR

WENDELL D ONEAL
5575 SIMMONS ST APT 1
N LAS VEGAS NV 89031

WL/05

ılı.||.|||...|.||||.|.||||.||||...|...||||.||.|.|..|.|.|.|.

07/07/2016

Synchrony Bank has received your request for credit for a credit program with WALMART.  Regretfully, your request cannot be approved at this time. The boxes checked indicate the following:

[ ]   The request was judgmentally reviewed and denied for the following reason(s):

[X]   Our decision was based in part on a credit scoring system that was used to evaluate your application.  The reason(s) where you did not score well compared with other applicants have been determined and are listed below:

   BANKRUPTCY PROCEEDING, CREDIT COUNSELING OR CREDITOR SETTLEMENT

If more than one agency is disclosed below and if box above is completed, the reason(s) shown in that box are based on the report provided by the first listed agency.

[X]   Some information used to make this decision was obtained from the credit reporting agency (agencies) listed below. This credit-reporting agency (agencies) did not make this credit decision and is unable to provide you with the specific reason(s) for our action. If you want a copy of your credit report, or if you think that there is an error in your credit report, please contact the consumer reporting agency.

   EXPERIAN
   701 EXPERIAN PARKWAY, PO BOX 2002
   ALLEN,     TX  75013
   888-397-3742

[ ]   Information from an outside source other than a consumer reporting agency was relied on in whole or in part in reaching our decision.

Sincerely,
CREDIT MANAGER
Synchrony Bank
P.O. BOX 965025
ORLANDO, FL 32896-5025

*Please see reverse side for more information*

<u>ALL PERSONS TO WHOM THIS LETTER IS ADDRESSED</u>

Please direct any inquiries concerning this notice to the creditor whose name and address is located in the upper left hand corner of the reverse side.

Requests for a copy of your credit report should be sent to the credit reporting agency listed on the reverse side. If no agency is listed, a credit report was not utilized in making this decision.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

Creditor: Synchrony Bank. The federal agency that administers compliance with this law concerning this creditor is the *Consumer Financial Protection Bureau, 1700 G Street NW., Washington, DC 20006.*

Creditor: Retail Finance Credit Services, LLC. The federal agencies that administer compliance with this law concerning this creditor are the *Consumer Financial Protection Bureau, 1700 G Street NW., Washington, DC 20006* and the *Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.*

Under the federal Fair Credit Reporting Act, if a consumer reporting agency or agencies is identified in this letter, you have the right (i) to obtain, within 60 days from your receipt of this letter, a free copy of a consumer report on you from the identified agency or agencies and (ii) to dispute the accuracy or completeness of any information on you in a consumer report furnished by the consumer reporting agency or agencies.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

O1AA5966
R03282014


Wells Fargo Bank, N.A.
Personal Lines and Loans
P.O. Box 98934
Las Vegas, NV 89193-8934

June 24, 2016

WENDELL D ONEAL
5575 SIMMONS ST 1-211
NORTH LAS VEGAS, NV 89031-9009

Subject: Decision about your credit application
Application #: 20161684400487

Dear WENDELL D ONEAL:

Thank you for your recent application for a Wells Fargo Personal Loan. After carefully reviewing your application and credit information, we are not able to approve your request for credit at this time.

**About your application**

We are unable to offer you credit for these reasons related to your credit history or other factors:

- Bankruptcy on credit report
- Not enough income or assets at Wells Fargo (If there's not enough qualifying income, we look at your Wells Fargo accounts as an additional factor)
- Percent of credit accounts with late payments or negative record (We look for a history of on-time payments)
- Percent of amount owed on all open accounts is too high

**About our credit decision and your consumer report**

Our decision about your application was based in whole or in part on information in a consumer report (often called a credit report) from the consumer reporting agency below. This agency was not involved in our decision and cannot provide specific reasons why we are not able to offer you credit at this time.

**Notice:** See the following pages for important information

PCM AA Letter, CDP.V12 (05/2016)                                      1/3
                                        Documents Processed 06-24-2016 10:09:01
                                                        05/01/000/0/0/0/0/0

NA-6340-0516



026149



Wells Fargo Bank, N.A.
Personal Lines and Loans
P.O. Box 98934
Las Vegas, NV 89193-8934

June 25, 2016

WENDELL D ONEAL
5575 SIMMONS ST 1-211
NORTH LAS VEGAS, NV 89031-9009

Subject: Decision about your credit application
Application #: 20161697900445

Dear WENDELL D ONEAL:

Thank you for your recent application for a Wells Fargo Personal Loan. After carefully reviewing your application and credit information, we are not able to approve your request for credit at this time.

**About your application**

We are unable to offer you credit for these reasons related to your credit history or other factors:

- Bankruptcy on credit report
- Not enough income or assets at Wells Fargo (If there's not enough qualifying income, we look at your Wells Fargo accounts as an additional factor)
- Percent of credit accounts with late payments or negative record (We look for a history of on-time payments)
- Percent of amount owed on all open accounts is too high

**About our credit decision and your consumer report**

Our decision about your application was based in whole or in part on information in a consumer report (often called a credit report) from the consumer reporting agency below. This agency was not involved in our decision and cannot provide specific reasons why we are not able to offer you credit at this time.

**Notice:** See the following pages for important information

PCM AA Letter, CDP.V12 (05/2016)

1/3
Documents Processed 06-25-2016 15:35:18
05/01/000/0/0/0/0/0

NA-6340-0516



However, we want to make sure you're aware of your right under the Fair Credit Reporting Act to know the information in your credit file, and to receive a free copy of your consumer report from the agency if you request it within 60 days after you receive this notice. If you find that any information in the report is inaccurate or incomplete, you have the right to dispute it with the reporting agency. To obtain a free copy of your report, please contact:

Experian
701 Experian Parkway
P.O. Box 2002
Allen, TX 75013
1-888-EXPERIAN (1-888-397-3742)
www.experian.com/reportaccess

## Other sources used in evaluating your application

We may have made our decision about your credit application based in whole or in part on information from a Wells Fargo affiliate or a third party other than a consumer reporting agency. Examples of third party information may include reports and resources to value collateral, review collateral history, and verify your income and identity. Under the Fair Credit Reporting Act, you have the right to learn the nature of this information by making a written request within 60 days after you receive this notice. Please write to us at:

Wells Fargo Bank, N.A.
Personal Lines and Loans
P.O. Box 98934
Las Vegas, NV 89193-8934

## Tools to help you build strong credit

Building a strong credit history can make it easier to achieve your financial goals. For helpful tools and tips, please visit us online at wellsfargo.com/financial-education.

As you continue to build your credit, we hope you'll talk with us again in the future about your credit needs and options available through Wells Fargo.

If you have other information you believe should have been considered in our decision, please contact a personal banker. Or you can write to us at the return address above.

Thank you.


Personal Lines and Loans



An attempt was made to obtain your credit score information from the agency or agencies listed above. However, your credit score is not available because (a) the agency may not have enough information about your credit to calculate a score; or (b) based on the information you provided during the application process, we are unable to obtain your consumer report.

---

NOTICE: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derived from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The federal agency that administers compliance with this law concerning Wells Fargo is:

Bureau of Consumer Financial Protection
1700 G Street NW
Washington, D.C. 20006



**State Farm**

STATE FARM PAYMENT PLAN
PO Box 44110
Jacksonville FL 32231-4110

97   1147-5101-24   03
1182-FB43

AT1

000097  0007

O'NEAL, WENDELL
5575 SIMMONS ST APT 1-211
N LAS VEGAS NV 89031-9009

ST-1
0101-1000

**CANCELLATION NOTICE**   NON-PAYMENT OF PREMIUM

| ACCOUNT NUMBER | 1147-5101-24 |
|---|---|
| Monthly Account | |

| NOTICE SENT | DUE BEFORE | AMOUNT DUE |
|---|---|---|
| APR 28, 2016 | MAY 13, 2016 | $219.24 |

THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.

> We noticed one or more of your payments has been late.
> Please pay this notice timely to avoid a lapse in coverage.
> As always, you can contact your agent with questions or to
> discuss additional billing and payment options at State Farm.

## POLICY CANCELLATION INFORMATION

State Farm Fire and Casualty Company

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| O'NEAL, WENDELL | 223 5730-C22-03B | 2013 DODGE | MAY 13, 2016 | $475.49 |

State Farm Fire and Casualty Company

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| O'NEAL, WENDELL | 03-B0-H838-7 | HOMEOWNERS | MAY 16, 2016 | $113.50 |

We have not received the payments required to keep these policies in force.  In accordance with the cancellation provisions,
your policies identified in this notice are hereby canceled effective 12:01 A.M. standard time on the cancellation date specified
due to non-payment of the premium.

We welcome the opportunity to provide your future insurance protection.  Should you wish to reinstate these policies, please
forward your payment immediately.  Payment prior to the date and time of cancellation will reinstate your policies.  If paid
after that date and time, you will be informed whether your policies have been reinstated and if so, the exact date and time of
reinstatement.  There is no coverage between the date and  time of cancellation and the date and time of reinstatement.

ACCOUNTHOLDER COPY
## SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Agent    Courtny Tyler          84 5338 2969          Account #   1147-5101-24

Prepared Date APR 27 2016

ateFarm

IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT.

| | |
|---|---|
| **NAME** | O'NEAL, WENDELL |
| **ACCOUNT NUMBER** | 1147-5101-24 Monthly Account |

**PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM.**

| DUE BEFORE | AMOUNT DUE |
|---|---|
| MAY 13, 2016 | $219.24 |

Please disregard this notice if payment has been made. Payment required to continue your insurance has not been received. Please pay the full amount due. **THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.**

2409605121
Insurance Support Center
P.O. Box 680001
Dallas, TX 75368-0001

(o1a081a(d)1a0818c) (o1b081ae)

r office use only 00102 1182-FB43 03 ACCOUNTHOLDER COPY
Prepared APR 27 2016

| SFPP Cancel | $219.24 | 0512 |
|---|---|---|

100613300021924 10011475101241132 4>

## FOR AUTOMOBILE INSURANCE POLICIES

If you do not agree with our action you have a right to object, within 10 days after receipt of this notice, to the Director of Insurance of the State of Arizona.

We must inform the Arizona Motor Vehicle Division of this auto insurance policy termination in order to comply with Arizona law.

You are urged to obtain other insurance to prevent any lapse in coverage. Failure to obtain other insurance could result in suspension of your motor vehicle registration.

A new insurance card should be filed with the Motor Vehicle Division within 30 days after termination of this insurance coverage to prevent suspension of your vehicle registration.

If you do not agree with our action you have a right to object, within 10 days after receipt of this notice, to the Director of Insurance of the State of Arizona.

We must inform the Arizona Motor Vehicle Division of this auto insurance policy termination in order to comply with Arizona law.

You are urged to obtain other insurance to prevent any lapse in coverage. Failure to obtain other insurance could result in suspension of your motor vehicle registration.

A new insurance card should be filed with the Motor Vehicle Division within 30 days after termination of this insurance coverage to prevent suspension of your vehicle registration.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

107633.1  05-18-2011  (o1a081cl)                              *For Office Use Only*

o1y2014a

*IN THE UNITED STATES,*
*U.S. BANKRUPTVY COURT OF PHOENIX ARIZONA,*

*ADV. NO. 15-AP-00062-EPB;*
*2:14-BK-18636-EPB,*

*WENDELL DWAYNE O'NEAL,*

*PLAINTIFF,*

*Vs.*

*STAFFORD LOANS,*
*APOLLO ED. GFROUP INC,*
*UNIVERSITY OF PHOENIX INC. ET AL,*

*DEFENDANTS,*

*MOTION TO REOPEN ADVERSARY COMPLAINT*
*FOR RECOVERY OF ESTATE FUNDS OBTAINED FOR*
*DEFENDANTS THROUGH FEDLOAN BY FRAUD,*

**NOW COMES** *Plaintiff, In Propria Persona,* and *Motions for Case Reopening to Recover Estate Funds Defendants* obtained through *Fedloan Claim for U.S. Trustee Payment of Stafford Loan Overpayment Discharged* under *Chapter 7* on 08/11/2015 based upon *Grounds* set forth below for an *Order Granting Relief* hereinafter sought[1].

*I.*     *GROUNDS,*

*A. Fedloan presented a Stafford loan Overpayment originated by Apollo and University of Phoenix Inc contrary to Federal Regulations;*

---

[1] *USCA 14, 5, 1; FRBP. Rules 7001 et seq; FRBP. Rules 9018; FRBP. Rules 9013; FRBP. Rules 5010; FRBP, Rules 3009; FRBP. Rules et seq;*

1

**B.    *Apollo* and *University of Phoenix* Stipulated to Discharge of *Stafford Loan* on 08/11/2015 prior to payment by U.S. Trustee**

**II.    *Factual Support,***

*Plaintiff* had no *Pell* eligibility and insufficient *Stafford* loan eligibility when *Apollo* and *University* originated *Federal Financial Aid* contrary to *Master Promissory Note* and *Federal Regulations* resulting in *Overpayment* according to *Federal Regulations*[2]. An *Overpayment* occurs whenever a Student's Aid Package exceeds needs according to *U.S. Dept. of Education Regulations*. Id. *Defendants* certified *Stafford* loans without *Pell* eligibility for attendance at *Axia Online College* for an unaffordable *Bachelor's Degree* constituting *Overpayment* supra according to *NSLD* records. *Defendants Apollo* and *University* published a *False Financial Award Letter Misrepresenting Pell Eligibility* also communicated to *U.S. Department of Education* for disbursement of *Stafford* loans discharged by this Court on 08/11/2015[3].

_____

[2] *See attached Apollo and University of Phoenix Financial Aid Advisor Lynette Hauck Email indicating Financial Aid Shortfall over $20,000.00 in support. Title IV. Debts 34 CFR. 668.35(e) & (g); 34 CFR. 682.604(h); 34 CFR. 685.303(e); 34 CFR. 668.139;*
[3] *See attached Apollo and University of Phoenix Inc. False Financial Aid Award Letter Misrepresenting Pell eligibility for Direct Stafford Loan disbursement dated 07/11/2014 in support.*

2

*Fedloan* presented *Stafford Loan Claim* including an invalid *Debt* originated by *Apollo* and *University* supra before *Trustee Ford* who paid without knowledge of *Fraud*[4]. *U.S. Department of Education Regulations* required *Repayment* of Stafford loan Overpayment by Apollo and University of Phoenix Inc[5]. *Debtor* was ineligible for *Stafford* loans without *Pell* eligibility during enrollment into *University of Phoenix Inc. Axia Online College*. *Apollo* and *University* supra *Stipulated* to *Discharge* said *Stafford* loan under *Chapter 7* but failed to contact *Fedloan* for withdrawal from Claim before *Trustee Ford* paid with *Estate* proceeds constituting *Fraud* upon this honorable *Court*.

### REQUESTED RELIEF SOUGHT,

**WHEREFORE,** *Plaintiff* respectfully motions for *Reopening Case to Recover Estate Proceeds* obtained by *Apollo* and *University of Phoenix Inc.* through *Fraud* for every reason stated within *Grounds A* and *B* together with finding *Defendants* in *Contempt* for *Fraud* against *Estate* for*Costs* and any other *Relief* deemed necessary under herein related circumstances.

_____

[4] In Re Wendell Dwayne O'Neal, Id. *See Claim 2 in support.* (Doc. 140). *Title 11 USC § 501 et seq.*
[5] *34 CFR 668.139, 34 CFR. 668.61.*

3

1

2

3

**SERVICE,**

*Plaintiff* provided *Defendants Notice* through regular mail service to

4

Attorney Michael Catlett at Quarles & Brady LLP, Renaissance One, Two

5

North Central Avenue, Phoenix Arizona 85004-2391 as required under court

6

7

Rules[6].

8

**RESPECTFULLY SUBMITTED,**

9

s/

10

**WENDELL DWAYNE O'NEAL,**
**PLAINTIFF IN PROPRIA PERSONA,**

11

**5575 SIMMONS STREET SUITE 1-211,**
**LAS VEGAS NEVADA 89031,**

12

**TX 256-361-5393,**

13

wendelloneal@gmail.com.

14

**11/3/2016 10:19:15 AM**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

───────────────

[6] *Osborn Maledon PA Attorney may be called to testify regarding herein Motion supra.*

4

Case 2:16-cv-03888-GMS Document 1 Filed 11/07/16 Page 47 of 81

 Gmail

Wendell D. O'Neal <wendelloneal@gmail.com>

---

**Direct Evidence supporting Apollo and University of Phoenix Inc Overpayment to finance an unaffordable Bachelor Degree at Axia Online. See attached Apollo Financial Aid Advisor Lynnette Hauck Email regarding Tuition Costs for University of Phoenix Bachelor's Degree Program, Direct Loan Limits and Exhausted Funds, and Transfer to Campus Relative to IX in CRJ/214.**

2 messages

---

**Wendell D. O'Neal** <wendelloneal@gmail.com>
To: accountinfo@myfedloan.org, Wendell O'Neal <wendelloneal@gmail.com>, Wendell O'Neal <spirit.999@live.com>

Thu, Oct 27, 2016 at 12:20 PM

Good Afternoon,

Apollo and University of Phoenix Inc Overpayment Admission according to Financial Aid Advisor Lynnette Hauck at 04:14 pm on 08/23/2013 for your records and consideration of removing all derogatory Stafford loan delinquency information associated with attendance at Axia Online College. O'Neal v Stafford Loans et al, (Doc. 63), (Doc. 62), 2:15-00062-EPB, (U.S. Bankruptcy Court Phoenix).

Student O'Neal respectfully request U S. Department of Education and Fedloan discharge all Stafford loans indebtedness because Apollo and University of Phoenix Inc prevented ability to benefit for repayment as forewarned by U.S. Secretary Arne Duncan and President Barack Obama.

Respectfully,
Wendell.

---------- Forwarded message ----------
From: "Lynnette Hauck" <Lynnette.Hauck@phoenix.edu>
Date: Aug 23, 2013 4:14 PM
Subject: RE: Tuition Costs for University of Phoenix Bachelor's Degree Program, Direct Loan Limits and Exhausted Funds, and Transfer to Campus Relative to IX in CRJ/214.
To: "Wendell O'Neal" <wendelloneal@gmail.com>
Cc: "Jessica Vining" <Jessica.Vining@phoenix.edu>, "Sean Dunn (Mgr I Student Finl Svcs)" <Sean.Dunn@apollogrp.edu>

Hi Wendell,

I want to clarify first of all the statement "you stated the Bachelors requires 120 credits and costs $40,873.58" is false. The Bachelor degree is a total of 120 credits. The figure you stated $40,873.58 is the cost of the remaining 22 courses in your degree program

You have 54 credits completed out of 120. This leaves us with 66 credits or 22 courses (each course scheduled is 3 credits)

Each course at the CURRENT tuition rate is $1857.89

The cost for the REMAINING 22 courses taken ONLINE are estimated at $40,873.58

Our records indicate that your total combined Subsidized and Unsubsidized Loan amounts already borrowed (including your current aid year) is $37390

The total Aggregate limit for an Undergraduate is $57,500

This leaves you with an ESTIMATED remaining amount of $20,110 for your undergraduate degree

Continuing Online you will have an ESTIMATED shortfall of $20,762.58

You will need to get a total cost from the Phoenix campus Advisor as I will not advise as to what the total cost is for that campus.

I do not see a course listed CRJ/214 but any course that you need to retake at the CURRENT course fee would be an additional $1857.89 in addition to my figures above

Thank you,

**Lynnette Hauck, B.Ed.**
Finance Advisor

**University of Phoenix**

Online Campus 875 West Elliott Road, Tempe, AZ 85284

Mail Stop: AA-L208

**Phone** 602-387-8026 **Fax** 602-735-8598
lynnette.hauck@phoenix.edu

Case 2:16-cv-03888-GMS   Document 1   Filed 11/07/16   Page 49 of 81

**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Friday, August 23, 2013 1:17 PM
**To:** Lynnette Hauck
**Cc:** Jessica Vining
**Subject:** Re: Tuition Costs for University of Phoenix Bachelor's Degree Program, Direct Loan Limits and Exhausted Funds, and Transfer to Campus Relative to IX in CRJ/214.

Lynnette,

Below, you stated the Bachelors requires 120 credits and costs $40,873.58. Please inform what the degree will cost me with 54 credits already accepted by the University including the 12/13 funding indicated in the 07/11/2013 award letter if I attend classes in Las Vegas or at the Arizona area campuses based on the below figures:

"Phoenix campus $440.00 per credit for lower division courses and $455.00 for upper division. Las Vegas Campus $440.00 per credit for lower and $470.00 for upper" (Milton Corbin). Also include in your financial aid assessment the cost of retaking CRJ/214.

Additionally, please inform how the University will recalculate the 12/13 and 13/14 financial aid once I attend campus classes. Meanwhile, thanking you in advance.

Respectfully,

Wendell.

On Tue, Aug 20, 2013 at 6:08 PM, Wendell O'Neal <wendelloneal@gmail.com> wrote:

Lynnette,

Thank you for assisting me towards determining the costs of the *University's* Bachelor Degree Program at $40,873.58, including that the *Direct Loan* limit for an undergraduate is $57,500.00. I've further understood that $37,390.00

Case 2:16-cv-03888-GMS    Document 1    Filed 11/07/16    Page 50 of 81

in *Direct Loan* funding has already been exhausted that only leaves $20,110.00 to complete the Criminal Justice Course. Additionally, I understood that I currently have only 54 credits and the *University* requires 120 credits to earn the degree.

In-light of the above, we both agree that there is not enough credits or *Direct Loan* funding to complete the Bachelor's Degree program and the only hope would be for me to transfer to a ground campus and pray the cost difference would provide the necessary funding.

Inasmuch, I'm forwarding this email to my academic counselors Jessica Vinning and Milton Corbin as well as current instructor Kim Reison for acknowledgments and any recommendations, suggestions or comments they may have regarding the matter.

On Mon, Aug 19, 2013 at 11:55 PM, Wendell O'Neal <wendelloneal@gmail.com> wrote:

---------- Forwarded message ----------
From: "Lynnette Hauck" <Lynnette.Hauck@phoenix.edu>
Date: Jul 23, 2013 2:27 PM
Subject: RE: Request for Specific Instructions to Complete 2013-2014 Financial Aid Verification, Including Necessity for any Clarifications if Required.
To: "wendelloneal@gmail.com" <wendelloneal@gmail.com>
Cc:

Hi Wendell,

Please let me know if there is anything you need clarification on, I have been advised as to your conversation with Nicole. I also understand that we are waiting for a status update on your disbursement.

Thank you

**Lynnette Hauck, B.Ed.**
Finance Advisor

**University of Phoenix**
Online Campus 3157 E Elwood St., Phoenix, AZ 85034

Mail Stop: AA-L208
**Phone** 602-387-8026 **Fax** 602-735-8598
lynnette.hauck@phoenix.edu

Case 2:16-cv-03888-GMS Document 1 Filed 11/07/16 Page 51 of 81

**From:** wendelloneal@gmail.com [mailto:wendelloneal@gmail.com]
**Sent:** Tuesday, July 23, 2013 8:42 AM
**To:** Lynnette Hauck
**Cc:** 999stxda@email.phoenix.edu
**Subject:** Re: Request for Specific Instructions to Complete 2013-2014 Financial Aid Verification, Including Necessity for any Clarifications if Required.

Thx, what I'm referencing is whether any clarifications are needed?

Additionally, did the school receive the 2013-2013 Stafford disbursements today as noted yesterday?

Thx,

Wendell.

Sent from my HTC EVO 4G LTE exclusively from Sprint

----- Reply message -----
From: "Lynnette Hauck" <Lynnette.Hauck@phoenix.edu>
To: "Wendell O'Neal" <wendelloneal@gmail.com>
Cc: "Sean Dunn (Student Financial Services Mgr)" <Sean.Dunn@apollogrp.edu>
Subject: Request for Specific Instructions to Complete 2013-2014 Financial Aid Verification, Including Necessity for any Clarifications if Required.
Date: Tue, Jul 23, 2013 8:25 AM

Hello Wendell,

If I understand your email correctly, you are asking what is required for the 2013/2014 Verification process.

At this time I can see that you will need to complete the 2013/2014 Verification Worksheet which lists you under the non-tax filer section.

We did not complete the 2013/2014 Verification process because when you began your Aid Year you were in the **2012/2013** Aid Year and we were not aware that you had actually been awarded the maximum Pell Grant amount at another school.

Case 2:16-cv-03888-GMS   Document 1   Filed 11/07/16   Page 52 of 81

# If anything else is needed I will let you know as soon as possible.

Thank you,

**Lynnette Hauck, B.Ed.**
Finance Advisor

**University of Phoenix**
Online Campus 3157 E Elwood St., Phoenix, AZ 85034

Mail Stop: AA-L208
**Phone** 602-387-8026 **Fax** 602-735-8598
lynnette.hauck@phoenix.edu

---

**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Monday, July 22, 2013 4:18 PM
**To:** Lynnette Hauck
**Cc:** Sean Dunn (Student Financial Services Mgr)
**Subject:** Request for Specific Instructions to Complete 2013-2014 Financial Aid Verification, Including Necessity for any Clarifications if Required.

Lynn,

Thank you for the below 2013-2014 Student Financial Aid Verification form for completion. Earlier this morning, "Nicole Robinson", Phoenix F.A, answered your line and informed that my Pell grant was canceled due to having received the full amount during the 2012-2013 school year, and that there is no date scheduled to receive a Pell grant for the 2013-2014 school year because "financial aid verification has not been completed contrary to my understandings from "Sean" at or about 10:09 am on 07/19/2013.

Otherwise, I further understood from "Nicole" supra that my 07/20/2013 and 07/21/2013 Stafford loan financial aid disbursement dates "mysteriously changed" to 07/23/2013 i.e. for an "unknown reason". "Nicole" promised to

Case 2:16-cv-03888-GMS  Document 1  Filed 11/07/16  Page 53 of 81

create a "ticket" inquiry to the "help desk" which you delivered by email earlier.

Please specifically identify the 2013-2014 financial aid verification information needed by the University to complete the process once and for all since "Bryce Dupree" did not request the data during April 2013 contrary to my earlier understandings but did in fact process the 2012-2013 financial aid verification information.

If any of the above information is incorrect, please inform within your requested response. Lastly, why did we not complete the 2012-2014 financial aid verification during the time we collectively processed the 2012-2014 verification information?

Respectfully,

Wendell Dwayne O'Neal.

---------- Forwarded message ----------
From: **UOPHX Financial Aid Office** <FinancialAid@phoenix.edu>
Date: Mon, Jul 22, 2013 at 1:09 PM
Subject: WENDELL D O'NEAL /Online
To: "wendelloneal@gmail.com" <wendelloneal@gmail.com>

Hello Wendell,

**Please be sure to include your IRN on all Emails and Documents you are submitting.**

Your campus has requested we send you the following document(s):

- 2013/2014 Verification Worksheet/Independent (attached)

Please list all members of your household you support 50% or more in your household section B Family information on the worksheet. Once both worksheets are completed, **please print, physically sign and currently date the 2nd page of the worksheets.**

Case 2:16-cv-03888-GMS  Document 1  Filed 11/07/16  Page 54 of 81

Should any alterations be made, please initial any and all alterations.  (Whiteout is not acceptable).

Please log onto **https://faw.phoenix.edu/** and upload the documents or fax to **1-800-808-5123**.

Fax and Upload processing time 24 - 48 business hours and should we need additional documentation or clarification you will be notified.

**Should you have any additional questions or concerns, please follow up with your Financial Aid Advisor for assistance.**

To find your Financial Aid Advisor's contact information, please log into **"eCampus"** website at **ecampus.phoenix.edu/portal/portal/public/login.aspx** and look under **"My University Contacts"**.

Thank you and have a great day!

**Theresa  J**

Student Correspondence Specialist

**Apollo Group**

Student Financial Services - Operations

3100 E Broadway Rd - Phoenix, AZ 85040

Mail Stop Code- CF-H101

Fax: 800.808.5123 |Email: financialaid@phoenix.edu

*Let's get to work*™

phoenix.edu | Twitter | Facebook | LinkedIn | YouTube

This message is private and confidential. If you have received it in error, please notify the sender and remove it from your system.

This message is private and confidential. If you have received it in error, please notify the sender and remove it from your system.

Case 2:16-cv-03888-GMS   Document 1   Filed 11/07/16   Page 55 of 81

This message is private and confidential. If you have received it in error, please notify the sender and remove it from your system.

This message is private and confidential. If you have received it in error, please notify the sender and remove it from your system.

**Wendell D. O'Neal** <wendelloneal@gmail.com>                    Thu, Nov 3, 2016 at 12:09 PM
To: Wendell O'Neal <wendelloneal@gmail.com>, Wendell O'Neal <spirit.999@live.com>

[Quoted text hidden]

 



# 9505510049676296041636

Add Name

**Delivered:**
WASHINGTON, DC 20202 on
October 25, 2016 at 8:27 am

**Updated Delivery Day:**
Tuesday, October 25, 2016

## Additional Information

Your item has been delivered to an agent at 8:27 am on October
25, 2016 in WASHINGTON, DC 20202.

Get Text Updates

Get Email Updates

## Tracking History

**October 25, 2016**
**8:27 am**
Delivered, To Agent,
WASHINGTON, DC 20202

1

## U.S. DEPARTMENT OF EDUCATION,

2

WENDELL DWAYNE O'NEAL,
3
5575 SIMMONS STREET, STE. 1 211,
LAS VEGAS, NEVADA 89031,
4

5

PETITIONER[1],

6

Vs.
7

8

UNITED STATES OF AMERICA INC,
U.S. DEPARTMENT OF EDUCATION,
9
U.S. SECRETARY ARNE DUNCAN,
FOUR HUNDRED MARYLAND AVENUE,
10
(SOUTHWEST) WASHINGTON, D.C. 20202;
11
APOLLO ED. GROUP INC,
UNIVERSITY OF PHOENIX INC,
12
4025 S RIVERPOINT PKWY,
13
PHOENIX, AZ 85040,

14

15

RESPONDENTS,
JOINTLY & INDIVIDUALLY,
16

17

### STAFFORD LOAN DISCHARGE PETITION
### FOR INABILITY TO BENEFIT FROM AXIA ONLINE COLLEGE
18
### BACHELOR DEGREE PROGRAMMING AGAINST APOLLO AND
19
### UNIVERSITY OF PHOENIX INC,

20

Wendell Dwayne O'Neal, In Propria Persona, Petitions U.S. Department
21
of Education for Investigation to Discharge of Stafford Loan indebtedness
22
incident to enrollment at Axia Online College for an unaffordable Bachelor's
23
Degree more fully set forth below for Relief Sought[2].
24

25

26

27
[1] In Re, Wendell Dwayne O'Neal, 2:15-BK-18636-EPB; O'Neal v Stafford Loans ,2:15-AP-00062-EPB, (D.Ariz).
[2] Fn. 1; 34 CFR Part 33 – Program Fraud Civil Remedies § 33.1(b)(2) et seq.
28

1

1.    *Fedloan* inappropriately and inaccurately reported *Apollo* and *University of Phoenix Inc Stafford Loan Overpayments* for collection purposes contrary to authority where Petitioner had insufficient financial aid eligibility to earn or afford a *Bachelor's Degree* at *Axia Online College* based upon following information[3].

2. *Petitioner* had no *Pell* eligibility remaining after first semester attending *Axia Online College* and therefore satisfactory academic progress could not earn a *Bachelor's Degree* supra. *Petitioner* was ineligible for *Stafford* loan funding without *Pell* eligibility at enrollment according to *Federal Regulations*[4].

3. *Apollo* and *University falsified Pell Award* and later *Canceled after obtaining Stafford Loans*[5]. Federal regulations required *Respondents Apollo and University* determine *Pell* eligibility before Stafford loan application at all times relevant moving forward.

_____

[3] *See Petitioner attached NSLD Record in support. Title 34 USC § 668.139(c)(d).*
[4] *See U.S. Department of Education NSLD Record for Petitioner Pell grant and Stafford Loan Eligibilities on enrollment date into Axia Online College in support.*
[5] *See attached Apollo and University False Pell Grant Award Letter dated 07/11/2013 in support.*

2

4. *Apollo and University* certified *Stafford* loans for *Summer Semester of 2013 Academic Year* at a *Twenty Plus Thousand Dollar* shortfall to afford a *Bachelor Degree* at enrollment[6]. *Petitioner* had already expended over $5,000.00 in *Stafford* loan eligibility at *Calhoun Community College* not including a full *Pell* grant. *Apollo* and *University* exceeded annual *Stafford* loan limits certifying said *Overpayments* to pay expenses for an unaffordable *Bachelor's Degree* at *Axia supra* contrary to *Federal Regulations*.

5. *Apollo and University* certified *Stafford Loan Overpayments* where *Petitioner* had insufficient eligibility to afford or earn (benefit) a *Bachelor Degree* at *Axia Online College supra* through *Post-Secondary Education* programming[7].

6. *Fedloan* reported a $2,052.17 *Stafford* loan generated by *Apollo* and *University* as valid indebtedness contrary to *Overpayment supra*

---

[6] See *attached Emails received from Apollo Financial Aid Advisors Lynette Hauck, Sean Duncan, and Program Advisor Staff in support.*
[7] *Title 34 CFR 668.22(h), Title 34 CFR 668.32(g)(4), Title 34 CFR 668.35(c)&(e).*

3

description under *Federal Regulations*. *Apollo* and *University* are liable for repayment *Overpayment supra* according to *Federal Regulations*[8].

7. *Petitioner Stafford Loan* indebtedness *Fedloan* reported to *Credit Bureaus* contains *inaccurate* information where including *Apollo and University Overpayments supra* subject to *Discharge* under recent *Order* issued by *Stipulation of Parties* before *U.S. Bankruptcy Court* on 08/11/2016[9].

8. *Apollo and University of Phoenix Inc.* caused entire *Stafford Loan Default* incident to certifying said *Overpayments supra* without *Petitioner Ability to Benefit* from *Bachelor Degree Programming* at *Axia supra* as reasoning for *Discharge* based upon said *U.S. Bankruptcy Court Order Dismissing Claims* without *Prejudice* for *Lack of Jurisdiction* to decide affirmative *Misrepresentation* [10].

---

[8] *34 CFR § 668.139*
[9] *O'Neal v Stafford Loans et al, Id. (Doc. 63), (Doc. 62).*
[10] *Id.*

4

### *REQUESTED RELIEF SOUGHT,*

**WHEREFORE,** *Petitioner* respectfully requests *U.S. Department of Education Investigation supra* towards immediately *Administrative Discharge of Entire Stafford Loan Indebtedness* reported by *Fedloan* to *TransUnion, Equifax* and *Experian* together with any other *Relief supra* deemed necessary under herein related circumstances[11].

**RESPECTFULLY SUBMITTED,**

s/
**WENDELL DWAYNE O'NEAL,**
**PLAINTIFF IN PROPRIA PERSONA,**
**5575 SIMMONS STREET SUITE 1-211,**
**LAS VEGAS NEVADA 89031,**
**TX 256-361-5393,**
wendelloneal@gmail.com.

**10/22/2016 11:56:20 AM**

_____

[11] Fn. 4, 2. *34 USC § 668.139; Title 15 U.S. Code § 1681s–2 et seq;*

5

**TITLE 15 U.S. CODE § 1681s–2**
**PETITION FOR CREDIT BUREAU REMOVAL OF DEROGATORY**
**FEDLOAN STAFFORD REPAYMENT INFORMATION,**

**IN RE, WENDELL DWAYNE O'NEAL,**
**2:15-BK-18636-EPB;**

**O'NEAL v STAFFORD LOANS ET AL,**
**2:15-AP-00062-EPB,**

**SUPPLEMENTAL TRANSUNION, EQUIFAX, AND EXPERIAN**
**PETITION FOR REMOVAL OF ALL ADVERSE FEDLOAN**
**STAFFORD LOAN DELINQUENCY INFORMATION,**

*Fedloan* inappropriately and inaccurately reported *Overpayments* generated by *Originators Apollo* and *University of Phoenix Inc* for wrongful collection because there was insufficient *Pell* grant and *Stafford* loan eligibilities to earn or afford a *Bachelor's Degree* at *Axia Online College* based upon information and belief as follows[1].

1. *Student Consumer O'Neal* had no *Pell* eligibility remaining for academic year when *Apollo* and *University* certified *Direct Stafford Subsidized* and *Unsubsidized* loans as partial payment for an unaffordable *Bachelor Degree at Axia Online College. Apollo and University* falsified *Pell Award Letter* and *Canceled* after obtaining *Stafford Loans. Pell* eligibility would expire after 2014 academic year preventing opportunity to earn or afford said *Bachelor's Degree* supra.

_____

[1] *Title 34 USC § 668.139(c)(d).*

1

2. There was a *Twenty Plus Thousand Dollar* shortfall of *Stafford* eligibility to afford a *Bachelor Degree at Axia Online College* at enrollment Therefore, Consumer Student could not conceivably benefit from *Post-Secondary Education* programming at *Axia Online College* supra[2].

3. *Fedloan* reported approximately $2,052.17 in *Stafford* loans generated by *Apollo* and *University* supra as valid indebtedness contrary to *Overpayment* supra description and liability for repayment by *Originators* *Apollo* and *University of Phoenix Inc*[3].

4. All *Stafford Loan* indebtedness *and delinquency of payments* including *Stafford loan Originated by Apollo and University of Phoenix inc.* contains inaccurate information where actually *Overpayments* supra subject to *Discharge under Federal regulations for Inability to benefit and recent Court Order issued by Stipulation of Parties*[4].

_____

[2] *Title 34 CFR 668.22(h), Title 34 CFR 668.32(g)(4), Title 34 CFR 668.35(c)&(e).*
[3] *Fn. 1.*
[4] *O'Neal v Stafford Loans et al, Id. (Doc. 63), (Doc. 62).*

2

5. *Stafford Loan Originators Apollo and University of Phoenix Inc.* caused *Stafford Loan Defaults* incident to enrollment into *Axia Online College* without *Student Consumer Ability to Benefit* moving forward for *Removal* of all *Derogatory Repayment Reports* pending civil litigation outcome[5].

### REQUESTED RELIEF SOUGHT,

**WHEREFORE,** *Consumer O'Neal* requests *Equifax, Experian,* and *TransUnion* immediately *Remove All Adverse Fedloan Derogatory Stafford Loan Repayment Information*[6]. Additionally, *Consumer O'Neal* requests *Credit Bureaus* report Stafford Loan indebtedness as *Contested* for above reasons stated in view of ongoing *Litigation*.

**RESPECTFULLY SUBMITTED,**
**s/**
**WENDELL DWAYNE O'NEAL,**
**PLAINTIFF IN PROPRIA PERSONA,**
**5575 SIMMONS STREET SUITE 1-211,**
**LAS VEGAS NEVADA 89031,**
**TX 256-361-5393,**
wendelloneal@gmail.com.

**10/20/2016 3:43:43 PM**

_____

[5] *Fn. 4; Fn. 1.*
[6] *Fn. 4, 2. Title 15 U.S. Code § 1681s–2 et seq*

3

### TITLE 15 U.S. CODE § 1681s–2
### PETITION FOR CREDIT BUREAU REMOVAL OF DEROGATORY FEDLOAN STAFFORD REPAYMENT INFORMATION,

### IN RE, WENDELL DWAYNE O'NEAL,
### 2:15-BK-18636-EPB;

### O'NEAL v STAFFORD LOANS ET AL,
### 2:15-AP-00062-EPB,

### TRANSUNION, EQUIFAX, AND EXPERIAN
### PETITION FOR REMOVAL OF ALL ADVERSE FEDLOAN STAFFORD LOAN DELINQUENCY INFORMATION,

Consumer *Wendell Dwayne O'Neal* respectfully requests *TransUnion,* *Equifax, and Experian Notice Fedloan* inaccurately reports *Stafford Loan* *Repayment Delinquency Information* contrary to *Apollo and University of* *Phoenix Inc. Stipulation for Discharge* under *Chapter 7 inter alia*[1].

1. U.S. Bankruptcy Court dismissed *Stafford Discharge* Claims against *Apollo and University* without prejudice for lacking subject matter jurisdiction to decide affirmative false certification (misrepresentation) claims on 08/11/2015. Id.

---

[1] *See attached Order Dismissing Stafford Loan Discharge Claims dated 08/11/2015. O'Neal v Stafford Loans et al, Id. (Doc. 62).*

1

2. *Apollo and University of Phoenix Inc.* generated *Stafford loan Overpayments* and returned proceeds to *U.S. Government* after forcing *Consumer supra* withdrawal from *Axia Online College* for an unaffordable *Bachelor's Degree*[2]. Later, *Apollo and University* supra *Stipulated* to *Discharge* of costs to attend *Axia Online College supra* before U.S. Bankruptcy Court. Id.

3. *Consumer O'Neal* had insufficient *Stafford loan* and *Pell* grant eligibilities to afford a *Bachelor's Degree* from *Axia Online College* upon enrollment into *Axia Online College supra*[3]. *Apollo and University* supra *Overpayments* supra proximately caused immediate *Stafford* loan *Repayment* supra.

4. *Consumer O'Neal* supra disputes *Fedloan* supra report of delinquent *Stafford* loan repayment information due to unaffordable *Bachelor's Degree* at *Axia Online College* contrary to *Federal Regulations.*

5. *Apollo and University* supra *Stipulated* to *Discharge of Stafford loan* indebtedness before Hon. *Federal Judge Eddward P. Ballinger* on 08/11/15/2015. Id.

---

[2] *Title 34 CFR 668.22(h), Title 34 CFR 668.32(g)(4), Title 34 CFR 668.35(c)&(e).*
[3] *O'Neal v Carla Deilman et al, SC. No. CV-16-0193; Arizona Civil Court of Appeals No. (1 CA-15-0306).*

6. *Stafford* loan discharge supra litigation remains pending between *Consumer O'Neal* and *Fedloan* and will commence before a Federal forum after *TransUnion, Equifax and Experian* receives *Fedloan Responses* and opposes *Removal* of *Derogatory Credit Information* contrary to *Federal law*[4].

### *REQUESTED RELIEF SOUGHT,*

**WHEREFORE,** *Consumer O'Neal* requests *Equifax, Experian,* and *TransUnion* immediately *Remove of All Adverse Fedloan Stafford Debt Repayment Information*[5]. Alternatively, *Consumer O'Neal* requests *TransUnion supra* report herein dispute along with alleged Stafford loan indebtedness supra.

**RESPECTFULLY SUBMITTED,**

**WENDELL DWAYNE O'NEAL,**
**PLAINTIFF IN PROPRIA PERSONA,**
**5575 SIMMONS STREET SUITE 1-211,**
**LAS VEGAS NEVADA 89031,**
**TX 256-361-5393,**
**wendelloneal@gmail.com.**

**10/18/2016 1:38:11 PM**

---

[4] *O'Neal v United States of America Inc, U.S. Secretary Arne Duncan, Apollo and University of Phoenix Inc, (D.Ariz); O'Neal v Stafford Loans et al, Id. (Doc. 63), (Doc. 62).*
[5] Fn. 4, 2. *Title 15 U.S. Code § 1681s–2 et seq*

3

**fedloan** SERVICING | U.S. Department of Education
Information about your federal student loan

2560170050370

September 12, 2016

# MONTHLY BILL

**Name:** WENDELL D O NEAL
**Account Number:** 69 2416 5417

| Payment Summary | |
|---|---|
| Last Payment Received | 01/04/2016 |
| Amount Past Due | $2,696.82 |
| Current Payment Due | $385.26 |
| **Total Due by 10/03/2016** | **$3,082.08** |

## YOUR LOAN DETAILS

| Date Disbursed | Loan Program | Original Balance | Current Balance | Outstanding Interest | Interest Rate | Monthly Payment | Past Due | Current Due |
|---|---|---|---|---|---|---|---|---|
| 01/14/2010 | DLSTFD | $3,500.00 | $3,700.08 | $136.43 | 5.600% | $40.94 | $286.58 | $40.94 |
| 09/13/2010 | DLSTFD | $3,500.00 | $3,660.84 | $108.47 | 4.500% | $38.52 | $269.64 | $38.52 |
| 09/09/2011 | DLSTFD | $4,500.00 | $4,656.30 | $104.23 | 3.400% | $46.55 | $325.85 | $46.55 |
| 09/06/2012 | DLSTFD | $4,500.00 | $4,735.67 | $106.01 | 3.400% | $47.35 | $331.45 | $47.35 |
| 07/23/2013 | DLSTFD | $2,052.00 | $2,174.17 | $55.25 | 3.860% | $22.21 | $155.47 | $22.21 |
| 01/24/2014 | DLSTFD | $3,500.00 | $3,708.39 | $94.25 | 3.860% | $37.88 | $265.16 | $37.88 |
| 01/29/2010 | DLUNST | $2,500.00 | $3,498.37 | $156.63 | 6.800% | $40.83 | $285.81 | $40.83 |
| 09/13/2010 | DLUNST | $2,500.00 | $3,384.39 | $151.53 | 6.800% | $39.50 | $276.50 | $39.50 |
| 09/09/2011 | DLUNST | $1,500.00 | $1,924.00 | $86.14 | 6.800% | $22.45 | $157.15 | $22.45 |
| 09/06/2012 | DLUNST | $2,390.00 | $2,890.97 | $129.43 | 6.800% | $33.74 | $236.18 | $33.74 |
| 02/01/2014 | DLUNST | $1,404.00 | $1,496.76 | $38.03 | 3.860% | $15.29 | $107.03 | $15.29 |

Your student loan payment is past due. If you can't afford your payment, visit MyFedLoan.org/TroublePaying.

| Total paid since your last statement | $0.00 |
|---|---|
| Interest Satisfied | $0.00 |
| Principal Satisfied | $0.00 |

| As of today, you've paid on your loans | $365.07 |
|---|---|
| Total Interest Satisfied | $365.07 |
| Total Principal Satisfied | $0.00 |

**Make checks payable to FedLoan Servicing and include your 10 digit account number.**
**Customer Statement**

Account Number: 69 2416 5417
Total Amount Due: $3,082.08
Due Date: 10/03/2016

Amount Enclosed: Do not write dollar sign in boxes below or on check.

$ ☐☐☐☐☐☐☐☐



2016256016924165417100030820800000000000000007

#BWBBCFT
#B344 4105 7609 12L7#
WENDELL D O NEAL
5575 SIMMONS ST
STE 1
NORTH LAS VEGAS NV 89031-9008



DEPARTMENT OF EDUCATION
FEDLOAN SERVICING
PO BOX 530210
ATLANTA GA 30353-0210

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|   |   |   |   |
|---|---|---|---|
| **Debtor:** | WENDELL DWAYNE O'NEAL | | |
| **Case Number:** | 2:14-BK-18636-EPB | **Chapter:** | 7 |
| **Date / Time / Room:** | TUESDAY, AUGUST 11, 2015 11:00 AM   7TH FLOOR #703 | | |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. | | |
| **Courtroom Clerk:** | ANNETTE AGUILAR | | |
| **Reporter / ECR:** | MARGARET KELLY | | |

## *Matters:*

1) DEBTOR'S MOTION FOR WAIVER/REDUCTION OF COURT COSTS AND FEES DUE TO PHOENIX SSA RETALIATORY REGULATIONS VIOLATION
   R / M #:   102 / 0

2) **ADV: 2-15-00062**
   **WENDELL DWAYNE O'NEAL vs STAFFORD LOANS & UNIVERSITY OF PHOENIX INC & APOLLO ED. GROUP INC.**
   MOTION FOR SPEEDY DECLARATORY RULING AGAINST APOLLO, UNIVERSITY AND U.S. SECRETARY ARNE DUNCAN PURSUANT TO TITLE 28 U.S.C § 2201; FED.R. CIV.PROC. RULE 57 FILED BY PLAINTIFF
   R / M #:   45 / 0

3) **ADV: 2-15-00062**
   **WENDELL DWAYNE O'NEAL vs STAFFORD LOANS & UNIVERSITY OF PHOENIX INC & APOLLO ED. GROUP INC.**
   ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
   R / M #:   24 / 0

4) **ADV: 2-15-00062**
   **WENDELL DWAYNE O'NEAL vs STAFFORD LOANS & UNIVERSITY OF PHOENIX INC & APOLLO ED. GROUP INC.**
   PLAINTIFF'S MOTION TO AMEND COMPLAINT AGAINST UNIVERSITY AND SECRETARY ARNE DUNCAN AS A DEFENDANT
   R / M #:   41 / 0

5) **ADV: 2-15-00062**
   **WENDELL DWAYNE O'NEAL vs STAFFORD LOANS & UNIVERSITY OF PHOENIX INC & APOLLO ED. GROUP INC.**
   PLAINTIFF'S MOTION TO NAME ARNE DUNCAN AS DEFENDANT IN PLACE OF STAFFORD LOANS
   R / M #:   26 / 0

6) **ADV: 2-15-00062**
   **WENDELL DWAYNE O'NEAL vs STAFFORD LOANS & UNIVERSITY OF PHOENIX INC & APOLLO ED. GROUP INC.**
   PLAINTIFF'S MOTION FOR JOINDER OF MARICOPA SUPERIOR COURT CONSUMER FRAUD CLAIMS
   R / M #:   28 / 0

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   2:14-BK-18636-EPB            TUESDAY, AUGUST 11, 2015 11:00 AM

7) **ADV: 2-15-00127**
**WENDELL DWAYNE O'NEAL vs ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC &**
**ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC & TITLE MAX OF ALABAMA INC &**
**TITLEMAX OF ALABAMA, INC. & ALLSTATE INSURANCE COMPANY & ALLSTATE CORPORATE**
**HEADQUARTERS**
ORAL ARGUMENT ON MOTION TO DISMISS ADVERSARY PROCEEDING  FILED BY TITLEMAX OF
ALABAMA, INC.
R / M #:   15 / 0

8) **ADV: 2-15-00127**
**WENDELL DWAYNE O'NEAL vs ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC &**
**ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC & TITLE MAX OF ALABAMA INC &**
**TitleMax of Alabama, Inc. & ALLSTATE INSURANCE COMPANY & ALLSTATE CORPORATE**
**HEADQUARTERS**
PLAINTIFF'S AMENDED MOTION FOR AN IMMEDIATE DETERMINATION OF ENTITLEMENT TO EXEMPT
BENEFITS
R / M #:   42 / 0

9) **ADV: 2-15-00127**
**WENDELL DWAYNE O'NEAL vs ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC &**
**ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC & TITLE MAX OF ALABAMA INC &**
**TITLEMAX OF ALABAMA, INC. & ALLSTATE INSURANCE COMPANY & ALLSTATE CORPORATE**
**HEADQUARTERS**
HEARING ON MOTION FOR SUMMARY JUDGMENT  FILED BY PLAINTIFF
R / M #:   50 / 0

10) **ADV: 2-15-00127**
**WENDELL DWAYNE O'NEAL vs ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC &**
**ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC & TITLE MAX OF ALABAMA INC &**
**TITLEMAX OF ALABAMA, INC. & ALLSTATE INSURANCE COMPANY & ALLSTATE CORPORATE**
**HEADQUARTERS**
HEARING ON PLAINTIFF'S MEMORANDUM TO AMEND RELIEFS SOUGHT AGAINST DEFENDANTS
R / M #:   25 / 0
 **VACATED:  WITHDRAWN BY PLAINTIFF AT DOCKET #58**

11) **ADV: 2-15-00127**
**WENDELL DWAYNE O'NEAL vs ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC &**
**ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC & TITLE MAX OF ALABAMA INC &**
**TitleMax of Alabama, Inc. & ALLSTATE INSURANCE COMPANY & ALLSTATE CORPORATE**
**HEADQUARTERS**
HEARING ON PLAINTIFF'S MEMORANDUM FOR DEFAULT JUDGMENT AGAINST TITLE MAX
R / M #:   26 / 0
 **VACATED:  WITHDRAWN BY PLAINTIFF AT DOCKET #58**

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   2:14-BK-18636-EPB                TUESDAY, AUGUST 11, 2015 11:00 AM

12) **ADV: 2-15-00127**
**WENDELL DWAYNE O'NEAL vs ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC &**
**ALLSTATE INSURANCE INC & ALLSTATE INSURANCE INC & TITLE MAX OF ALABAMA INC &**
**TITLEMAX OF ALABAMA, INC. & ALLSTATE INSURANCE COMPANY & ALLSTATE CORPORATE**
**HEADQUARTERS**
PLAINTIFF'S MOTION TO SET EVIDENTIARY HEARING REGARDING SUFFICIENCY OF PROCESS SERVICE
AND PUNITIVE DAMAGES
R / M #:   29 / 0
  **VACATED:  WITHDRAWN BY PLAINTIFF AT DOCKET #58**

13) **ADV: 2-15-00062**
**WENDELL DWAYNE O'NEAL vs STAFFORD LOANS & UNIVERSITY OF PHOENIX INC & APOLLO ED.**
**GROUP INC.**
PLAINTIFF'S MOTION FOR WAIVER/REDUCTION OF COURT COSTS AND FEES DUE TO PHOENIX SSA
RETALIATORY REGULATIONS VIOLATION
R / M #:   29 / 0
  **VACATED:  WITHDRAWN BY PLAINTIFF AT DOCKET #38**


***Appearances:***

LYNNE C. ADAMS, ATTORNEY FOR UNIVERSITY OF PHOENIX INC AND APOLLO ED. (T)
JUSTIN J. HENDERSON, ATTORNEY FOR TITLEMAX OF ALABAMA, INC.
WARREN J. STAPLETON, ATTORNEY FOR UNIVERSITY OF PHOENIX INC, APOLLO ED.
GROUP INC.
WENDELL DWAYNE O'NEAL, PRO SE DEBTOR/PLAINTIFF

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    2:14-BK-18636-EPB            TUESDAY, AUGUST 11, 2015 11:00 AM

## _Proceedings:_

ITEM # 10 VACATED: WITHDRAWN BY PLAINTIFF AT DOCKET #58
ITEM # 11 VACATED: WITHDRAWN BY PLAINTIFF AT DOCKET #58
ITEM # 12 VACATED: WITHDRAWN BY PLAINTIFF AT DOCKET #58
ITEM # 13 VACATED: WITHDRAWN BY PLAINTIFF AT DOCKET #38

ITEM # 1

The Court has reviewed all respective pleadings and finds debtor's circumstances have changed.

COURT:  IT IS ORDERED reducing the filing fee payments to $5.00 a month.

ITEMS #2, 3, 5, 6

The Court informs the parties all pleadings have been reviewed and proceeds to explain the Chapter 7 process to Mr. O'Neal.

The Court addresses the affirmative claims issue.

Mr. Stapleton states that the trustee has abandoned the respective claims.

The Court explains that upon review of the docket, the University has stipulated that the student loan debt is dischargeable.

The Court addresses Mr. O'Neal's requests for amendments, in particular pertaining to effective service. The Court believes this issue has been resolved.

The Court further addresses the claims issue explaining that any recovery will go to Mr. O'Neal. The Court does not believe there is anything remaining over which this Court has jurisdiction. The Court raises a Rule 56 issue and will allow the parties to each file a memorandum if needed.

ITEM #4

Mr. O'Neal addresses the debt owed to the government. He explains his objection to the government's claim and would like to add them as a party to this case. He further refers the Court to his motion filed at docket 41.

The Court responds.

COURT:  IT IS ORDERED denying the motion stating the issue needs to be addressed in another forum.

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   2:14-BK-18636-EPB                TUESDAY, AUGUST 11, 2015 11:00 AM

Mr. O'Neal states defendant has responded to a number of his motions in which they have misrepresented facts.

The Court revisits Rule 56 and again states the parties can file memorandums if they wish.

Mr. Stapleton states the deadline for dischargeability has passed so does not believe the government can come in. He proceeds to state his position and acknowledges he will not be raising any discharge issue. Mr. Stapleton further states that any funds not given to Mr. O'Neal went back to the lender.

The Court asks the parties whether or not they would like to file any memoranda regarding the Court's view that it has no jurisdiction to enter further relief.

Mr. O'Neal does not intend to file anything.

COURT:  The Court notes there will be no additional filings and will enter an Order reflecting resolution of this case.

ITEM #7-10

The Court has reviewed debtor's schedules and all respective pleadings. The Court provides its analysis.

Mr. O'Neal responds and answers the Court's questions. Discussion ensues further addressing the violation of the automatic stay.

Mr. Henderson explains his client has not been paid but believes Mr. O'Neal cashed his check.

Mr. O'Neal states that a check was issued to the creditor and questions what happened to it.

The Court and Mr. O'Neal revisit the automatic stay violation issue.

Mr. Henderson refers to paragraph 21 of the complaint. Mr. O'Neal responds.

COURT:  IT IS ORDERED converting Plaintiff's Motion to Dismiss to a  Motion for Summary Judgment.

The Court and parties discuss deadlines for further filings.

COURT:  IT IS ORDERED Mr. Henderson file his supplement on or before August 25, 2015. Mr. O'Neal shall file his response on or before September 4, 2015. At that time the Court will set oral argument only if necessary otherwise, the matter will be taken under advisement.

SO ORDERED.

Dated: August 12, 2015

Eddward P. Ballinger Jr., Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY/ORDER

| | |
|---|---|
| Bankruptcy Judge: | Hon. Eddward P. Ballinger, Jr. |
| Case Name: | Wendell Dwayne O'Neal          Ch. 7 |
| Case No.: | 2:14-bk-18636-EPB |
| Adversary Name: | Wendell Dwayne O'Neal v. Stafford Loans, University of Phoenix, Inc. and Apollo Ed. Group Inc. |
| Adversary No.: | 2:15-ap-00062-EPB |
| Subject of Matter: | Stipulation to Discharge and Motion to Dismiss |
| Date Matter Ruled Upon: | August 12, 2015 |

After considering views of the parties, the fact that the trustee has abandoned all of the estate's interest in any claims against the defendant, and the defendant's stipulation that any student loan debt owing to it by debtor should be subject to discharge,

IT IS ORDERED:

1.     Entering judgment that any student loan obligation owed by debtor to defendant shall be subject to being discharged in debtor's bankruptcy case;

2.     Declining, based upon the current record, to find debtor is a vexatious litigant; and

3.    Dismissing the remainder of this proceeding in light of the fact that the Court

believes it lacks jurisdiction to consider non-estate claims that may be held by

debtor against defendant, such that any such claims must be pursued in another

forum.

UNITED STATES,
NINTH CIRCUIT COURT OF APPEALS,

*WENDELL DWAYNE O'NEAL,*

**NINTH CIRCUIT 16-16766,**
**D.C. 2:14-02207-GMS,**

*Appellant,*

*Vs*

*UNIVERSITY OF PHOENIX ET AL,*

*Appellee,*

**FILING FEE WAIVER MOTION TO REVIEW DISTRICT**
**COURT ORDER DENYING CASE REOPENING CONTRARY TO**
**EVIDENCE OF SUMMONS RECORD CONCEALMENT,**

*District Court of Phoenix* waived filing fees to decide *Consumer Fraud* against *Appellees*[1]. *District Court* granted voluntary dismissal of *Consumer Fraud* for re-submission before the Maricopa Superior Court[2]. *Appellees Apollo and University of Phoenix* Inc. changed the *Deilman* et al case name to *University of Phoenix Inc* by way of *Notice of Removal* [3].

---

[1] *See O'Neal v Deilman et al, 2:14-cv-1080-SRB, (D.Ariz). Hon. Susan R. Bolton Presiding.*
[2] *Id. O'Neal v Deilman et al, CV-2014-091086, (Maricopa Superior Court)*
[3] *O'Neal v University of Phoenix Inc. et al, (Doc. 1), 2:14-cv-02207-GMS, (D.Ariz). Judge Bolton was not reassigned to case matter entitled Deilman et al. Instead, Court Administrator assigned Judge G. Murray Snow. Id.*

1

*District Court* determined no *Diversity of Jurisdiction* existed when *Appellees* supra removed *Consumer Fraud* on 10/03/2014[4]. *Ninth Circuit* affirmed. Id. (Doc. 52).

*Arizona Civil Court of Appeals* disagrees with *Ninth Circuit* affirming no *Diversity* supra existed supra by reporting District Court had jurisdiction to extend *Appellees* time for *Responses* to dismiss *Consumer Fraud* supra with *Prejudice*[5].

*Appellant* appeals *District Court* decline to set the *Record* straight that no *Diversity* existed for *Appellees* orders extending time for *Responses*. Additionally, *Appellant* seeks an order directing *Remand Modification* because *Appellees* concealed summons records sought by *Superior Court Subpoena* before *District Court* on 11/13/2014. Id. (Doc. 32).

In this case, *Appellees* unlawfully disguised *Deilman supra Consumer Fraud* case matter by changing name to *University of Phoenix Inc.* before *Reassignment* to Judge G. Murray Snow[6].

_____

[4] *Fn. 3. (Doc. 46), (Doc. 1).*
[5] *See Arizona Civil Court of Appeals Memorandum attached to Notice of Appeal in support.*
[6] *O'Neal v Deilman et al, 2:14-cv-1080-SRB.*

2

1

2
*District Court* prior order waiving filing fees would be effective after

3
deciding facts supporting *Consumer Fraud* two years ago[7].   *Ninth Circuit*

4
recently granted filing fee waiver for *Mandamus Complaint* against *District*

5
*Court of Phoenix*[8]. *Ninth Circuit* waived filing fees to hear *Appeal* involving

6

7
*Defendant Attorney* based upon same information contained in attached

8
*Petition*[9]. In short, *Waiver of Filing Fees on Appeal* is appropriate where

9

10
evident *Defendant* changed case name to conceal a prior *District Court*

11
*Order* and particularly where inability to pay is based upon attached

12
*Petition*[10].

13
### *REQUESTED RELIEF SOUGHT,*

14

15
**WHEREFORE,** *Appellant* prays for *Order Waiving Filing Fees* not only

16

17
based upon a prior *District Court* decision but also recent *Ninth Circuit*

18
*Court Rulings* together with costs and any other *Relief* deemed necessary

19
under herein related circumstances[11].

20

21

22

23

24

25

26

27

28

[7] *Title 28 USC § 1915(3)(a). Fn. 1.*
[8] *O'Neal v USDC-AZ, 16-71133, (9th Cir); O'Neal v Attorney Lynne C. Adams et al, 15-17460, (9th Cir).*
[9] *O'Neal v Deilman, Id, 14-cv-1080-SRB.*
[10] *O'Neal v TitleMax of Alabama Inc. et al, 16-0632-DJH, (D.Ariz), BAP. No. 15-1374, (9TH Cir).*
[11] *Fn 5.*

3

***CERTIFICATE OF SERVICE ATTACHED,***

*Appellant* attaches *Certificate of Service* to herein *Waiver of Filing Fees Motion*.

RESPECTFULLY SUBMITTED,

BY,   /s

WENDELL DWAYNE O'NEAL,
APPELLANT IN PROPRIA PERSONA,
5575 SIMMONS STREET, STE. 1-211,
LAS VEGAS NEVADA 89031,
TX 256-361-5393,
wendelloneal@gmail.com.

10/4/2016 3:43:30 PM

4

 

**U.S. Department of Education**
Information about your federal student loan

October 25, 2016

# INTEREST NOTICE

| Interest Summary | |
|---|---|
| Total Accrued | $1,408.09 |
| Pay By | 10/31/2016 |

Name: WENDELL D O NEAL
Account Number: 69 2416 5417

## YOUR LOAN DETAILS

| Date Disbursed | Loan Program | Status | Current Balance | Interest Rate | Anticipated Capitalization Date | Anticipated Interest Amount to be Capitalized | Total Accrued |
|---|---|---|---|---|---|---|---|
| 01/14/2010 | DLSTFD | Forbearance | $3,700.08 | 5.600% | 11/01/2016 | $164.73 | $164.73 |
| 09/13/2010 | DLSTFD | Forbearance | $3,660.84 | 4.500% | 11/01/2016 | $130.95 | $130.95 |
| 09/09/2011 | DLSTFD | Forbearance | $4,656.30 | 3.400% | 11/01/2016 | $125.81 | $125.81 |
| 09/06/2012 | DLSTFD | Forbearance | $4,735.67 | 3.400% | 11/01/2016 | $127.96 | $127.96 |
| 07/23/2013 | DLSTFD | Forbearance | $2,174.17 | 3.860% | 11/01/2016 | $66.66 | $66.66 |
| 01/24/2014 | DLSTFD | Forbearance | $3,708.39 | 3.860% | 11/01/2016 | $113.78 | $113.78 |
| 01/29/2010 | DLUNST | Forbearance | $3,498.37 | 6.800% | 11/01/2016 | $189.07 | $189.07 |
| 09/13/2010 | DLUNST | Forbearance | $3,384.39 | 6.800% | 11/01/2016 | $182.95 | $182.95 |
| 09/09/2011 | DLUNST | Forbearance | $1,924.00 | 6.800% | 11/01/2016 | $104.00 | $104.00 |
| 09/06/2012 | DLUNST | Forbearance | $2,890.97 | 6.800% | 11/01/2016 | $156.28 | $156.28 |
| 02/01/2014 | DLUNST | Forbearance | $1,496.76 | 3.860% | 11/01/2016 | $45.90 | $45.90 |

This is not a bill. The total due shown above is an accrued interest amount that may be capitalized (added to the principal balance) if not paid, according to the terms of your promissory note.

**Make checks payable to FedLoan Servicing and include your 10 digit account number.**
**Customer Statement**

Amount Enclosed: Do not write dollar sign in boxes below or on check.

Account Number: 69 2416 5417
Total Accrued: $1,408.09

$ ☐☐☐☐☐☐☐



2016299016924165417100014080900000000000000006

#BWBBCFT
#B344 4105 7610 25L9#
WENDELL D O NEAL
5575 SIMMONS ST
STE 1
NORTH LAS VEGAS NV 89031-9008



DEPARTMENT OF EDUCATION
FEDLOAN SERVICING
PO BOX 530210
ATLANTA GA 30353-0210

F,,BRLP



Need help understanding your bill?
Visit **MyFedLoan.org/Bill**.

## HOW TO PAY

- **Pay Automatically:** Enroll at **MyFedLoan.org** to save 0.25% off your interest rate for using *Direct Debit* (our FREE automated payment service)!
- **Pay Online:** **MyFedLoan.org**
- **Pay by Phone:** 800.699.2908
- **Pay by Mail:** **Department of Education FedLoan Servicing P.O. Box 530210 Atlanta, GA 30353-0210**

Include your account number on a check or money order made payable to **FedLoan Servicing**. *Do not send cash.* Only send payments to this address. All other communications, including payment application instructions, should be sent to the correspondence address.

**Payment Processing:** It may take a few days for the payment to be posted to your account. Once we are notified of the payment, we will update your account and the payment will be effective the day it was received.

## PAYMENT OPTIONS

If you can't afford your student loan payments, there are different directions you can take, such as:

- Lower your monthly payments
- Temporarily postpone your payments*
- Change your payment due date
- Reduce or "cancel" your loan*

                  *\* Subject to eligibility requirements*

You can change your repayment plan at any time. Both FFELP and Direct Loans are eligible for Standard, Graduated, 25-Year Extended (fixed or graduated), and Income-Based plans. The Income-Sensitive plan is only available to FFELP borrowers. Direct Loan borrowers are eligible for Pay As You Earn, Revised Pay As You Earn and Income-Contingent Repayment plans.

**Borrowers making payments toward Public Service Loan Forgiveness (PSLF):** You can change your repayment plan at any time. To view eligible repayment plans for PSLF, visit **MyFedLoan.org/PSLF**. *REMEMBER: If you want to receive the most benefits from the PSLF Program, you should select a Pay As You Earn, Revised Pay As You Earn, Income-Based, or Income-Contingent plan.*

For additional payment plan information, or to request a plan, call us or visit **MyFedLoan.org/PaymentPlans**. You can also explore your options at the U.S. Department of Education's website: **studentaid.gov**.

## GENERAL INFORMATION

**Payment Application:** We apply payments first to outstanding accrued interest, then to principal balance, unless fees have been assessed. To learn more about how your payments are applied and targeting payments, visit **MyFedLoan.org/PaymentApplication**.

**Payments In Full:** The balance on this bill is not a valid payoff amount, as it may not account for all accrued interest or fees. For a valid payoff amount, select Payoff within Account Access at **MyFedLoan.org** or contact us at **800.699.2908**. Portions of a consolidation (such as subsidized and unsubsidized) must be treated as one loan.

**Paid Ahead Status:** Unless you specify otherwise, we apply payments in excess of the amount due first to outstanding installments, then future bills. *EXCEPTION: if you are billed for $0.00 under an Income-Driven Repayment plan, payments will not satisfy future bills.* If your paid ahead amount only partially satisfies a future bill, your Total Amount Due will be the portion not satisfied by your paid ahead amount.

If you've satisfied a full future bill, your amount due could be $0.00. While paid ahead, you should continue to make payments since interest will continue to accrue on your outstanding principal balance.

**Authorization for Electronic Debit:** If you pay by check, you authorize us to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. This can mean that funds are withdrawn the day we receive your check and/or that you will not receive your check back from your financial institution.

**Consumer Reporting Agencies:** We report information about loans to the nationwide consumer reporting agencies. Late payments, missed payments or other defaults may be reflected in your credit report and the credit report for any other party to the loans.

**Document Format:** Current and prospective borrowers are entitled to receive any student loan related communication or document in an accessible, alternative format. Borrowers interested in receiving student aid forms, student loan statements, notices, written communications, and publications in alternative formats should contact us directly at **800.699.2908** or by email at **AccountInfo@MyFedLoan.org**. FedLoan Servicing offers various alternative formats such as Braille, large print, audio CD, and digital navigable formats supported by computers and digital talking-book players, delivered through data CD, email, or other electronic means.

### QUESTIONS? Visit **MyFedLoan.org** or call us toll-free at 800.699.2908 Mon — Fri 8 AM to 9 PM (ET).

| | |
|---|---|
| **Correspondence Address:** | FedLoan Servicing<br>PO Box 69184<br>Harrisburg, PA 17106-9184 |
| **Credit Dispute:** | FedLoan Servicing Credit<br>PO Box 60610<br>Harrisburg, PA 17106-0610 |

**Do not send payments to these addresses.** *This will cause a delay and could cause your loans to show past due.*

# Save Time and Money at **MyFedLoan.org**

• Make Payments • Explore Repayment Plan Options • Update Contact Information • Review Account History • Go Paperless

## Attention Service Members

Learn about the benefits that you may be eligible for, including the Servicemembers Civil Relief Act (SCRA), at **MyFedLoan.org/Benefits**.



## Do you work in Public Service?

Your qualifying employment may make you eligible for loan forgiveness on your Direct Loans. Learn more about eligibility for Public Service Loan Forgiveness (PSLF) at **MyFedLoan.org/PSLF**.



F.,BRLP 08/16