THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES, AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LR CuP 54, 7.1(a)(1), 3.2(a)
(Rule Number/Section)

FILED _____ LODGED
_____ RECEIVED _____ COPY

JAN 0 9 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**UNITED STATES,**

**DISTRICT COURT FOR PHOENIX DISTRICT,**

1

2

3  WENDELL DWAYNE O'NEAL,
4  5575 SIMMONS STREET, STE. 1 211,
5  LAS VEGAS, NEVADA 89031,

6  PLAINTIFF[1],

7            Vs.

**JURY TRIAL DEMANDED,**

CV-16-03888-GMS

8  UNITED STATES OF AMERICA INC,
9  U.S. DEPARTMENT OF EDUCATION,
   U.S. SECRETARY ARNE DUNCAN,
10  SERENA AMOS,
11  FOUR HUNDRED MARYLAND AVENUE,
12  (SOUTHWEST) WASHINGTON, D.C. 20202;
   FEDLOAN SERVICING CENTER,
13  P.O. BOX 69184,
14  HARRISBURG PA. 69184;
   ATTORNEY LYNNE C. ADAMS,
15  OSBORN MALEDON PA,
16  2929 N. CENTRAL AVENUE,
   SUITE 2100,
17  PHOENIX ARIZONA 85012;
18  MARC BOOKER, ACADEMIC COUNSELOR
19  FIRST NAMED FRANCIS,
   MANAGER SEAN DUNN, LYNNETTE HAUCK,
20   APOLLO ED. GROUP INC,
21  UNIVERSITY OF PHOENIX INC,
22  3157 E. ELMWOOD STREET, CF-A101,
   PHOENIX, AZ 85040,
23
   DEFENDANTS,
24  JOINTLY & INDIVIDUALLY,

25

26 _____

27

28

[1] In Re, Wendell Dwayne O'Neal, 2:15-BK-18636-EPB; O'Neal v Stafford Loans , 2:15-AP-00062-EPB, (D.Ariz).

1

*FIRST AMENDED COMPLAINT,*
*USCA 14, 5, 1; TITLE 42 USC § 1986; TITLE 42 USC § 1985(3); TITLE 42 USC § 1983; TITLE 42 USC § 1981 ET SEQ; TITLE 16 USC § 1692 (FDCPA); TITLE 15 USC § 1681 (FCRA), INCLUDING ARIZONA TORTS,*

**NOW COMES,** Plaintiff, *In Propria Persona,* complaining *Defendants collaborated through Agreement to process documents for Stafford loan Certification resulting in Inaccurate Debt Reporting and Collection Practices,* including, *Embezzelment after Chapter 7 Discharge,* to financial injuries as more fully set forth below for *Order* granting *Relief* hereinafter sought[2].

## I.  JURISDICTION,

1. *USCA 14, 5, 1; Title 42 USC § 1986; Title 42 USC § 1985(3); Title 42 USC § 1983; Title 42 USC § 1981; Title 16 USC § 1692; Title 15 USC § 1681.*

## II. VENUE,

2. *Plaintiff* is an Arizona resident at all times relevant.

3. Transaction giving rise to Complaint transpired in *Phoenix Arizona*[3]. Id.

---

[2] *Fed. R. Civ. Proc. Rules 15(a) et seq; O'Neal v United States of America Inc. et al, 2:16-cv-03888-PHX-GMS, (Doc. 13), (Recusal Motion to Prevent Terminating supra), (Doc. 12),* Order Terminating Osborn Maledon PA, Attorneys and Clients Apollo and University of Phoenix Inc. and directing First Amended Complaint.
[3] *34 CFR 33.1 et seq. (Program Fraud). Plaintiff submitted Program Fraud to U.S. Department of Education Defendants for Answer by Apollo Defendants relative to herein FRCA Complaint.*

4. *United States* established *Corporate Offices* in Washington D.C. where *Department of Education, U.S. Secretary Arne Duncan, Amos and Fedloan supra* are employed at all times relevant.

5. *Apollo and University* employed *Booker, Francis, Dunn* and *Hauck* to process and submit documents for certification of *Stafford* loans in Phoenix Arizona where *Corporate Offices* exists.

7. *Osborn Maledon P.A. Law Firm* established *Corporate Office* in Phoenix Arizona and employed *Attorney Lynne C. Adams, Christina C. Rubalcava and Warren Stapleton* to represent *Apollo Defendants* at all times relevant[4].

---

[4] *Plaintiff alleges Corporate Liability for U.S. Government and Private Corporation Employees (Vicarious), Failure to Properly Train and Supervise resulting in Injuries.(FDCPA), (FCRA), including every Tort Liability Claim.*

3

**COUNT I,**
**FALSIFICATION OF PELL GRANT AND STAFFORD**
**LOAN ELIGIBILITIES TO FINANCE AN UNAFFORDABLE**
**BACHELOR'S DEGREE AT AXIA ONLINE COLLEGE IN DENIAL OF**
**ABILITY TO CONTRACT AND RESULTING IN INACCURATE CREDIT**
**REPORTING AND UNLAWFUL DEBT COLLECTION PRACTICES**
**AGAINST APOLLO AND UNITED STATES DEFENDANTS[5],**

**A. FAIR CREDIT REPORTING AND DEBT COLLECTION**
**PRACTICES ACTS CAUSE OF ACTION AGAINST DEFENDANTS[6],**

8. *U.S. District Courts* have sufficient Jurisdiction to decide *FCRA* and *FDCPA Claims* against persons who report inaccurate or false information against *Consumers[7]*.

9. *African-American Plaintiff* receives *Social Security Disability Benefits* known to *Defendants* based upon prior litigation at all times relevant to herein *Complaint[8]*.

---

[5] *USCA 14, 5, 1; Title 42 USC § 1985(3); Title 42 USC § 1983; Title 42 USC § 1981; Title 16 USC § 1692; Title 15 USC § 1681.*
[6] *United States of America Inc, Osborn Maledon PA, Apollo and University of Phoenix Inc. Defendants have No Immunities Prohibiting Punitive Damages Awards for FDCPA and FCRA Complaint Violations. James X. Bormes v United States of America Inc, 13-1602, (7th Cir. 2013).*
[7] *§ 616 –§ 618, 15 U.S.C. § 1681n*
[8] *O'Neal v Angela Atkins et al, 2:10-cv-02351-SMM, (D.Ariz), (Initial FCRA Complaint), (In Forma Pauperis Order Granted. Settled out of Court).*

4

## B. TITLE IV. FUNDING MPN, ENROLLMENT AGREEMENT, SELF-MANAGEMENT OF STAFFORD LOANS AND STIPULATION TO DISCHARGE CONTRACTS BETWEEN PLAINTIFF, UNITED STATES AND APOLLO DEFENDANTS,

10. *United States of America, Apollo supra* and *Plaintiff* entered into *Contractual Agreement* through *MPN* for certification of *Pell* grant and *Stafford* loans prior to *Enrollment* into *Axia supra*. Additionally, *Apollo supra* entered into agreement permitting *Plaintiff Self-Management of Title IV. Funding* prior to *Enrollment* into Axia *supra*[9]. Afterwards, *Apollo supra Stipulated to Discharge Stafford loans*[10].

## C. BREACH OF CONTRACTUAL AGREEMENTS BETWEEN PARTIES,

11. *United States and Apollo supra Defendants* immediately breached contractual agreements where *Plaintiff* had no *Pell* eligibility for Stafford loan certification upon *Enrollment* into *Axia Online College* on or about 04/23/2013. U.S. *Dept. of Education Regulations* required *Pell* eligibility prior to *Apollo Defendants* certifying *Stafford* loans at all times relevant.

_____

[9] *USCA 14, 5, 1; Title 42 USC § 1981.*
[10] *O'Neal v Stafford Loans et al, (Doc. 63), (Doc. 62) 2:15-AP-00062-PHX-EPB, (U.S. Bankruptcy Court).*

12. *Plaintiff* had insufficient *Pell* grant and *Stafford* loan eligibilities to earn or afford a *Bachelor's Degree* at *Axia Online College* at *Enrollment supra*.

13. *Apollo Defendants* published falsified *Pell* grant and Stafford loan eligibilities through *Financial Aid Award Letter* dated 07/11/2013[11]. In foregoing regard, *Plaintiff* received a full *Pell* grant and maximum Stafford loans to attend *Calhoun Community College* in Huntsville Alabama during 2013 Award Year prior to *Axia Online College*.

14. *Federal Regulations* required *Apollo Defendants* ascertain *Pell* grant and Stafford loan eligibility before certifying. Additionally, *Dept. of Education National Student Loan Database (NSLD)* provided means for *Apollo Defendants* to ascertain *Pell* supra eligibility prior to issuing said *False Financial Aid Award* letter supra.

15. *Apollo Defendants* certified a $5,500 *Pell* grant and $12,500.00 in *Stafford* loans in additions to *Title IV Funding* provided by *Calhoun supra* for *2013 Summer Semester at Axia Online College*. In this case, there was over a $20,000.00 shortfall of *Title IV. Funding* prior to *Enrollment* supra.

---

[11] *See attached Apollo Defendants Financial Aid Award Letter dated on or about 07/11/2013 in support.*

*D. APOLLO AND UNIVERSITY OF PHOENIX INC. NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS AND WANTON DISREGARD FOR PLAINTIFF ABILITY TO CONTRACT FOR A BACHELOR DEGREE AT AXIA ONLINE COLLEGE,*

16. *Apollo supra Financial Aid Defendants* knew or should have known *Plaintiff* had insufficient *Pell* grant and *Stafford* loan eligibilities to earn or afford a *Bachelor Degree at Axia College* prior to *Certification* if not *Enrollment supra.* *Defendant Hauck* informed *Plaintiff* of said *Title IV. Funding* shortfall several months after *Enrollment* supra at 04:14 pm on 08/23/2013.

17. Said *Title IV. Funding* shortfall forced *Plaintiff* multiple *Leaves of Absence* contrary to Federal Regulations and eventual Withdrawal from *Axia supra* specifically because *Apollo supra Defendants* certified *Overpayments. Federal Regulations* required *Apollo and University* of *Phoenix Inc.* return *Title IV. Funding* after forcing *Plaintiff Withdrawal supra.*

18. *Apollo Defendants* had disbursed Plaintiff Title IV. Funding pursuant to said *MPN* and *Self-Management Agreement*s. However, Apollo Defendants supra returned approximately $7,500.00 in *Unsubsidized Stafford* loans to *U.S. Department of Education* after forcing *Withdrawal supra.*

19. *Apollo Defendants* employed its *Third Party Collection Agent (States Recovery System Inc).* to *Collect* $6,207.00 against *Plaintiff* for attending *Axia Online College[12]. Plaintiff Objected* and *Third Party Collection Agent supra* returned files to *Apollo supra*.

20. *Apollo Defendants supra* invoiced *United States of America* $2,052.00 for *Plaintiff* attendance at *Axia supra*. Apollo Defendants supra invoiced Plaintiff $4,155.00 for attendance at *Axia Online College. Plaintiff Objected supra*.

## E. CONSUMER FRAUD AND STAFFORD LOAN DISCHARGE CIVIL LITIGATION,

21. *Plaintiff* sued *Apollo Defendants* for *Consumer Fraud* before District Court of Phoenix and Maricopa Superior Court[13]. *Apollo Defendants* removed *Consumer Fraud* by *Misrepresenting Diversity of Jurisdiction* to obtain additional time for *Responses[14]*.

---

[12] *(Overpayment). Federal Regulations required Apollo supra Defendants repay Overpayments not caused by Plaintiff Negligence or Fraud at all times relevant.*
[13] *O'Neal v Deilman et al, 2:14-cv-01080-SRB, (D.Ariz); O'Neal v Deilman et al, CV-2014-091086, (Maricopa Superior Court).*
[14] *O'Neal v University of Phoenix Inc, 2:14-cv-02207-GMS, (Doc. 1).*

22. *Apollo supra Defendants* had received *Summons and Complaint* through *Phoenix Statutory Agent (Corporate Service Corporation), (CSC),* on 07/09/2014.

**F. APOLLO AND UNIVERSITY OF PHOENIX INC. MISREPRESENTATION AND FRAUD UPON DISTRICT COURT OF PHOENIX TO PLAINTIFF INJURIES OF CONSUMER FRAUD COMPLAINT DISMISSAL IN MARICOPA SUPERIOR COURT,**

23. Superior Court issued a *Subpoena* directing *Apollo Defendants Statutory Agent* to produce *Summons* service records on 10/09/2014[15]. In foregoing regard, *CSC* forwarded said *Subpoena* to *Apollo Defendants* on 10/22/2014. *Apollo Defendants supra* received several electronic and email *Notices Superior Court* issued said *Subpoena supra. Attorney Adams supra* Motioned District Court for said *Extension of Time supra* on same day as *Superior Court issued Subpoena supra. Federal Judge G. Murray Snow* granted *Apollo and University of Phoenix Inc. an Extension of Time* because they accepted process service contrary to fact[16].

---

[15] *16 ARS. Rules 45(a).*
[16] *O'Neal v University of Phoenix Inc, Id, (Doc. 8), (Doc. 7).*

9

24. *Apollo Defendants supra* appeared before *Federal Judge Snow* without producing *Summons Service* records sought by *Superior Court Subpoena* on 11/13/2014. Id[17].

25. *Judge Snow supra* later declined to determine sufficiency of *Summons Service* apparently because *Attorney Adams Misrepresented Apollo and University of Phoenix Inc.* accepted process service contrary to having received said *Summons supra*[18]. However, *Judge Snow supra Remanded Apollo Defendants because no Diversity existed when Consumer Fraud was removed to District Court* on 10/03/2014[19]. *Apollo Defendants supra* returned to *Superior Court* without *Summons Service Records* sought by *Subpoena* after *Remand.* Id.

## G.   APOLLO   AND   UNIVERSITY   OF   PHOENIX   INC. MISREPRESENTATION AND FRAUD UPON MARICOPA SUPERIOR COURT,

26. *Apollo Defendants supra misrepresented* acceptance of process service and valid orders extending time for *Responses* despite no *Diversity of Jurisdiction* upon *Removal*[20]. Id. (Doc. 50-51).

_____

[17] *16 ARS. § 45(f).*
[18] Id. (Doc. 43).
[19] Id. (Doc. 46).
[20] *Title 28 USC § 1447(d)(c); Title 28 USC § 1441 et seq; Fed. R. Civ. Proc. Rules 60(b)(3)(4)(6)(d)(3); Fed. R. Civ. Proc. Rules 81(C); 16 ARS. Rules 45(f). (District Court of Phoenix Orders Extending Time were Void because no*

A. *Apollo Defendants supra* unlawfully obtained *Orders* dismissing *Consumer Fraud* with *Prejudice* by disobeying *Subpoena* for production of *Summons Service Records*[21]. Moreover, *Apollo and University of Phoenix Inc.* through *Osborn Maledon PA Defendants Attorney Adams and Christina C. Rubalcava* misrepresented valid *Orders Extending Time for Responses* since *District Court* had no *Jurisdiction* at all times relevant[22].

## H. U.S. BANKRUPTCY COURT LITIGATION FOR STAFFORD LOAN DISCHARGE AGAINST APOLLO DEFENDANTS,

27. *Plaintiff* petitioned for discharge of *Stafford loans Discharge* through *Chapter 7. Apollo Defendants* invoiced $4,155.00 for attending *Axia Online College supra* for an unaffordable *Bachelor's Degree*[23].

28. *Fedloan* had inaccurately reported *Apollo* and *University supra* $2,052.00 *Stafford* loan debt against *Plaintiff* to *Three Credit Bureaus* approximately 36 times since origination on 07/23/2013[24].

---

*Diversity of Jurisdiction Existed before Removal of Consumer Fraud on 10/03/2014. O'Neal v University of Phoenix Inc. et al, Id. (Doc. 46), (Doc. 1). Additionally, Apollo Defendants Misrepresented Acceptance of Process Service and Fraudulently Concealed Summons Service Records sought by Superior Court Subpoena before Federal Judge Snow on 11/13/2014. Id. (Doc. 32).*

[21] *16 ARS. Rules 60(b)(3)(4)(6)(d)(3); 16 ARS. Rules 45(f).*
[22] *Title 28 USC § 1441 et seq; Fed. R. Civ. Proc. Rules 81(C); 16 ARS § Rules 60(c)(5)(4)(3); 16 ARS § 45(f); O'Neal v Deilman et al, (1 CA-15-0306).*
[23] *O'Neal v Stafford Loans et al, 2:15-AP-00062-EPB; In Re Wendell Dwayne O'Neal, 2:14-18636-EPB, (U.S. Bankruptcy Court Phoenix).*

11

A. *Plaintiff* charges *Fedloan and Apollo Defendants* with *36 Counts* of *Inaccurate Credit Reporting* and *Unlawful Debt supra Collection* Practices since *Apollo and University of Phoenix Inc.* originated said *Stafford* loans on or about 07/23/2013[25].

29. *Fedloan* supra submitted *Claim for Stafford Loan Repayment* to U.S. Bankruptcy Court during *Plaintiff Chapter 7* proceedings[26]. *Fedloan supra* placed *Apollo Defendants* $2,052.00 *Stafford* loans into *Forbearance* during *Chapter 7* proceedings.

30. *Osborn Maledon PA Attorney Lynne C. Adams or Christina C. Rubalcava* validated *Apollo* and *University of Phoenix Inc. Stafford* loan debt for *Plaintiff* attendance at *Axia Online College* during prior District Court litigation[27].

---

[24] Id. *FDCPA, Title 16 § 1692; FCRA, Title 15 USC. § 1681 et seq. Three Credit Bureaus recorded and published Fedloan Stafford Loan Debt Information against Plaintiff that resulted in denied Credit Applications to date of 01/04/2017.*
[25] *Title 42 USC § 1985(3); Title 42 USC § 1981 et seq; Title 15 USC § 1681 et seq.*
[26] *In re Wendell Dwayne O'Neal, (Claims 2) 2:14-BK-18636-EPB, (U.S. Bankruptcy Court Phoenix).*
[27] *O'Neal v Deilman et al, 2:14-cv-1080-SRB, (D.Ariz). Osborn Maledon PA Attorneys Stafford Loan Debt Validation Letter referenced existence of contractual agreement for Plaintiff to Self-Manage Title IV. Funding and further evidenced disbursement of said funds to Plaintiff for said purposes.*

12

31. *Osborn Maledon PA and Attorneys Adams and Warren Stapleton* knew or should have known *Client Apollo* and *University* supra certified *Overpayments* supra for collection by *Fedloan* based upon information *Plaintiff* provided[28].

32. *Osborn Maledon PA Attorney Adams Motioned Bankruptcy Court to dismiss Stafford loan discharge Complaint with Prejudice* based upon *Superior Court Order* dismissing *Consumer Fraud supra (Res Judicata)*. *Attorney Adams* requested *Judge Ballinger* find vexatious litigation regarding *Stafford loan discharge Complaint*. Id. Later, *Osborn Maledon PA supra and Attorneys Stipulated* to *Discharge* all costs associated with attendance at *Axia supra. Federal Judge Eddward P. Ballinger* issued a *Court Order* accordingly on 08/11/2015[29]. Id.

33. Judge Ballinger Ordered *Stafford* loans owed *Apollo Defendants* discharged by *Stipulation of Parties*. Id. Afterwards, *Apollo Defendants* failed remit *Plaintiff* $2,052.00 supra in *Title IV. Funding pursuant to MPN and Self-Management Agreements*.

---

[28] *Fn. 2.*
[29] Id. (Doc. 63), (Doc. 62), (Doc. 18 at Top of PP. 6).

34. *Apollo Defendants* proximately caused *Fedloan supra to submit* said *Claim supra* and *Deputy Trustee Jill Ford to pay Estate* proceeds towards said invalid *Title IV. Funding supra* in amount of *$2,052.00 supra.* Id. In foregoing regard, Apollo and University of Phoenix Inc *Stipulated to Discharge* said *Title IV. Funding* before *Fedloan supra* received said payment from *Deputy Trustee supra*. Moreover, *Plaintiff* is entitled to *Funding supra* based upon said *MPN, Self-Management and Stipulation to Discharge Agreements. Federal Regulations* prohibited *Apollo supra* retention of said Title IV. Funding supra *(Embezzelment)*.

35. *Fedloan* continues reporting said inaccurate *$2,052.00 supra* to *TransUnion, Equifax* and *Experian* as *valid Stafford loan indebtedness* contrary to *Apollo Defendants Stipulation* for discharge under *Chapter 7 supra*[30].

36. *Fedloan* inaccurately reported delinquent payments regarding said $2,052.00 *Stafford* loan originated by *Apollo Defendants* to *Plaintiff* financial injury through multiple denied credit applications and property losses.

---

[30] Title 28 USC § 1738; O'Neal v Stafford Loans et al, Id, (Doc. 63), (Doc. 62).

14

37.   *Fedloan* inappropriately and inaccurately reported *Apollo* and *University of Phoenix Inc Stafford Loan Overpayments* for collection purposes contrary to *FCRA* and *FDCPA* where *Plaintiff* had insufficient financial aid eligibility to earn or afford a *Bachelor's Degree at Axia Online College* as set forth in foregoing *Paragraphs 9-20.*

38. *Apollo and University of Phoenix Inc.* caused *Stafford Loan Default* incident to certifying *Overpayments supra* without *Plaintiff Ability to Benefit* from *Bachelor Degree Programming* at *Axia supra.*

## *I. U.S. DEPARTMENT OF EDUCATION PROGRAM FRAUD[31],*

39. Federal Regulations prohibited *Apollo supra Defendants* false *Certification* of *Stafford* loans by misrepresenting *Pell* grant eligibility and particularly through drafted documents extending to *retention of $2,052.00 after Stipulation for Discharge (Program Fraud). Fedloan supra* inaccurate *Credit Reporting* and *Debt Collection* practices caused multiple Creditors to deny *Plaintiff Personal Loans* or *Services.*

_____

[31] *Plaintiff entitled to percentage of any monies United States Defendants recovers from Apollo and University of Phoenix Inc. for Program Fraud under False Claims Act provisions.*

15

**J. U.S. GOVERNMENT DEFENDANTS INVOLVEMENT RESULTING INACCURATE CREDIT REPORTING AND DEBT COLLECTION PRACTICES COMPLAINT,**

40. *United States supra* through *Secretary Duncan* agreed to permit *Apollo supra Defendants* to certify *Pell grants and Stafford loans supra*. In foregoing regard, *Secretary Duncan* is charged with duty to *Properly Supervise Title IV. Funding Programs, including, but not limited disbursements*. *U.S. Secretary Duncan* breached said duty *supra* when *Apollo supra Defendants* misrepresented *Pell grant eligibility* to obtain *Stafford loans* for an unaffordable *Bachelor's Degree at Axia supra*[32].

41. *U.S. Secretary Duncan supra* denied *Plaintiff* ability to *Contract* for *Post-Secondary Education at Axia* supra by said failure to *Properly Train and Supervise Amos, including Supervise Apollo Defendants* at all times relevant[33].

---

[32] *See attached Apollo and University of Phoenix Financial Aid Award Letter dated 07/11/2013 in support. Plaintiff was not eligible for Pell grant or $12,500.00 in Stafford Loans to attend Axia Online College and Calhoun Community College during 2013 Academic Year. Defendants forced Plaintiff usage of Social Security Disability Benefits to attend Axia supra immediately after Enrollment. Plaintiff loss Sprint Account for inability to finance incident to Enrollment without Pell eligibility. Plaintiff had a Constitutional Right to receive Social Security Benefits for Living Expenses at all time relevant.*
[33] *USCA 14, 5, 1; Title 42 USC § 1981.*

42. *United States supra Defendant* employed *Fedloan* for *Stafford Loan Management and Collection. Defendant supra* is liable for any and all acts complained against *Fedloan supra* regarding *FDCPA and FCRA Practices*, including, but not limited to loss of personal funds obtained from *Deputy Trustee.*

43. *United States supra through U.S. Secretary* employed *Serena Amos* to investigate *Plaintiff Complaint* regarding *Apollo and University of Phoenix Inc.* Certification of *Stafford* loans for said unaffordable *Bachelor's Degree* at *Axia. Amos supra* denied *Apollo and University supra* certified $12,500.00 in *Stafford Loans* after *Calhoun* certified $6,800.00 for same academic year contrary to fact between 08/05/2014 and 08/11/2014[34]. In foregoing regard, *Plaintiff* provided *Amos supra* with sufficient evidence supporting *Apollo and University supra* certified $12,500.00 in *Stafford Loans supra*[35].

---

[34] *United States Defendant neglected Response to Plaintiff Complaint for Administrative Discharge of Stafford Loans and thereby denied exhaustion of remedy. USPS delivered Complaint to an Agent in Washington D.C. 20202 at 08:27 am on 10/25/2016. (USPS Track & Confirm No. 9505510049676296041636). O'Neal v United States of America Inc, Id, (Doc. 1 at PP. 56-57 et seq). United States Defendants denied Access to Administrative Procedures for Stafford Loan Discharge against Civil Rights. USCA 14, 5, 1; Title 42 USC § 1986; Title 42 USC § 1985(3); Title 42 USC § 1981; FDCPA, FCRA. Plaintiff is entitled to an Administrative Decision for Stafford Loan Discharge based upon Inability to Benefit at Axia Online College. Id.*
[35] *See attached entire email transaction of discussion between Plaintiff and Amos supporting Misrepresentation and Negligence, including Failure to Prevent FDCPA, FCRA and Ability to Contract Claims in support.*

17

44. *U.S. Secretary Duncan* supra is charged with duty to *Properly Supervise and Train Amos supra* at all times relevant and did breach when said employee misrepresented material facts regarding *Apollo and University of Phoenix Inc. Certification of Stafford loans* for an unaffordable *Bachelor's Degree at Axia supra. Amos supra* stated in an email she was not trained to ascertain any legal issues regarding *Stafford loan Overpayments* relative to Complaint made to *U.S. Department of Education* at 01:27 pm on 08/08/2014. Fn. 34, *including Email attachments in support.*

**K. UNITED STATES, U.S. SECRETARY ARNE DUNCAN, AMOS NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS AND WANTON DISREGARD AGAINST CIVIL RIGHTS TO CONTRACT FOR POST-SECONDARY EDUCATION AT AXIA ONLINE COLLEGE, INCLUDING FDCPA AND FCRA CLAIMS AND THIRTY-EIGHT COUNTS[36],**

45. Plaintiff complains *Misrepresentation, Negligence, Gross Negligence, including Reckless Disregard for Rights to Contract for Post-Secondary Education* against *Amos supra* and *U.S. Secretary Duncan,* including, *United States Defendants,* associated with *FCRA and FDCPA violations* herein related as set forth in Paragraphs 1-44.

---

[36] 36 Inaccurate Credit Reporting ($2,052.00), FCRA; 2 FDCPA Counts involving $12,500.00 in Stafford Loans Discharged under Chapter 7 times whatever amount for Punitive Damages stated in Reliefs Sought.

18

## COUNT II,
### FRAUDULENT CONCEALMENT AGAINST OSBORN MALEDON PA, ATTORNEYS ADAMS, APOLLO AND UNIVERSITY OF PHOENIX INC REGARDING SUPERIOR COURT SUBPOENA PURSUANT TO ARIZONA TORT LAWS,

46. *Plaintiff* reinstates foregoing *Count I Averments* and more specifically *Paragraphs 1-45* to charge *Fraudulent Concealment of Subpoena* before *District Judge Snow, Superior Court Judge David Talamante, U.S. Bankruptcy Court Judge Eddward P. Ballinger, Arizona Civil Court of Appeals and Arizona Supreme Court* respectively due to an ongoing obligation to produce *Summons Service Records* according to *Federal law and Arizona Court Rules*[37]. *Plaintiff* supra charges captioned *Defendants with 5 Counts of Fraudulent Concealment supra.*

47. *Plaintiff* would have prevailed with *Consumer Fraud Complaint* had *Osborn Maledon PA, Apollo and University of Phoenix Inc. Defendants* not concealed *Summons* service records[38]. *Defendants* supra spent 2 months in *District Court* without *Jurisdiction* to grant any *Reliefs*[39].

---

[37] *USCA 14, 5, 1; Title 28 USC § 1738; Title 42 USC § 1985(3); Title 42 USC § 1983; Title 42 USC § 1981; Title 16 USC § 1692; Title 15 USC § 1681; O'Neal v Stafford Loans, Id; O'Neal v University of Phoenix Inc. et al, Id, (Doc. 32); O'Neal v Deilman et al, CV-0193, (Arizona Supreme Court), Arizona Civil Court of Appeals No. (1 CA-CV-150306), (CV-2014-091086, (Superior Court).*
[38] *Title 28 USC § 1441 et seq; Fed. R. Civ. Proc. Rules 81(C) et seq; 16 ARS. Rules 45(f). Federal Court Rules did not provide additional time for Defendants after receiving Summons in Phoenix on 07/09/2014. Defendants removed*

19

48. *Defendants* maliciously neglected to produce *Summons* service records required by *Subpoena Court Order* which otherwise would have prevented *United States Defendants* inaccurate credit reporting and unlawful debt collection practices herein complained because *Superior Court* would not have heard anything about *District Court Orders extending* time for *Responses* to dismiss *Consumer Fraud*.

### COUNT III,
**MISREPRESENTATION OF MATERIAL FACTS RESULTING IN STIPULATION TO DISCHARGE STAFFORD LOANS AGAINST OSBORN MALEDON PA, ATTORNEYS STAPLETON AND ADAMS,**

49. *Plaintiff* incorporates foregoing *Counts I-II* to charge captioned Defendants with misrepresenting time had expired for *U.S. Defendant* attempt to collect *Stafford* loans in Bankruptcy Court. Osborn Maledon PA supra *Attorney Stapleton* stated "time has expired supra" causing *Plaintiff reliance* without being an Attorney. *Plaintiff Stipulated* for discharge under *Chapter 7* without information *United States Defendants* could not collect.

---

*Consumer Fraud over 20 days after receiving said Summons and concealed records to obtain District Court Order Extending Time supra. Defendants had ongoing obligation to produce Summons service records after remand to Superior Court and every Court where appearances were made during Consumer Fraud related litigation. Id. 16 ARS. Rules 55(a)(b). Defendants removed Consumer Fraud to obtain additional time for Responses to dismiss Consumer Fraud with Prejudice.*
[39] *O'Neal v University of Phoenix Inc, Id, (Doc. 1) – (Doc. 46). Title 28 USC. § 1441 et seq.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

50.   *Attorney Adams* appeared along with *Attorney Stapleton* and failed to state *United States Defendants* had already submitted a *Claim* within time provided[40]. *Plaintiff objected Apollo and University of Phoenix Inc. could not Stipulate for Discharge of U.S. Government debt based upon information and belief notwithstanding reliance upon Osborn Maledon PA Attorney representations. Fedloan* later obtained *Plaintiff* personal funds from *Deputy Trustee Jill Ford* by *Fraud* because *Apollo supra Stipulated* to *Discharge* through *Osborn Maledon PA Attorneys. Fedloan* supra denied *Plaintiff* credit dispute and continues reporting $2,052.00 discharged *Stafford* loans to credit bureaus in violations of *FDCPA* and *FCRA* to date[41].

17
18
19
20
21
22
23
24
25
26
27
28

_____

[40] *In Re Wendell Dwayne O'Neal, (Claim 2), Id.*
[41] *See attached Fedloan documentation in support (Denied Credit Dispute and Reports to Credit Bureaus regarding discharged Stafford loan in amount of $2,052.00.*

21

**COUNT IV,**
**UNJUST ENRICHMENT AGAINST UNITED STATES,**
**APOLLO AND UNIVERSITY OF PHOENIX INC. DEFENDANTS,**

49. *Plaintiff* incorporates *Counts I-III* and charges *United States, Apollo and University of Phoenix Inc.* with *Unjust Enrichment* incident to certification of *Stafford* loans for unaffordable *Bachelor's Degree at Axia Online College* and more specifically that *Defendants* invoiced $2,052.00 for attendance according to *NSLD* records where *Student O'Neal* could not conceivably benefit from programming with insufficient *Pell* grant and *Stafford* loan eligibilities supra.

50. *Apollo* supra *Defendants* supra unlawfully retained said $2,052.00 in business account after *Stipulation to Discharge under Chapter 7* despite *Self-Management of Title IV. Funding Agreement. Defendants* supra remitting remaining *Title IV. Funding* supra to *Plaintiff* or returning to *United States Defendant* after forced *Withdrawal* from *Axia* supra. *Plaintiff is* entitled to entire $12,500.00 in certified Stafford loans according to U.S. Bankruptcy Court discharge Order under Chapter 7.

51. *Defendants* owe *Plaintiff* every amount of *Stafford* loan funding certified to attend *Axia supra* according to Federal Judge Ballinger[42]. *Defendants retained $2,052.00 supra and returned approximately $7,500.00 to United States.* Plaintiff suffered financial injury resulting in loss of said *Title IV. Funding Apollo Defendants* agreed to discharge under *Chapter 7,* including, but not limited to personal accounts and property set forth in initial complaint.

---

[42] *O'Neal v Stafford Loans et al, (Doc. 63. Chapter 7 Discharge Order at ¶ 1), (Doc. 62, Transcript). Apollo Defendants agreed to Discharge Stafford Loans certified for attendance at Axia supra in amount of $12,500.00.*

23

### *REQUESTED RELIEF SOUGHT,*

**WHEREFORE,** *Plaintiff* respectfully demands an Order directing *Defendants Individually or Jointly* pay *Actual, Compensatory Damages* for every eligible *Tort*, including, monies, property, and personal accounts loss under *Chapter 7* or otherwise incident to attending *Axia Online College*[43]. Additionally, *Plaintiff* demands *United States, Osborn Maledon PA, Apollo and University of Phoenix Inc.* pay $1,000.000.00 *Individually* for every qualified *Civil Rights Violation or Tort Claim* advanced against them and particularly involving Conspiracy to *Misrepresent Material Facts or Fraud; Denied Ability to Contract; Failure to Prevent Civil Rights Violations, Fraudulent Concealment of Summons Service Records, Unjust Enrichment and Embezzelment*[44], including Litigation Costs for materials used before this and every Court where Appearances transpired.

---

[43] *Plaintiff demands Corporate Defendants Individually pay Punitive Damages for 36 Inaccurate Credit Reports since Apollo Defendants falsely certified $12,500.00 for unaffordable Bachelor's Degree to attend Axia supra beginning on 07/23/2013 according to NSLD as permitted under FCRA. Corporate Defendants Individually pay FDCPA violations for Apollo supra Collection Agent attempt to Collect and Fedloan obtaining personal funds from Deputy Trustee Jill Ford under Chapter 7. (United States Defendants submitted a False Claim for repayment of Stafford loan funding in amount of $2,052.00 because Apollo and University supra Stipulated to Discharge. O'Neal v Stafford Loans et al, Id; In Re Wendell Dwayne O'Neal, 2:14-BK-18636-EPB.*
[44] *Osborn Maledon PA Defendants, (Attorney Stapleton and Adams ignored multiple emails requesting immediate Remittance of said $2,052.00 to Plaintiff financial and emotional injuries. Plaintiff suffered property and account losses, including vehicle insurance, incident to Defendants retaining $2,052.00. in discharged Stafford Loans as witnessed by Deputy Trustee Ford, Attorney Nach and Judge Ballinger, including over 100,000 Persons on Social Media.*

*Plaintiff demands* any other *Relief* supra deemed necessary under herein related circumstances[45]. Finally, *Plaintiff* demands *Attorney* fees whenever any *Counsel* or *Professional Services* are retained regarding herein matter. *Plaintiff reserves right to Amend Damages where appropriate.*

**RESPECTFULLY SUBMITTED,**

s/

**WENDELL DWAYNE O'NEAL,**
**PLAINTIFF IN PROPRIA PERSONA,**
**5575 SIMMONS STREET SUITE 1-211,**
**LAS VEGAS NEVADA 89031,**
**TX 256-361-5393,**
wendelloneal@gmail.com.

1/5/2017 1:29:10 PM

---

[45] *Fn. 4, 2. 34 USC § 668.139; Title 15 U.S. Code § 1681s–2 et seq;*

25

 

**U.S. Department of Education**
Information about your federal student loan



**UNDERSTANDING YOUR FINANCIAL ACTIVITY SUMMARY**

Account Number: 69 2416 5417

December 22, 2016

#BWBBCFT
#B344 4105 7612 22L0#
WENDELL D O NEAL
5575 SIMMONS ST STE 1 211
LAS VEGAS NV 89031-9008

## Loan Information Section

- The enclosed statement only includes Financial Activity for the loans that are listed in this section. Note that this is **NOT** necessarily **ALL** of your loans we service.
- The Current Principal Balance is **NOT** a payoff amount. If you wish to pay off your loans, contact us to obtain a payoff figure which includes accrued interest.
- If more than one loan is listed, refer to the Loan Sequence number in order to review the financial transactions tied to that loan.

## Financial Transactions Sections

- This statement does **NOT** include any financial transactions that occurred prior to the date FedLoan Servicing began servicing your loans.
- If you discover a payment made to FedLoan Servicing is not listed on the enclosed Financial Activity Summary, check with your financial institution (place of purchase in case of money order) to determine if the payment was cashed by FedLoan Servicing. If the payment was cashed by FedLoan Servicing, please contact us for additional assistance.

---

TSXSR    FS06BTSA    6924165417    FLS1CL    27121163560000052



## Financial Activity Summary
### 01/14/2010 to 12/21/2016

### Loan Information

| Loan Sequence | Loan Program | Disbursement Date | Original Principal Balance | Current Principal Balance |
|---|---|---|---|---|
| 0001 | DLSTFD | 01/14/2010 | $3,500.00 | $3,864.81 |
| 0002 | DLSTFD | 09/13/2010 | $3,500.00 | $3,791.79 |
| 0003 | DLSTFD | 09/09/2011 | $4,500.00 | $4,782.11 |
| 0004 | DLUNST | 01/29/2010 | $2,500.00 | $3,687.44 |
| 0005 | DLUNST | 09/13/2010 | $2,500.00 | $3,567.34 |
| 0006 | DLUNST | 09/09/2011 | $1,500.00 | $2,028.00 |
| | | Total: | $18,000.00 | $21,721.49 |

### Loan Sequence: 0001 Financial Transactions

| Date | Transaction Type | Total Amount of Transaction | Amount to Principal | Amount to Interest | Principal Balance |
|---|---|---|---|---|---|
| 04/19/2013 | CONVERSION | + $3,500.00 | + $3,500.00 | $0.00 | $3,500.00 |
| 01/04/2016 | PAYMENT | $42.61 | $0.00 | $42.61 | $3,500.00 |
| 01/15/2016 | INT CAPITLZTN | $0.00 | + $200.08 | $200.08 | $3,700.08 |
| 11/01/2016 | INT CAPITLZTN | $0.00 | + $164.73 | $164.73 | $3,864.81 |

### Loan Sequence: 0002 Financial Transactions

| Date | Transaction Type | Total Amount of Transaction | Amount to Principal | Amount to Interest | Principal Balance |
|---|---|---|---|---|---|
| 04/19/2013 | CONVERSION | + $3,500.00 | + $3,500.00 | $0.00 | $3,500.00 |
| 01/04/2016 | PAYMENT | $34.18 | $0.00 | $34.18 | $3,500.00 |
| 01/15/2016 | INT CAPITLZTN | $0.00 | + $160.84 | $160.84 | $3,660.84 |
| 11/01/2016 | INT CAPITLZTN | $0.00 | + $130.95 | $130.95 | $3,791.79 |

### Loan Sequence: 0003 Financial Transactions

| Date | Transaction Type | Total Amount of Transaction | Amount to Principal | Amount to Interest | Principal Balance |
|---|---|---|---|---|---|
| 04/19/2013 | CONVERSION | + $4,500.00 | + $4,500.00 | $0.00 | $4,500.00 |
| 01/04/2016 | PAYMENT | $33.14 | $0.00 | $33.14 | $4,500.00 |
| 01/15/2016 | INT CAPITLZTN | $0.00 | + $156.30 | $156.30 | $4,656.30 |
| 11/01/2016 | INT CAPITLZTN | $0.00 | + $125.81 | $125.81 | $4,782.11 |

**Loan Sequence: 0004 Financial Transactions**

| Date | Transaction Type | Total Amount of Transaction | Amount to Principal | Amount to Interest | Principal Balance |
|------|------------------|-----------------------------|---------------------|--------------------|-------------------|
| 04/19/2013 | CONVERSION | + $3,015.70 | + $2,500.00 | + $515.70 | $2,500.00 |
| 10/20/2014 | INT CAPITLZTN | $0.00 | + $771.39 | $771.39 | $3,271.39 |
| 01/04/2016 | PAYMENT | $48.46 | $0.00 | $48.46 | $3,271.39 |
| 01/15/2016 | INT CAPITLZTN | $0.00 | + $226.98 | $226.98 | $3,498.37 |
| 11/01/2016 | INT CAPITLZTN | $0.00 | + $189.07 | $189.07 | $3,687.44 |

**Loan Sequence: 0005 Financial Transactions**

| Date | Transaction Type | Total Amount of Transaction | Amount to Principal | Amount to Interest | Principal Balance |
|------|------------------|-----------------------------|---------------------|--------------------|-------------------|
| 04/19/2013 | CONVERSION | + $2,909.11 | + $2,500.00 | + $409.11 | $2,500.00 |
| 10/20/2014 | INT CAPITLZTN | $0.00 | + $664.80 | $664.80 | $3,164.80 |
| 01/04/2016 | PAYMENT | $46.88 | $0.00 | $46.88 | $3,164.80 |
| 01/15/2016 | INT CAPITLZTN | $0.00 | + $219.59 | $219.59 | $3,384.39 |
| 11/01/2016 | INT CAPITLZTN | $0.00 | + $182.95 | $182.95 | $3,567.34 |

**Loan Sequence: 0006 Financial Transactions**

| Date | Transaction Type | Total Amount of Transaction | Amount to Principal | Amount to Interest | Principal Balance |
|------|------------------|-----------------------------|---------------------|--------------------|-------------------|
| 04/19/2013 | CONVERSION | + $1,645.76 | + $1,500.00 | + $145.76 | $1,500.00 |
| 10/20/2014 | INT CAPITLZTN | $0.00 | + $299.17 | $299.17 | $1,799.17 |
| 01/04/2016 | PAYMENT | $26.65 | $0.00 | $26.65 | $1,799.17 |
| 01/15/2016 | INT CAPITLZTN | $0.00 | + $124.83 | $124.83 | $1,924.00 |
| 11/01/2016 | INT CAPITLZTN | $0.00 | + $104.00 | $104.00 | $2,028.00 |

  

**U.S. Department of Education**
Information about your federal student loan

## YOUR CREDIT DISPUTE RESPONSE

**Account Number: 69 2416 5417**

December 15, 2016

#BWBBCFT
#B344 4105 7612 16L8#
WENDELL D O NEAL
5575 SIMMONS ST
STE 1
NORTH LAS VEGAS NV 89031-9008

We received and investigated your credit dispute. Our investigation included the review of all relevant account history and documentation, including any information you provided to us. Based on this review, we determined the information reported is accurate; therefore, no corrections were requested for the loans listed on the back of this letter.

**Do you still have concerns?**
If you still believe we reported incomplete or inaccurate information, please complete and return the Direct Credit Dispute form, including all relevant information, to the following address:

FedLoan Servicing Credit
P.O. Box 60610
Harrisburg, PA 17106-0610

**How to Request a Copy of Your Credit Report**

Visit AnnualCreditReport.com to get a free copy of your credit report from each nationwide consumer reporting agency. You can receive a free credit report from each agency once every 12 months.

You can also order your free credit report by calling (877) 322-8228 or by downloading and completing the Annual Credit Report Request Form at ConsumerFinance.gov/askcfpb and mailing it to:

Annual Credit Report Request Service
P.O. Box 105281
Atlanta, GA 30348-5281

PH19523   FS30OTRDC   6924165417   FLS1CL      00008163500000727

**Loan Information**

| Loan Sequence | Loan Program | Disbursement Date | Current Principal Balance | Loan Owner |
|---|---|---|---|---|
| 0001 | DLSTFD | 01/14/2010 | $3,864.81 | U.S. DEPT |
| 0002 | DLSTFD | 09/13/2010 | $3,791.79 | U.S. DEPT |
| 0003 | DLSTFD | 09/09/2011 | $4,782.11 | U.S. DEPT |
| 0004 | DLUNST | 01/29/2010 | $3,687.44 | U.S. DEPT |
| 0005 | DLUNST | 09/13/2010 | $3,567.34 | U.S. DEPT |
| 0006 | DLUNST | 09/09/2011 | $2,028.00 | U.S. DEPT |
| 0007 | DLSTFD | 09/06/2012 | $4,863.63 | U.S. DEPT |
| 0008 | DLUNST | 09/06/2012 | $3,047.25 | U.S. DEPT |
| 0009 | DLSTFD | 07/23/2013 | $2,240.83 | U.S. DEPT |
| 0010 | DLUNST | 07/23/2013 | $0.00 | U.S. DEPT |
| 0011 | DLSTFD | 01/24/2014 | $3,822.17 | U.S. DEPT |
| 0012 | DLUNST | 02/01/2014 | $1,542.66 | U.S. DEPT |

 

Records Code: XBCR
Version Date: 02/15

**U.S. Department of Education**
Information about your federal student loan

## Direct Credit Dispute Form

### Identifying Information

| | | | |
|---|---|---|---|
| Name | | Fedloan Servicing Account# or SSN | |
| Address | | | |
| City | | State | Zip Code |
| Phone Number | | Date | |

### Dispute Information

Tradeline Account #(s)* 

Specific Information Disputed 

Basis/ Reason for the Dispute:

- [ ] This is not my account.
- [ ] This account is in bankruptcy.
- [ ] I have paid this account in full.
- [ ] I have never paid late. **Please explain in detail.**
- [ ] This account is closed.
- [ ] Other: **Please explain in detail.**

### Dispute Detail

Details 

### Additional Relevant Information

Comments 

Please attach copies of any additional supporting documentation (e.g., copy of the relevant portion of the consumer report; police report; fraud or identity theft affidavit; court order; account statements, etc.).

*If you have multiple loans serviced by our office, provide the specific tradeline account number or information about each loan sequence (e.g., disbursement date, current principal balance, etc.) to help us identify the loans you are disputing.

Send completed form to:    Fedloan Servicing Credit
                           P.O Box 60610
                           Harrisburg, PA 17106-0610

        Or fax to:    717-720-1628

# fedloan ★ SERVICING

**U.S. Department of Education**
Information about your federal student loan

3480280152530 1

December 13, 2016

# MONTHLY BILL

**Name: WENDELL D O NEAL**
**Account Number: 69 2416 5417**

| Payment Summary | |
|---|---|
| Last Payment Received | 01/04/2016 |
| Amount Past Due | $770.52 |
| Current Payment Due | $407.05 |
| **Total Due by 01/03/2017** | **$1,177.57** |

## YOUR LOAN DETAILS

| Date Disbursed | Loan Program | Original Balance | Current Balance | Outstanding Interest | Interest Rate | Monthly Payment | Past Due | Current Due |
|---|---|---|---|---|---|---|---|---|
| 01/14/2010 | DLSTFD | $3,500.00 | $3,864.81 | $24.83 | 5.600% | $43.43 | $81.88 | $43.43 |
| 09/13/2010 | DLSTFD | $3,500.00 | $3,791.79 | $19.57 | 4.500% | $40.53 | $77.04 | $40.53 |
| 09/09/2011 | DLSTFD | $4,500.00 | $4,782.11 | $18.65 | 3.400% | $48.57 | $93.10 | $48.57 |
| 09/06/2012 | DLSTFD | $4,500.00 | $4,863.63 | $18.97 | 3.400% | $49.40 | $94.70 | $49.40 |
| 07/23/2013 | DLSTFD | $2,052.00 | $2,240.83 | $9.91 | 3.860% | $23.25 | $44.42 | $23.25 |
| 01/24/2014 | DLSTFD | $3,500.00 | $3,822.17 | $16.92 | 3.860% | $39.67 | $75.76 | $39.67 |
| 01/29/2010 | DLUNST | $2,500.00 | $3,687.44 | $28.77 | 6.800% | $43.72 | $81.66 | $43.72 |
| 09/13/2010 | DLUNST | $2,500.00 | $3,567.34 | $27.83 | 6.800% | $42.30 | $79.00 | $42.30 |
| 09/09/2011 | DLUNST | $1,500.00 | $2,028.00 | $15.82 | 6.800% | $24.04 | $44.90 | $24.04 |
| 09/06/2012 | DLUNST | $2,390.00 | $3,047.25 | $23.77 | 6.800% | $36.13 | $67.48 | $36.13 |
| 02/01/2014 | DLUNST | $1,404.00 | $1,542.66 | $6.83 | 3.860% | $16.01 | $30.58 | $16.01 |

Your student loan payment is past due. If you can't afford your payment, visit MyFedLoan.org/TroublePaying.

| Total paid since your last statement | $0.00 |
|---|---|
| Interest Satisfied | $0.00 |
| Principal Satisfied | $0.00 |

| As of today, you've paid on your loans | $365.07 |
|---|---|
| Total Interest Satisfied | $365.07 |
| Total Principal Satisfied | $0.00 |

---

**Make checks payable to FedLoan Servicing and include your 10 digit account number.**
**Customer Statement**

Account Number: 69 2416 5417
Total Amount Due: $1,177.57
Due Date: 01/03/2017

Amount Enclosed: Do not write dollar sign in boxes below or on check.



$ [ ][ ][ ][ ][ ][ ][ ]

20163480169241654171000117757000000000000000007

#BWBBCFT
#B344 4105 7612 13L1#
WENDELL D O NEAL
5575 SIMMONS ST
STE 1
NORTH LAS VEGAS NV 89031-9008



DEPARTMENT OF EDUCATION
FEDLOAN SERVICING
PO BOX 530210
ATLANTA GA 30353-0210



**Need help understanding your bill?**
Visit **MyFedLoan.org/Bill**.

## HOW TO PAY

- **Pay Automatically:** Enroll at **MyFedLoan.org** to save 0.25% off your interest rate for using *Direct Debit* (our FREE automated payment service)!

- **Pay Online:** **MyFedLoan.org**

- **Pay by Phone:** **800.699.2908**

- **Pay by Mail:** **Department of Education**
  **FedLoan Servicing**
  **P.O. Box 530210**
  **Atlanta, GA 30353-0210**

Include your account number on a check or money order made payable to **FedLoan Servicing**. *Do not send cash.* Only send payments to this address. All other communications, including payment application instructions, should be sent to the correspondence address.

**Payment Processing:** It may take a few days for the payment to be posted to your account. Once we are notified of the payment, we will update your account and the payment will be effective the day it was received.

## PAYMENT OPTIONS

If you can't afford your student loan payments, there are different directions you can take, such as:

- Lower your monthly payments
- Temporarily postpone your payments*
- Change your payment due date
- Reduce or "cancel" your loan*
  * Subject to eligibility requirements

You can change your repayment plan at any time. Both FFELP and Direct Loans are eligible for Standard, Graduated, 25-Year Extended (fixed or graduated), and Income-Based plans. The Income-Sensitive plan is only available to FFELP borrowers. Direct Loan borrowers are eligible for Pay As You Earn, Revised Pay As You Earn and Income-Contingent Repayment plans.

**Borrowers making payments toward Public Service Loan Forgiveness (PSLF):** You can change your repayment plan at any time. To view eligible repayment plans for PSLF, visit **MyFedLoan.org/PSLF**. *REMEMBER: If you want to receive the most benefits from the PSLF Program, you should select a Pay As You Earn, Revised Pay As You Earn, Income-Based, or Income-Contingent plan.*

For additional payment plan information, or to request a plan, call us or visit **MyFedLoan.org/PaymentPlans**. You can also explore your options at the U.S. Department of Education's website: **studentaid.gov**.

## GENERAL INFORMATION

**Payment Application:** We apply payments first to outstanding accrued interest, then to principal balance, unless fees have been assessed. To learn more about how your payments are applied and targeting payments, visit **MyFedLoan.org/PaymentApplication**.

**Payments In Full:** The balance on this bill is not a valid payoff amount, as it may not account for all accrued interest or fees. For a valid payoff amount, select Payoff within Account Access at **MyFedLoan.org** or contact us at **800.699.2908**. Portions of a consolidation (such as subsidized and unsubsidized) must be treated as one loan.

**Paid Ahead:** Unless you specify otherwise, we apply payments in excess of the amount due first to outstanding installments, then future bills. *EXCEPTION: if you are billed for $0.00 under an Income-Driven Repayment plan, payments will not satisfy future bills.* If your paid ahead amount only partially satisfies a future bill, your Total Amount Due will be the portion not satisfied by your paid ahead amount.

If you've satisfied a full future bill, your amount due could be $0.00. While paid ahead, you should continue to make payments since interest will continue to accrue on your outstanding principal balance.

**Authorization for Electronic Debit:** If you pay by check, you authorize us to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. This can mean that funds are withdrawn the day we receive your check and/or that you will not receive your check back from your financial institution.

**Consumer Reporting Agencies:** We report information about loans to the nationwide consumer reporting agencies. Late payments, missed payments or other defaults may be reflected in your credit report and the credit report for any other party to the loans.

**Document Format:** Current and prospective borrowers are entitled to receive any student loan related communication or document in an accessible, alternative format. Borrowers interested in receiving student aid forms, student loan statements, notices, written communications, and publications in alternative formats should contact us directly at **800.699.2908** or by email at **AccountInfo@MyFedLoan.org**. FedLoan Servicing offers various alternative formats such as Braille, large print, audio CD, and digital navigable formats supported by computers and digital talking-book players, delivered through data CD, email, or other electronic means.

## QUESTIONS?
Visit **MyFedLoan.org** or call us toll-free at **800.699.2908** Mon.– Fri. 8 AM–9 PM (ET).

| | |
|---|---|
| **Correspondence Address:** | FedLoan Servicing<br>PO Box 69184<br>Harrisburg, PA 17106-9184 |
| **Credit Dispute:** | FedLoan Servicing Credit<br>PO Box 60610<br>Harrisburg, PA 17106-0610 |

**Do not send payments to these addresses.** *This will cause a delay and could cause your loans to show past due.*

---

# Save Time and Money at MyFedLoan.org

• Make Payments • Explore Repayment Plan Options • Update Contact Information • Review Account History • Go Paperless 

---



### Attention Service Members
Learn about the benefits that you may be eligible for, including the Servicemembers Civil Relief Act (SCRA), at **MyFedLoan.org/Benefits**.



### Do you work in Public Service?
Your qualifying employment may make you eligible for loan forgiveness on your Direct Loans. Learn more about eligibility for Public Service Loan Forgiveness (PSLF) at **MyFedLoan.org/PSLF**.

F_BRLP 08/16

 **Gmail**

Wendell D. O'Neal <wendelloneal@gmail.com>

---

## Reconsideration Petition for Reconsideration of Summarily Dismissing Misrepresentation Complaint Against University of Phoenix, Case #14-13873 O'Neal, Wendell
11 messages

---

**Wendell O'Neal** <wendelloneal@gmail.com>                           Fri, Aug 8, 2014 at 12:42 PM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: "Rubalcava, Christina" <crubalcava@omlaw.com>
Bcc: Wendell O'Neal <wendelloneal@gmail.com>

Good Afternoon Serena,

Please find attached a Petition for your agency to
reconsider summarily dismissing my misrepresentation
complaint against the University of Phoenix Inc. pursuant
to administrative appeal if necessary.

I spoke with a different representative earlier this week
who suggested revising my initial complaint and
resubmitting for assessment by your agency towards further
remedy.

I have attached an Appendix of Exhibits to said Petition
as well as to this e-mail supporting my claims for your
reconsideration and will appreciate a reply confirming
receipt moving forward.

Respectfully yours,

Wendell.

---

**4 attachments**

📄 **09 AUG. 14 U.S. EDUCATION DEP'T COMPLAINT AGAINST THE UNIVERSITY OF PHOENIX INC.**
**FOR MISREPRESENTATION AND FRAUD.pdf**
1059K

📄 **24 SEPT. 13 UNIVERSITY OF PHOENIX STUDENT PROGRAM AUDIT REPORT FOR WENDELL D.**
**O'NEAL.pdf**
41K

📄 **12 JUNE 13 UNIVERSITY OF PHOENIX, WAIVER EVALUATION LETTER, IMPORTED CREDITS.pdf**
21K

📄 **11 JULY 13 UOPHX, APOLLO GROUP, FINANCIAL AID AWARD LETTER, O'NEAL v DEILMAN ET**
**AL, 14-1080-PHX-SRB.pdf**
55K

**Amos, Serena** <Serena.Amos@ed.gov>                    Fri, Aug 8, 2014 at 1:26 PM
To: Wendell O'Neal <wendelloneal@gmail.com>
Cc: "Rubalcava, Christina" <crubalcava@omlaw.com>

Mr. O'Neal,

I am in receipt of the e-mail below; however, I am not an attorney, therefore I cannot read the attached documents which appear legal in nature. As previously stated in communication with you, our office oversees the administration and compliance of Federal Student Aid programs. University of Phoenix followed regulations in regards to how you were awarded Federal Student Aid.

Please provide the name of the representative at the US Department of Education you note you spoke to earlier this week that advised you to revisit this case.

While I understand that you are unsatisfied with the outcome of your case, there is no further action our office can take.

Thank you,

**Serena Amos**

Complaint Resolution Specialist

Federal Student Aid/Program Compliance

School Eligibility Service Group

Customer Engagement and Information Management

(206)615-2594 Office



**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Friday, August 08, 2014 12:43 PM
**To:** Amos, Serena
**Cc:** Rubalcava, Christina
**Subject:** Reconsideration Petition for Reconsideration of Summarily Dismissing Misrepresentation
Complaint Against University of Phoenix, Case #14-13873 O'Neal, Wendell

[Quoted text hidden]

---

Wendell O'Neal <wendelloneal@gmail.com>                    Fri, Aug 8, 2014 at 1:35 PM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: "Rubalcava, Christina" <crubalcava@omlaw.com>
Bcc: Wendell O'Neal <wendelloneal@gmail.com>

Thank you for your early reply.

I have to review notations to provide the information you
requested. However, Receptionist Ruby referred me to said
person.

Meanwhile, I'm construing your reply as denying my
reconsideration petition and submitting the same for
federal court judicial review of the U.S. Dep't. of
Education's decision.

Alternatively, I will very much appreciate if you would
forward my reconsideration petition to the department's
counsel and reply confirming your actions.  If not, then
please reply indicating decline to forward said material
to counsel.

Respectfully,

Wendell.
[Quoted text hidden]

---

Amos, Serena <Serena.Amos@ed.gov>                          Fri, Aug 8, 2014 at 1:43 PM
To: Wendell O'Neal <wendelloneal@gmail.com>
Cc: "Rubalcava, Christina" <crubalcava@omlaw.com>

Mr. O'neal,


Ruby is my co-worker and I've requested the information directly from her.

If you have an active case open with Office of General Counsel please provide me the case number and I'll forward all information to the appropriate office.

Thank you,

**Serena Amos**

Complaint Resolution Specialist

Federal Student Aid/Program Compliance

School Eligibility Service Group

Customer Engagement and Information Management

(206)615-2594 Office



**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Friday, August 08, 2014 1:35 PM
**To:** Amos, Serena
**Cc:** Rubalcava, Christina
**Subject:** Re: Reconsideration Petition for Reconsideration of Summarily Dismissing Misrepresentation Complaint Against University of Phoenix, Case #14-13873 O'Neal, Wendell

[Quoted text hidden]

---

Wendell O'Neal <wendelloneal@gmail.com>                                 Fri, Aug 8, 2014 at 2:41 PM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

Serena,

Thank you very much for all considerations. I understand you are not an attorney an respectfully requested you forward mu reconsideration petition to the Office of General Counsel for a response regarding Case # 14-13873.

Please forward my reconsideration petition to the Office
of General Counsel or whatever attorney that represents
the U.S. Dep't. of Education.

Please confirm you forwarding by reply e-mail.

Thanks Serena.


[Quoted text hidden]

---

**Wendell O'Neal** <wendelloneal@gmail.com>                Mon, Aug 11, 2014 at 11:35 AM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

Good Afternoon Serena,

Please inform whether you forwarded my misrepresentation
complaint against the University of Phoenix for review by
an attorney representing your agency for determination of
merit.

Additionally, please provide your supervisor's or regional
management offices information towards exhausting
administrative remedies pursuant to judicial review of
your summary dismissal of my complaint supra.

Meanwhile, thanking you very much in advance for
cooperation towards further review of said complaint
supra.

Wendell.


---------- Forwarded message ----------
From: **Wendell O'Neal** <wendelloneal@gmail.com>
Date: Fri, Aug 8, 2014 at 2:41 PM
Subject: Re: Reconsideration Petition for Reconsideration of Summarily Dismissing Misrepresentation
Complaint Against University of Phoenix, Case #14-13873 O'Neal, Wendell
[Quoted text hidden]

---

**Amos, Serena** <Serena.Amos@ed.gov>                     Mon, Aug 11, 2014 at 11:37 AM
To: Wendell O'Neal <wendelloneal@gmail.com>

Mr. O'neal,

Please provide me with your Office of General Counsel case number so that I can forward this information to the appropriate location.


Thank you,


-Serena Amos

206-615-2594


**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Monday, August 11, 2014 11:36 AM
**To:** Amos, Serena
**Cc:** Wendell O'Neal
**Subject:** Fwd: Reconsideration Petition for Reconsideration of Summarily Dismissing Misrepresentation Complaint Against University of Phoenix, Case #14-13873 O'Neal, Wendell

[Quoted text hidden]

---

**Wendell O'Neal** <wendelloneal@gmail.com>                          Mon, Aug 11, 2014 at 12:07 PM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

Serena,

I do not have an Office of General Counsel case number other than the one your agency assigned.

Therefore, I requested management information to determine the next level of review before appealing to the United States District Court, D.C. District.

Alternatively, I'm requesting you forward my complaint to someone with legal knowledge to determine whether facts presented support false certification of financial aid funding and educational programming misrepresentation.

Earlier I thought we both concluded the University exceeded the maximum annual 12/13 Stafford loan limit by certifying $12,500.00 and disbursing $6,186.00 after my attendance during the fall and spring semesters at Calhoun Community College.

At most, you agreed the University made an overpayment if the University disbursed $6,186.00 after Calhoun did the same as evidenced by NSLD records.

I also presented evidence the University certified said funds by staff's application for waiver contrary to policy. Federal regulations prohibit Stafford loan eligibility increases contrary to University policy under educational programming clauses. *See Attached Reconsideration Petition Averments 11-12 in support. Title 34 CFR 668.72(2).*

I appreciate your admitting you cannot examine legal issues. Therefore, I'm requesting you forward the matter to a supervisor or the agencies counsel for a determination of merit to my claims.

Respectfully,

Wendell.
[Quoted text hidden]

---

📄 **09 AUG. 14 U.S. EDUCATION DEP'T COMPLAINT AGAINST THE UNIVERSITY OF PHOENIX INC. FOR MISREPRESENTATION AND FRAUD.pdf**
1059K

---

**Wendell O'Neal** <wendelloneal@gmail.com>                    Mon, Aug 11, 2014 at 12:20 PM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

Serena,

I agree with you the University was required to certify the maximum loan limit which was based upon previously earned credits. In this case, the University certified $10,500.00 then increased it to $12,500.00 by importing additional credits by a policy waiver submitted by staff which presents a clear case of fraud if the student was required to apply under policy.

Moreover, Calhoun had already disbursed $6,186.00 for the 12/13 academic year that reduced eligibility under $10,500.00 due to re-enrollment within 180 days.

Respectfully,

Wendell.

---------- Forwarded message ----------
From: **Wendell O'Neal** <wendelloneal@gmail.com>
[Quoted text hidden]

📄 **09 AUG. 14 U.S. EDUCATION DEP'T COMPLAINT AGAINST THE UNIVERSITY OF PHOENIX INC.
FOR MISREPRESENTATION AND FRAUD.pdf**
1059K

---

**Amos, Serena** <Serena.Amos@ed.gov>                         Mon, Aug 11, 2014 at 12:23 PM
To: Wendell O'Neal <wendelloneal@gmail.com>

Mr. O'neal,


I do not agree with what you have noted below; I did not conclude that. Our office has previously closed
Case #14-13873 with findings that University of Phoenix administered Federal Student Aid in accordance
with regulations and are in compliance.


Please contact the Office of General Counsel for further communication with the US Department of
Education; I can no longer assist.


Thank you,


-Serena Amos

206-615-2594


**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Monday, August 11, 2014 12:07 PM
**To:** Amos, Serena
**Cc:** Wendell O'Neal

[Quoted text hidden]

[Quoted text hidden]

---

**wendelloneal@gmail.com** <wendelloneal@gmail.com>          Mon, Aug 11, 2014 at 2:24 PM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: "wendelloneal@gmail.com" <wendelloneal@gmail.com>

Thank you for your consideration.

Wendell Dwayne O'Neal

**From:** Amos, Serena
**Sent:** Monday, August 11, 2014 12:23 PM
**To:** Wendell O'Neal
[Quoted text hidden]

Case 2:16-cv-05089-GMS  Document 18  Filed 01/09/17  Page 43 of 52

 **Gmail**

Wendell D. O'Neal <wendelloneal@gmail.com>

---

## US Department of Education, Case #14-13873 O'Neal, Wendell
8 messages

**Amos, Serena** <Serena.Amos@ed.gov>                                     Tue, Aug 5, 2014 at 9:21 AM
To: "wendelloneal@gmail.com" <wendelloneal@gmail.com>
Cc: "Raquel.Sosa@phoenix.edu" <Raquel.Sosa@phoenix.edu>

Good Morning Mr. O'Neal,

This e-mail is a follow-up to our telephone conversation moments ago.   Your concerns are regarding University of Phoenix awarding you undergraduate loan amounts based on incoming transfer credit. You believe they have increased your loan amounts without your written permission.   Once a student fills out a FAFSA and signs the Master Promissory Note a school must award to maximum eligibility unless a student cancels their loan.  You noted that you did not cancel your loan.

I've advised you that the institution is required by federal law to grant you aid based on your eligibility.  UOP determined you to be a third year undergraduate student and awarded you based on the information they had received from you.

| Third-Year and Beyond Undergraduate Annual Loan Limit | $7,500—No more than $5,500 of this amount may be in subsidized loans. | $12,500—No more than $5,500 of this amount may be in subsidized loans. |
|---|---|---|

Additionally, you noted that during your initial communication UOP stated you were Pell Grant Eligible, however, upon the school receiving documentation from Calhoun Community College and in your National Student Loan Database (NSLDS) history they re-sent an award letter which reduced your Pell Grant eligibility.  Again, similar to the information above, the school was required to award you based on knowledge they had at the time of enrollment, and re-award when information was received from previous schools and NSLDS.

I hope this information is helpful.  I've CC'ed Raquel Sosa on this complaint.  Ms. Sosa works in Dispute Management at Apollo Group and may be able to assist you further.

Thank you,


Serena Amos

Complaint Resolution Specialist

Federal Student Aid/Program Compliance

School Eligibility Service Group

Customer Engagement and Information Management

(206)615-2594 Office


**Federal Student Aid** | PROUD SPONSOR of the AMERICAN MIND™
An OFFICE of the U.S. DEPARTMENT of EDUCATION

---

**Wendell O'Neal** <wendelloneal@gmail.com>                              Tue, Aug 5, 2014 at 9:26 AM
To: "Amos, Serena" <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

   Thank you for the information.

   Respectfully,

   Wendell.

   [Quoted text hidden]

---

**Wendell O'Neal** <wendelloneal@gmail.com>                              Tue, Aug 5, 2014 at 9:40 AM
To: Serena Amos <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

   Serena,

   Inicidentally, please respond whether I was eligible for $12,500.00 at the University after Calhoun disbursed $6,490.00 for
   the 12/13 term?

   Respectfully,

   Wendell.

   On Aug 5, 2014 11:21 AM, "Amos, Serena" <Serena.Amos@ed.gov> wrote:
   [Quoted text hidden]

---

**Amos, Serena** <Serena.Amos@ed.gov>                                   Tue, Aug 5, 2014 at 9:47 AM
To: Wendell O'Neal <wendelloneal@gmail.com>
Cc: "Raquel.Sosa@phoenix.edu" <Raquel.Sosa@phoenix.edu>

   Mr. O'Neal,


   I cannot comment on your award amounts because I do not have access to student records or loan history.  Only
   University of Phoenix can provide that information to you.


   Thank you,


   -Serena Amos

   206-615-2594


   **From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
   **Sent:** Tuesday, August 05, 2014 9:41 AM
   **To:** Amos, Serena
   **Cc:** Wendell O'Neal
   **Subject:** Re: US Department of Education, Case #14-13873 O'Neal, Wendell

[Quoted text hidden]

---

**Wendell O'Neal** <wendelloneal@gmail.com>                                    Tue, Aug 5, 2014 at 10:00 AM
To: Serena Amos <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

Will send the NSLD information shortly.

Can't contact University staff for reply due to counsel representation.

Meanwhile, again, Calhoun disbursed $6,490.00 in Stafford loans for the 12/13 academic year (fall, spring).

The University disbursed $12,500.00 for the 12/13 summer term.

Please reply whether the maximum annual loan limit was exceeded based upon the foregoing information if taken as true.

Respectfully,

Wendell.

[Quoted text hidden]

---

**Amos, Serena** <Serena.Amos@ed.gov>                                         Tue, Aug 5, 2014 at 10:26 AM
To: Wendell O'Neal <wendelloneal@gmail.com>
Cc: "Raquel.Sosa@phoenix.edu" <Raquel.Sosa@phoenix.edu>

Mr. O'Neal,


That is not enough information me for to determine award amounts. There is varied information involved to package an award, for instance, length of award year, terms, schools previously attended, etc. I cannot calculate eligibility.


A school cannot disburse an amount of $12,500 for one term, and your NSLDS history does not show that UOP did that. Below is a print-out of your NSLDS history for UOP in 2013-2014.

| 3 | D2 - DIRECT STAFFORD UNSUB UNIVERSITY OF PHOENIX - 02098800 | | | Status: CA as of 09/11/2013 | | Loan Detail | |
|---|---|---|---|---|---|---|---|
| **Approved Amt:** | $0 | **Disbursed Amt:** | $0 | **OPB:** | $0 | **Agg. OPB:** | $0 |
| **Loan Date:** | 07/23/2013 | **Sep. Loan Ind:** | A | **Loan Period:** | 05/28/2013 - 04/08/2014 | | |
| **Last Disb. Date:** | 07/23/2013 | **Last Disb. Amt:** | $0 | **Acad. Lv:** | 3 | | |
| **ED Servicer:** | DEPT OF ED/FEDLOAN SERVICING(PHEAA) - 579 | | | | | | |
| 4 | D1 - DIRECT STAFFORD SUB UNIVERSITY OF PHOENIX - 02098800 | | | Status: IG as of 04/20/2014 | | Loan Detail | |
| **Approved Amt:** | $2,052 | **Disbursed Amt:** | $2,052 | **OPB:** | $2,052 | **Agg. OPB:** | $2,052 |
| **Loan Date:** | 07/23/2013 | **Sep. Loan Ind:** | A | **Loan Period:** | 05/28/2013 - 04/08/2014 | | |
| **Last Disb. Date:** | 07/23/2013 | **Last Disb. Amt:** | $2,052 | **Acad. Lv:** | 3 | | |
| **ED Servicer:** | DEPT OF ED/FEDLOAN SERVICING(PHEAA) - 579 | | | | | | |

Thank you,


-Serena Amos

206-615-2594

**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Tuesday, August 05, 2014 10:00 AM
**To:** Amos, Serena
**Cc:** Wendell O'Neal
**Subject:** RE: US Department of Education, Case #14-13873 O'Neal, Wendell

[Quoted text hidden]

---

Wendell O'Neal <wendelloneal@gmail.com>                                    Tue, Aug 5, 2014 at 11:18 AM
To: Serena Amos <Serena.Amos@ed.gov>
Cc: Wendell O'Neal <wendelloneal@gmail.com>

Thank you for your reply that "a school cannot disburse $12,500.00 for one term and that the University did not do that based upon NSLD.

The University certified $12,500.00 and issued an award letter but did not disburse due to forcing my withdrawal by misrepresenting 12/13 Pell eligibility to pay online attendance expenses.

You appear to have answered my question affirmatively that the University could not disburse $12,500.00 after Calhoun's $6,490.00 during the 12/13 academic term including summer semester beginning on 05/28.

The 12/13 term ended on or about 07/01.

The University certified $12,500.00 for 12/13 online classes beginning on 05/28.

The University canceled and returned $7,000.00 in Stafford unsubsidized loans after causing withdrawal expressed above.

I'm impressed federal regulations prohibit financial aid misrepresentation and false Stafford loan certification.

In light, please confirm the University falsely certified $12,500.00 in Stafford loans for the 12/13 academic year ending on or about 06/30 under the foregoing circumstances of Calhoun's $6,490.00 disbursement beforehand, or, alternatively, explain why not.

I'm reliant upon your replies as a representative of the U.S. Dept of Education towards dispute resolution.

Respectfully,

Wendell.

[Quoted text hidden]

---

Amos, Serena <Serena.Amos@ed.gov>                                          Tue, Aug 5, 2014 at 1:07 PM
To: Wendell O'Neal <wendelloneal@gmail.com>
Cc: "Raquel.Sosa@phoenix.edu" <Raquel.Sosa@phoenix.edu>

Mr. O'Neal,

The school did not certify $12,500.00, they only noted that is what you are eligible for based on your 3rd year undergraduate status. This information is clear in the NSLDS screen shot I sent to you in a previous e-mail. This award was noted on an award letter, which is accurate. When the school received solid supporting documentation of your previously attended school and your previously received award amounts they were required to reduce eligibility and re-send an updated award letter.

The financial aid office at UOP has no way of knowing a student's accurate financial aid history until the time of award packaging. At that time they can confirm a student's account history and funds received in the same award year by a previously attended institution.

University of Phoenix is not in violation of any federal law pertaining to the administration of Federal Student Aid, therefore, our office has closed this case effective today, August 5, 2014.   No further action is needed by the institution.


Thank you,


-Serena Amos

206-615-2594


**From:** Wendell O'Neal [mailto:wendelloneal@gmail.com]
**Sent:** Tuesday, August 05, 2014 11:19 AM

[Quoted text hidden]

[Quoted text hidden]

 **University of Phoenix**

Student Financial Services - Operations
3157 E. Elwood Street
Phoenix, AZ 85034

July 11, 2013

Wendell D O'neal                                    IRN:  9033145775
18463 N. Celis                                      Campus:  Onl Assoc College Univ of Phx
Maricopa, AZ  85138                                 Award Year:   2013

Dear Wendell,

You are eligible to receive $2,775.00 in federal financial aid grants, and $12,500.00 in federal financial aid loans for a combined total award of $15,275.00.

We provided the calculation to help you understand your need-based aid award amount.  The amount of STUDENT REPORTED OTHER AID may affect your award amount.  Please confirm that this amount reflects aid directly paid to you and not funds the University receives on your behalf, as these funds are reflected in the OTHER AID ADJUSTMENTS section.  In addition, please ensure the amount you have or will receive is accurate in the STUDENT REPORTED OTHER AID section.

If you have any questions or need to update the amount in STUDENT REPORTED OTHER AID section, contact your finance advisor.  A Glossary of Terms is provided for your convenience.  Please refer to the tables below for details of your financial aid awards.

### Financial Aid Awards

Academic Year Starting: 05/28/2013

 University of Phoenix

Student Financial Services - Operations
3157 E. Elwood Street
Phoenix, AZ  85034

|  | Amount |
|---|---|
| Cost of Attendance (COA) | $24,320.00 |
| Expected Family Contribution (EFC) | $0.00 |
| Pell Grant Funds | $2,775.00 |
| **STUDENT REPORTED OTHER AID** | |
| Tuition Assistance/Reimbursement | $0.00 |
| Other Aid | $0.00 |
| **OTHER AID ADJUSTMENTS** | |
| Oracle Financial Assistance | $0.00 |
| Scholarships | $0.00 |
| State Grants | $0.00 |
| Veterans Assistance | $0.00 |
| FSEOG Grant | $0.00 |
| Need-based Institution Grants | $0.00 |
| Perkins Loan | $0.00 |
| Direct Subsidized Loan Awarded | $5,500.00 |
| TEACH Grant | $0.00 |
| **TOTAL NEED-BASED AID ELIGIBILITY** | $16,045.00 |
| **REMAINING COST-BASED AID ELIGIBILITY** | $16,045.00 |
| Montgomery GI Bill | $0.00 |
| AmeriCorps | $0.00 |
| Direct Unsubsidized Loan Awarded | $7,000.00 |
| PLUS Loan Awarded | $0.00 |
| Grad PLUS Loan Awarded | $0.00 |
| Private Loan | $0.00 |
| Non-Need-based Institution Grants | $0.00 |
| **TOTAL REMAINING COST-BASED AID ELIGIBILITY** | $9,045.00 |



University of Phoenix

Student Financial Services - Operations
3157 E. Elwood Street
Phoenix, AZ 85034

| Federal Financial Aid Grants | | | | |
|---|---|---|---|---|
| | Amount | Credits Needed to Complete | Anticipated Date* | Total |
| PELL | $2,775.00 | 12 | 20-JUL-2013 | $2,775.00 |
| Total Federal Grants | $2,775.00 | | | $2,775.00 |

| Federal Financial Aid Loans | First Disbursement | | Second Disbursement | | Total |
|---|---|---|---|---|---|
| Credits Earned | 12 Credits | | 12 Credits | | 24 Credits |
| Weeks of Instructional Time | 20 Weeks Minimum | | 20 Weeks Minimum | | 40 Weeks Minimum |
| | Amount | Anticipated Date* | Amount | Anticipated Date* | |
| Direct Loan Sub CR - 1 | $2,750.00 | 20-JUL-2013 | $2,750.00 | 08-NOV-2013 | $5,500.00 |
| Direct Loan Unsub CR - 1 | $3,500.00 | 20-JUL-2013 | $3,500.00 | 08-NOV-2013 | $7,000.00 |
| Total Federal Loans | $6,250.00 | | $6,250.00 | | $12,500.00 |
| Total Awards | | | | | $15,275.00 |

*The estimated disbursement dates are reflected above. Changes to each anticipated disbursement date could result from the following:

- Changes to your course schedule
- Changes to your program of study
- Unsuccessful course completion
- Leave of Absence
- Changes to award eligibility
- Course Withdrawal

Financial aid funds will be applied directly to your student account upon meeting eligibility criteria. If you are eligible to receive any remaining funds, they will be sent to you in accordance with your credit balance delivery option approximately 14 days after the funds are disbursed to your student account.

 Student Financial Services - Operations
3157 E. Elwood Street
Phoenix, AZ  85034

We encourage you to find and apply for non-federally funded opportunities, including scholarships, grants and employer tuition assistance.  By applying for and receiving other sources of tuition assistance, you could reduce your dependence on federal student aid programs and reduce any out-of-pocket cost for your education.

If you have any questions regarding your financial aid while attending the University, or for further information on alternative funding sources, please see the Consumer Information Guide located at http://www.phoenix.edu/about_us/regulatory/consumer-information.html  or contact your finance advisor.

Sincerely,

University of Phoenix

 **University of Phoenix**

Student Financial Services - Operations
3157 E. Elwood Street
Phoenix, AZ  85034

Academic Year
The period of time in which a full-time student is expected to successfully complete at least 24 credits and 30 weeks of instructional time.

Federal Pell Grant
A Federal Pell Grant, unlike a loan, does not have to be repaid.  Generally, Pell Grants are awarded only to undergraduate students who have not earned a bachelor's or a professional degree.

Direct Subsidized Loans
Direct Subsidized Loans are for students with financial need.  The University will review the results of the FAFSA and determine the amount a student can borrow.  The student is not charged interest while enrolled in school at least half-time, and during grace periods and deferment periods.

Direct Unsubsidized Loans
The student is not required to demonstrate financial need to receive a Direct Unsubsidized Loan.  Like subsidized loans, the University will determine the amount a student can borrow.  Interest accrues on an unsubsidized loan from the time it is first paid out.  The student can pay the interest while in school and during grace periods and deferment or forbearance periods, or can allow it to accrue and be capitalized (that is, added to the principal amount of the loan).  If a student chooses not to pay the interest as it accrues, this will increase the total amount to be repaid because the student will be charged interest on a higher principal amount.

Direct PLUS Loan for Parent(s)
Parents of dependent students may apply for a Direct Parent Loan for Undergraduate Student (PLUS) to help pay their child's education expenses as long as certain eligibility requirements are met.

Direct PLUS Loan for Graduate and Professional Degree Students
Graduate and professional degree students can borrow a Direct PLUS loan to help cover education expenses.  The terms and conditions applicable to PLUS loans for parents also apply to PLUS loans for graduate and professional students.  These terms and conditions include: (1) a determination that you (the applicant) do not have an adverse credit history and (2) a fixed interest rate of 7.9 percent for Direct PLUS Loans.

For more information on federal and state aid programs, please reference the Consumer Information Guide located at http://www.phoenix.edu/about_us/regulatory/consumer-information.html.