WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Wendell Dwayne O'Neal, | No. CV-16-03888-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| United States of America Incorporated, et al., | |
| Defendants. | |

Pending before this Court are: Plaintiff's Motion for Recusal (Doc. 13), Plaintiff's Motion for Relief of Judgment (Doc. 17) and Plaintiff's Amended Complaint (Doc. 18). The Court rules on those motions as follows:

Plaintiff's Motion for Recusal (Doc. 13) is denied.[1]  To the extent that Plaintiff's motion is based on this Court's rulings either in this case, or previous cases brought by Plaintiff involving the same subject matter (and many of the same defendants), it provides no justification for recusal.  Disqualifying bias or prejudice must stem from something other than "information and beliefs" the judge "acquired while acting in his or

---

[1] Plaintiff's motion appears to request recusal due to an appearance of impropriety pursuant to 28 U.S.C. § 455. The Motion does not appear to be brought pursuant to 28 U.S.C. § 144, and in any event fails to comply with the strict requirements of that statute. Section 144 provides a statutory method for seeking recusal only on the basis of a federal district judge's personal bias and is triggered by the filing of "a timely and sufficient affidavit" setting forth the facts that would convince a reasonable person that the judge has a bias or prejudice.  28 U.S.C. § 144.  The affidavit must be "accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*  The affidavit and accompanying certificate are strictly construed for form, timeliness, and sufficiency. *United States v. Sykes,* 7 F.3d 1331, 1339 (7th Cir. 1993).  Plaintiff's motion is in compliance with none of these requirements.

her judicial capacity." *United States v. McTiernan,* 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Frias-Ramirez,* 670 F.2d 849, 853 n.6 (9th Cir. 1982)); *accord United States v. Wilkerson,* 208 F.3d 794, 799 (9th Cir. 2000). A judge's adverse rulings during the course of proceedings in which disqualification is sought, or in related proceedings, do not constitute a valid basis for the judge's disqualification. *Liteky v. United States,* 510 U.S. 540, 555 (1995); *In re Marshall,* 721 F.3d 1032, 1043 (9th Cir. 2013). Thus, Plaintiff's argument that he attempted to add this Court to a previous case involving the same subject matter when he alleges this Court made erroneous rulings is similarly unavailing. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him . . . ."); *see also Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to his case. That is arrant judge-shopping.").

Further, the Court's dismissal of Plaintiff's claims against two lawyers from the law firm of Osborn Maledon—Lynne C. Adams and Christina Rubalcava—provide no basis for recusal for the same reasons. In its last order, the Court dismissed these Defendants from this suit because Plaintiff had previously named Ms. Adams and Ms. Rubalcava as defendants in at least two previous lawsuits involving this same transaction. Both of those lawsuits were dismissed with prejudice. (*See* Doc. 12 at 3.) For similar reasons the Court dismissed with prejudice Plaintiff's claims as to Mark Booker, Sean Dunn, Lynnette Hauck, Apollo Ed. Group Inc., and the University of Phoenix Inc.

In addition, Plaintiff asks this Court to recuse because, some fourteen years ago, prior to this Court's departure from the practice of law in 2002, the undersigned practiced law at Osborn Maledon. At that time, neither Ms. Adams nor Ms. Rubalcava practiced law there. Plaintiff nevertheless asserts that it creates an appearance of impropriety for this Court to decide a lawsuit against members of a law firm it left more than fourteen years ago. Recusal is only appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

*Yagman v. Republic Ins.,* 987 F.2d 622, 626 (9th Cir. 1993). A reasonable person with knowledge of all the facts in this case would not conclude that the judge's impartiality might reasonably be questioned in this matter. Therefore, Plaintiff's motion for recusal is denied.

The Court further denies Plaintiff's Motion for Relief of Judgment (Doc. 17). The Court believes that Plaintiff's interlocutory appeal to the Ninth Circuit, (Doc. 14), of the same judgment from which the Plaintiff seeks further relief, (Doc. 17), deprives the Court of jurisdiction over the motion. To the extent that this Court has not lost jurisdiction over such matters, the motion is denied as lacking merit.

The Court does not believe, however, that the interlocutory appeal deprives the Court of jurisdiction over Plaintiff's Second Amended Complaint ("SAC"). (Doc. 18.) As previously mentioned, this lawsuit is based on the same subject matter as others previously filed by Plaintiff that have now been dismissed or are on appeal. Nevertheless, while the Court dismissed Plaintiff's claims as to the newly added Defendants—the United States of America, Inc., the U.S. Department of Education, U.S. Education Secretary Arne Duncan, Serena Amos, FedLoan Servicing Center and attorney Warren Stapleton—it allowed Plaintiff a chance to amend the claims as to those newly added defendants.[2] In response, Plaintiff filed his Second Amended Complaint ("SAC") on January 9, 2017.

Nevertheless, Plaintiff's SAC still fails to state any plausible claim against any of the remaining Defendants. Liberally interpreted, the SAC alleges that under its loan

---

[2] In dismissing the claims in the Amended Complaint the Court noted:

> There is nothing in his complaint that suggests that he [Plaintiff] has stated a federal cause of action for which there is a remaining private right of action, through § 1983 or otherwise. There is no federal common law conspiracy claim in which he holds a private right of action, and the remainder of Plaintiff's claims are state law claims. The Plaintiff in his amended complaint pleads no fact that would state claims against these individuals and entities.

(Doc. 12 at 4).

- 3 -

programs the United States allowed now-dismissed Defendant Apollo to certify the Plaintiff to receive a Stafford loan to pursue his education with Apollo institutions.[3] The SAC alleges that in certifying Plaintiff for the maximum loan amount under the Stafford loan program Apollo violated Department of Education regulations, and falsified his eligibility so that Plaintiff received a maximum Stafford loan which he subsequently was unable to service, and on which he ultimately defaulted, but which was ultimately discharged in a related proceeding in bankruptcy court.

Beginning in paragraph 40, Plaintiff alleges that because the United States allowed Apollo to certify Stafford loans, and because Education Secretary Arne Duncan was charged with properly supervising Title IV funding programs including disbursements under these programs, Secretary Duncan and the United States are liable for failing to prevent Apollo from wrongfully certifying Plaintiff's loan eligibility.

Similarly, the SAC alleges that Serena Amos was assigned by Secretary Duncan to investigate Plaintiff's complaint about Apollo's certification of a loan to him. It further alleges that Secretary Duncan was obliged to properly supervise and train Amos in her investigative function. Liberally read, the Complaint alleges that Amos was "not trained to ascertain any legal issues regarding Stafford loan overpayments," and, apparently, as a result, Amos, Secretary Duncan and the United States are liable to Plaintiff for negligence, gross negligence, reckless and wanton disregard against the Plaintiff's civil right to contract for a post-secondary education.

Both of these claims are frivolous,[4] and given the past history of such complaints already filed by Plaintiff are harassing. They are dismissed with prejudice. Further, the revised Count 1A asserts FCRA and FDCPA claims against the United States. This court

---

[3] To the extent that Plaintiff attempts to revive claims against Defendants that have already been dismissed with prejudice from this lawsuit, (*see* Doc. 12), that attempt is unavailing.

[4] A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff presents no facts plausibly suggesting that the United States, Amos or Secretary Duncan breached any duty owed to him. Nor is there any legal basis to support a civil right to contract for a post-secondary education.

can ascertain no FDCPA claims against any Defendant in the SAC.  Merely asserting that the Plaintiff has an FDCPA claim against the Defendants does not state such a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

The closest the SAC comes to alleging a FCRA claim is its allegation that Fedloan was a furnisher of information under the FCRA and had inaccurately reported to three credit reporting agencies that the Plaintiff owed $2052.00 in Stafford student loan debt. (Doc. 18 at 11.)  As a result, Plaintiff alleges that he has had credit applications denied. (*Id.* at 12 n. 24.)

Even assuming Fedloan was a furnisher of information under FCRA, the SAC does not state a cause of action under FCRA.  The statute gives no private right of action until the furnisher—in this case Fedloan—receives notice from a credit reporting agency that a consumer disputes the information it provided and the furnisher fails to take appropriate action as a result.  "[N]otice of a dispute received directly from the consumer does not trigger furnisher's duties under the statute." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153–54 (9th Cir. 2009).  In the absence of such a notice provided to the furnisher by a credit reporting agency, a furnisher has no obligations under the statute that give rise to a private right of action.  *Id.*  Plaintiff has made no such plausible allegations.

Still later the Complaint alleges that because the United States employed Fedloan for Stafford loan management and collection, the United States is liable for any of Fedloan's acts regarding the loss of personal funds Plaintiff should have obtained from the Deputy Trustee, apparently in his bankruptcy. (Doc. 18 at 17.)   There is no plausible allegation as to any distribution or credit he should have received from the Deputy Trustee in his bankruptcy that related to the allegedly discharged student loan debt.  But, in any event, relief sought for any alleged failure of distributions due in Plaintiff's already completed bankruptcy court action should be sought from the bankruptcy court, not this Court.  Additionally, the SAC's allegation that Mr. Stapleton along with Ms. Adams represented Apollo in the bankruptcy and failed to inform the Deputy Trustee that

a timely claim had been submitted by third-party creditors does not state a claim under a cognizable legal theory. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1151 (9th Cir. 2016) ("A dismissal under Rule 12(b)(6) may therefore be based on either the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.").

Plaintiff has twice amended his original complaint in this action. On Plaintiff's third attempt his complaint still fails to plausibly allege a claim against any defendant. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N.D. & S.D. v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal."). These claims are therefore dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Second Amended Complaint filed January 9, 2017 (Doc. 18) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Doc. 13) and Motion for Relief of Judgment (Doc. 17) are **denied**.

**IT IS FURTHER ORDERED** that all remaining Motions (Docs. 6, 10) are **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this matter.

Dated this 17th day of January, 2017.

Honorable G. Murray Snow
United States District Judge